UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | 5:21-CR-9 |
| BRETT DONAVAN BUSSEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR RETURN OF SEIZED PROPERTY AND RESPONSE
TO MOTION FOR ORDER ALLOWING THE GOVERNMENT TO
MAINTAIN CUSTODY OF SEIZED PROPERTY**

Brett Donovan Bussey, one of the defendants herein, files this, his

Motion for Return of Seized Property and Response to Motion for Order

Allowing the Government to Maintain Custody of Seized Property and shows

this Court the following:

### I. Procedural History

Mr. Bussey was indicted by sealed indictment on October 5, 2021. Doc

# 3.  He is charged with conspiracy to commit mail fraud in violation of 18

U.S.C. § 1349 (count 1), mail fraud in violation of 18 U.S.C. § 1341 (counts 4-

7), conspiracy to engage in forced labor in violation of 18 U.S.C. § 1594 (count

8), conspiracy to commit money laundering in violation of 18 U.S.C. §

1956(h) (count 53), and witness tampering in violation of 18 U.S.C. § 1512

(count 54).  The indictment contains a forfeiture allegation pursuant to 18

-1-

U.S.C. §§ 981(a)(1)(C), 982(a)(1), 1594(d) and 28 U.S.C. § 2461(c) seeking the forfeiture of property that facilitated the alleged offenses, was derived from the alleged offenses, or is substitute property. *Id.* p. 46-49.

Mr. Bussey had his Initial Appearance and Arraignment on November 18, 2021, doc # 60, the government moved for detention, and a detention hearing was scheduled for Tuesday, November 23, 2021. On November 22, 2021, appointed counsel, filed a Notice and Waiver of Detention Hearing. Doc # 88. The detention hearing was cancelled. Doc # 90. On December 1, 2021, Mr. Bussey was released on a $50,000 bond, with conditions. Doc. #166.

On November 23, 2021, the government filed a Motion for Order Allowing the government to Maintain Custody of Seized Property pursuant to 18 U.S.C. § 983(A)(3)(B)(ii)(II) (hereafter "Motion for Order").[1] Doc. # 98. This Court extended the time for Mr. Bussey to file a response to that Motion allowing him until Friday, December 17, 2021, to file his response. Doc. # 207. The government also filed a Bill of Particulars identifying property it claims is subject to forfeiture pursuant to the indictment. Doc. # 96.

---

[1] The government's intended citation is § 983(a)(3)(B)(ii)(II), but that code section applies to civil, not criminal forfeitures.

The Motion for Order requests that the government be permitted to maintain property of Mr. Bussey's, although the Motion for Order does not identify which property was seized from or owned by Mr. Bussey.  Mr. Bussey shows that his properties are:

- 2006 Toyota 4Runner , VIN JTEZU17R968043067,

- 2020 Nissan Altima, VIN 1N4BL4EVOLC128307,

- 2018 Ford F150 Super Crew, VIN 1FTEW1E57JF887539, and

- $4,638.72 in U.S. Currency.

Doc. # 98, p. 3-4.

At the time of his arrest and the seizure of his property, an inventory was left at Mr. Bussey's residence. That inventory is attached as Exhibit A. It references as item numbers E-8, E-9, E-10 & E-13 – cash (uncounted) and E-11 – money orders checks. Mr. Bussey has not had the benefit of discovery from the government and respectfully requests that he be permitted to supplement this Motion and Response upon receiving discovery related to these matters.

Mr. Bussey now files his Motion for Return of Seized Property and his Response to the Motion for Order as follows.

-3-

## II.     Argument and Citation of Authority.

## 1. Mr. Bussey Moves for the Return of his Seized Property

Mr. Bussey moves pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return for each of the items of property identified above. Pursuant to Rule 41(g) Mr. Bussey shows the Court the following:

1) He is the owner of the properties described above.

2) That he is being deprived of ownership of the properties by the government's seizure of the property.

3) That the Nissan was purchased within the last few months, and he just started making payments on the vehicle. That he has not yet made the payment on the vehicle this month.

4) That the Ford F150 was purchased approximately 3 years ago and that he still has 3 years of payments. That he made payment on the vehicle this month despite not being in possession of the car.

5) That the Toyota 4Runner was purchased in approximately 2014 and that he had almost completed paying for the vehicle before he left the employment of the State of Georgia on May 31, 2018.

6) That the cash and money orders seized were not used to facilitate criminal activity and were not the proceeds of criminal activity.

7) This Motion is properly before this Court because the indictment

-4-

with a forfeiture provision is pending in this Court.

## A. Argument and Citation of Authority

It is well-settled that the government cannot seize and restrain substitute assets prior to a conviction. See *United States v. Parrett*, 530 F.3d 422, 421 (6th Cir. 2008); *United States v. Riley*, 78 F.3d 367, 371 (8th Cir. 1996); *United States v. Chamberlain*, 868 F.3d 290 (4th Cir. 2017).

