UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | INDICTMENT NUMBER: |
| ) | 5:21-CR-9 |
| BRETT DONAVAN BUSSEY, ) | |
| ) | |
| Defendant. ) | |

## SUR-REPLY TO GOVERNMENT'S MOTION FOR ORDER ALLOWING THE GOVERNMENT TO MAINTAIN CUSTODY OF SEIZED PROPERTY

Brett Donovan Bussey, one of the defendants herein, files this, his Sur-reply to the Government's Motion for Order Allowing the Government to Maintain Custody of Seized Property, doc # 263, and shows this Court the following:

### 1. Statement of Facts and Procedural History

The government originally seized the following property from Mr. Bussey at the time of his arrest on November 17, 2021:

- 2006 Toyota 4Runner , VIN JTEZU17R968043067,
- 2020 Nissan Altima, VIN 1N4BL4EVOLC128307,
- 2018 Ford F150 Super Crew, VIN 1FTEW1E57JF887539, and
- $4,638.72 in U.S. Currency.

See, Doc # 235, p. 3.

The government filed a motion for an order to maintain custody of those properties. Doc. # 98, p. 3-4. Mr. Bussey filed a response in opposition. Doc 235. The government has now filed their Reply. Doc # 263.[1] The government concedes that they have now declined forfeiture of the 2006 Toyota 4Runner and the 2020 Nissan Altima. Doc # 263, p. 2. Mr. Bussey has yet to have that property returned to him.[2]

The property now at issue is the 2018 Ford F150 and the $4,638.72 of United States currency. As for the currency seized from Mr. Bussey, it is impossible to tell from the inventory where the $4,638.72 came from, nor does the government's Reply shed light on that issue.

## 2. Argument and Citation of Authority

The government's Reply fails to address the infirmities in its original filing raised in Mr. Bussey's Response.

The government again invokes 18 U.S.C. § 983(a)(3)(B)(ii)(II) for the proposition that the government must take the necessary steps to preserve its right to maintain custody of the seized property. Doc. # 263, p. 2.

---

[1] Mr. Bussey originally filed his Motion for Return of Seized Property in the same document as his Response the government's Motion for Order. The government filed a separate response to the Motion for Return of Seized Property, doc # 277. Mr. Bussey will file a separate Reply to that response.

[2] Mr. Bussey learned this week that the government seized more that $23,000 in currency from his business checking account last month. He will be filing appropriate motions regarding that property.

However, Section 983 applies to civil forfeiture proceedings, not criminal forfeiture proceedings. The statute provides, "If criminal forfeiture is the only forfeiture proceeding commenced by the government, the government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(c). Therefore, the government's repeated citation to Section 983 is inapplicable.

The government also argues that the seizure of the subject properties was authorized by issuance of a federal search and seizure warrant. Doc # 263, p. 1-2. The government has not explained whether the seizure warrant was civil or criminal, and their response only muddles the issues presented in the original motion. Defense counsel has not been provided a copy of the seizure warrant for the subject properties and requests that the government produce that application and warrant.

The government argues in conclusory fashion that the requisite nexus exists between the charged offenses and the assets to establish their forfeitability, and that they are needed for evidentiary purposes. Doc. # 263, p. 2.

If the government's continued possession of property is based on its evidentiary value, the government must seek an alternative basis to maintain possession when the evidentiary value evaporates. *United States v. Mann*,

140 Supp. 3d 513, 534 (E.D.N.C. 2015) (finding that once the government transferred seized currency to the U.S. Marshal's Service, who obtained a check, which was then deposited, then the cash lost its evidentiary value, and the government should have sought a protective Order pursuant to 21 U.S.C. § 853(e)(1)(A)).

This Court should determine whether the seized property has evidentiary value as a continued basis for government possession and whether the government's contention about the nexus between criminal activity and the property was established by the warrant.

The government failed to address in its papers the fact that the *In re One 2000 White Mercedes ML320,* 220 F.Supp.2d 1322 (M.D. Fla. 2001), case which they originally cited fails to support their Motion for Order. In that case the court held that "under the plain terms of § 853 (f), issuance of a seizure warrant must be predicated on a determination that an order under Section § 853(e) may not suffice." *Id.* at 1324.

The government also fails to address why a restraining order, or injunction would not suffice to assure the availability of the property. Nor does the government address Mr. Bussey's contention that the cash and money orders seized from Mr. Bussey - $4,638.72 cannot be held without

-4-

seeking a protective order under 21 U.S.C. § 853(e), or a seizure warrant under 21 U.S.C. § 853(f).  See *United States v. $16,072.00 in U.S. Currency*, 374 F.Supp. 3d 205, 208-09 (S.D.N.Y. 2019).

Forfeitures are not favored and strict compliance with the law must be required. *United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1547 (11th Cir. 1987).

Mr. Bussey, therefore, respectfully requests:

a) that this Court deny the government's Motion for Order;

b) That this Court Order the government to produce to defense counsel any seizure application and warrant to the subject properties and any other property of Mr. Bussey;

c) that this Court enter an Order directing the government to return to him forthwith the following properties:

- 2006 Toyota 4Runner , VIN JTEZU17R968043067;

- 2020 Nissan Altima, VIN 1N4BL4EVOLC128307; and

d) that this Court convene a hearing on these matters.

Respectfully submitted, this the 21st day of January, 2022.

        GILLEN, WITHERS & LAKE, LLC

        ***/s/ Thomas A. Withers, Esq.***
        Thomas A. Withers, Esq.
        Georgia Bar Number: 772250
        Attorney for Defendant Brett Donovan Bussey

8 E. Liberty St
Savannah, Ga. 31401
(912) 447-8400
E-Mail: Twithers@gwllawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This the 21st day of January, 2022.

                Gillen, Withers & Lake, LLC

                ***s/ Thomas A. Withers, Esq.***
                Thomas A. Withers, Esq.
                Georgia Bar Number: 772250
                Attorney for Defendant Brett Donovan Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
E-Mail: Twithers@gwllawfirm.com