Here, the government has announced that it will be filing a motion to have this matter declared complex and the time for filing pretrial motions has already been extended to allow defendants 6 months to file pretrial motions. Doc. # 152. If that schedule holds true throughout the future of this case, Mr. Bussey will be deprived of his property that was not used to facilitate, nor was the proceeds of specified unlawful activity for a lengthy period of time before adjudication of his interests in the subject property. Therefore, the equities favor returning the property to Mr. Bussey.

## III. The Government's Motion for Order Should be Denied.

The government invokes 18 U.S.C. § 983(a)(3)(B)(ii)(II) for the proposition that the government must take the necessary steps to preserve its right to maintain custody of the seized property. Doc. # 98, p. 5, para. 5. However, Section 983 applies to civil forfeiture proceedings, not criminal forfeiture proceedings.

-5-

Although it is not clear from the government papers, whether the seizures from Mr. Bussey were with a warrant (they allege at page 3 of the Motion for Order that they conducted "search and seizure warrant[s] at various locations"), but then cite three non-binding district court opinions, contending that a "seizure warrant" is not required for the government to maintain custody of seized property. Doc. # 98, p. 5-6.

The government's citation to *In re One 2000 White Mercedes ML320*, 220 F.Supp.2d 1322 (M.D. Fla. 2001), supports the denial of the government's Motion for Order. In that case the government had seized the Mercedes pursuant to civil seizure warrants and moved pursuant to 21 U.S.C. § 853 (f) for a seizure warrant. The Magistrate Judge concluded, and the district court upheld on appeal that "under the plain terms of § 853 (f), issuance of a seizure warrant must be predicated on a determination that an order under Section § 853(e) may not suffice." *Id.* at 1324.

That is because the statutory framework for post-indictment forfeitures is set out in 21 U.S.C. § 853. Subsection (f) provides that the government may request the issuance of a seizure warrant and that if

> "the court determines that there is probable cause to believe
>
> that the property to be seized would in the event of conviction
>
> be subject to forfeiture, and that an order under subsection (e)

> may not be sufficient to assure the availability of the property
> for forfeiture, the court shall issue a warrant authorizing the
> seizure of such property."

Section (e)(1) of that statute provides that upon application of the United States the court may enter a restraining order, injunction, bond, or "take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section . . ."  In the *Mercedes* case, the government there made no showing why a restraining order, or injunction was not sufficient to assure the availability of the property. 220 F.Supp. 2d at 1325-26. And, in *United States v. Mann*, 140 F.Supp.3d 513, 530-21 (E.D.N.C. 2015), the court noted that the remedy of obtaining a seizure warrant only applies if the court finds that the relief under subsection (e) is not sufficient.

Here, the government's Motion for Order is simply an end run around the procedures set out in Title 21 allowing it to seize and maintain the assets of Mr. Bussey without the protections outlined in Subsection (f) of the statute. The heading of 21 U.S.C. 853 (e) is "Protective Orders." The remedies found therein are restraining orders, injunctions, bonds, or other orders to preserve the property. However, what the government seeks is essentially a seizure order only authorized in Subsection (f).

-7-

As to the cash and two money orders seized from Mr. Bussey - $4,638.72, doc. # 98, p. 3-4, the government may not simply retain currency for forfeiture without seeking a protective order under 21 U.S.C. § 853(e), or a seizure warrant under 21 U.S.C. § 853(f). *United States v. $16,072.00 in U.S. Currency*, 374 F.Supp. 3d 205, 208-09 (S.D.N.Y. 2019).

Mr. Bussey respectfully requests that this Court deny the government's Motion for Order.

WHEREFORE, Brett Bussey respectfully requests that this Court convene a hearing and grant his Motion for Return of Seized Property and deny the government's Motion for Order.

Respectfully submitted, this the 17th day of December, 2021.

GILLEN, WITHERS & LAKE, LLC

*/s/ Thomas A. Withers, Esq.*
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Defendant Brett Donovan Bussey

8 E. Liberty St
Savannah, Ga. 31401
(912) 447-8400
E-Mail: Twithers@gwllawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated  as a result of electronic filing in this court.

This the 17th day of December, 2021.

Gillen, Withers & Lake, LLC

**_s/ Thomas A. Withers, Esq._**
**Thomas A. Withers, Esq.**
**Georgia Bar Number: 772250**
**Attorney for Defendant Brett Donovan Bussey**

**8 East Liberty Street**
**Savannah, Georgia 31401**
**Telephone:  (912) 447-8400**
**E-Mail: Twithers@gwllawfirm.com**