UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | 5:21-CR-009 |
| BRETT DONAVAN BUSSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT BRETT D. BUSSEY'S MOTION FOR DISCOVERY AND INSPECTION

COMES NOW the defendant, BRETT D. BUSSEY, by and through his undersigned counsel, and files this his Motion for Discovery and Inspection and moves this Court pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §§ 3432 and 3500, Local Rule 16.1 of the Southern District of Georgia, and the Fifth, Sixth and Eighth Amendments to the United States Constitution for an Order requiring the government to provide the following information and permit counsel to inspect and copy the following:

NOTE A.   For the purpose of this motion the designation of "government" shall include the U.S. Department of Justice attorneys and agents for the Department of Labor (DOL), and all other Federal and State investigative agencies, sheriff or police departments.

1

NOTE B.   For the purpose of this motion each request herein shall include all matters, documents, records, objects, or information, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.  "While Rule 16(a) only applies to materials within the 'possession, custody, or control of the government,' courts have found that the 'possession, custody, or control of the government' requirement includes materials in the hands of a governmental investigatory agency closely connected to the prosecutor." *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003) (quoting *United States v. Scruggs,* 583 F.2d 238, 242 (5th Cir.1978)).

NOTE C.   This motion should also include materials in the possession, custody, or control of any agency that participated in this investigation and includes out-of-district documents to which the attorney for the government has access. *See United States v. Bryan*, 868 F.2d 1032, 1036-37 (9th Cir. 1989) (vacating defendant's sentence where prosecution failed to produce out-of-district documents or to determine whether any of the documents were material); *United States v. Poindexter,* 727 F.Supp. 1470, 1477 (D.D.C.1989) (requiring Rule 16 production of documents within hands of federal prosecutor, any investigative unit under prosecutor's control and other federal agencies "allied with the prosecution").

"[A] defendant has virtually [a]n absolute right to discovery of the materials listed in [Federal Rule of Criminal Procedure] 16(a)…" *United States v. White*, 50 F.R.D. 70, 72 (N.D.Ga. 1970). As the Advisory Committee has recognized in its Notes to Rule 16, "broad discovery contributes to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at the trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence." Fed.R.Crim.P. 16, Notes (1974 Amends.); *accord United States v. Thevis*, 84 F.R.D. 47 (N.D.Ga. 1979). "For production purposes, it need only appear that the evidence is relevant, competent, and outside of any exclusionary rule..." *Gordon v. United States*, 344 U.S. 414, 420, 73 S.Ct. 369 (1953).

**A.    STATEMENTS/WAIVERS BY DEFENDANT**

   **I.    Written Statements**

1. Any and all relevant written or recorded statements made by any of the defendants, that are within the Government's possession, custody, or control and which the attorney for the Government knows, or through the exercise of due diligence could know, exists; and any and all portions of any written records containing the substance of any relevant oral statements made by the defendants,

before or after arrest, in response to interrogation by a government agent; and any and all recorded testimony of the defendants, before a grand jury relating to the charged offense. Fed.R.Crim.P. 16(a)(1)(B); Local Rule 16.1(a) & (c). *See United States v. Yunis*, 867 F.2d 617, 621-22 (D.C.Cir. 1989) ("[T]he production of a defendant's statements has become 'practically a matter of right even without a showing of materiality'") (citing *United States v. Haldeman,* 559 F.2d 31, 74 n. 80 (D.C.Cir. 1976)). Written statements by the defendants to third parties are also covered by the requests of this section. *See United States v. Matthews*, 20 F.3d 538, 550 (2d Cir. 1994) ("[s]tatements covered by Rule 16(a)(1)(A) include written correspondence to third persons that come into the possession of the government") (citing *United States v. Caldwell,* 543 F.2d 1333, 1352-53 (D.C.Cir.1974); *United States v. Bailleaux,* 685 F.2d 1105, 1113 (9th Cir.1982)).

## II.     Oral Statements

2.      All oral statements by the defendants, which, if they were written or recorded statements, would be requested in paragraph one, including, but not limited to, all statements (whether inculpatory or exculpatory) known by the government, or available by the exercise of due diligence. Fed.R.Crim.P. 16(a)(1)(A); Local Rule 16.1(a) and (c); *United States v. McElroy*, 697 F.2d 459 (2nd Cir. 1982). This request includes statements to any government informants or alleged victims. *See United*

4

*States v. Sherwood*, 527 F.Supp. 1001, 1003 (W.D.N.Y. 1981) ("statements unwittingly made to government informants or to intended victims that had secured the cooperation of the police are clearly discoverable under rule 16(a)(1)") (citing *United States v. Grammatikos*, 633 F.2d 1013, 1019 (2d Cir. 1980); *United States v. Bufalino*, 576 F.2d 446, 449 (2d Cir. 1978); *United States v. Miranda*, 526 F.2d 1319, 1327 (2d Cir. 1975)). Any rough notes of a defendant's oral statements are also required to be produced. *See United States v. Almohandis*, 307 F.Supp.2d 253, 257 (D.Mass. 2004).

**III.   Waivers**

3.    All waivers or communications of the defendants, in any form, that are purported to be a waiver of their legal or constitutional rights, including the date, time, and place of any such communication or waiver. Fed.R.Crim.P. 16(a)(1)(A).

4.    Produce all waiver forms, warnings, cautions or instructions that were communicated to the defendants, in any form in connection with any written or oral statement, or communication at any interview or interrogation. Fed.R.Crim.P. 16(a)(1)(A).

**IV.   Invocation of Rights**

5.    Produce in writing and/or provide copies of all written or oral statements, or communications of any kind of the defendants, during any interview or contact

5

described in paragraphs one through four (1-4) by or through which the defendants: (a) indicated that they did not wish to, or would not, respond to any question, direction, or communication; or (b) they failed to respond to any question, direction, or communication.

### B.   STATEMENTS BY CO-DEFENDANTS/CO-CONSPIRATORS

### I.   Written Statements

6.   Provide the same information requested in paragraphs 1 for any written or recorded statements made by any co-defendant or alleged co-conspirator whether indicted or not. Fed.R.Crim.P. 26.2. *See United States v. Murgas*, 967 F.Supp. 695, 713 (N.D.N.Y. 1997) ("under a broad reading of Rule 16, statements of coconspirators made during the course of and in furtherance of a conspiracy that are attributable to a defendant are discoverable by that defendant") (citing *United States v. Konefal,* 566 F.Supp. 698, 706-07 (N.D.N.Y.1983)); *United States v. Madeoy,* 652 F.Supp. 371, 375 (D.D.C. 1987) ("it is… relatively well established that statements of co-conspirators whom the government does not intend to call as witnesses at trial are discoverable in advance under Fed.R.Crim.P. 16") (citing *United States v. Jackson,* 757 F.2d 1486, 1491 (4th Cir.); *United States v. Turkish,* 458 F.Supp. 874,

882 (S.D.N.Y.1978); *United States v. McMillen,* 489 F.2d 229, 231 (7th Cir.1972); 2 C. Wright, *Federal Practice and Procedure: Criminal* 2d § 253, at 50 (1982)).

## II.   Oral Statements

7.   Provide the same information as requested in paragraph 2 for any oral statements by any co-defendant or alleged co-conspirator whether or not the statements were written or recorded. Fed.R.Crim.P.26.2; *see also United States v. Thevis* 474 F.Supp. 117, 125 (N.D. Ga. 1979); *Thevis*, 84 F.R.D. at 56-57; *United States v. Angello*, 367 F.Supp. 444 (E.D. N.Y. 1973); *Turkish*, 458 F. Supp. at 882.

## III.   Co-Conspirator Hearsay

8.   Describe specifically each statement which will be tendered for admission as an alleged co-conspirator hearsay exception pursuant to Fed. Rule Evid. 810(d)(2)(E). Defendants' requests for co-conspirator or witness statements herein further include any statements by any persons who were personally involved in the alleged conduct or who were legally able to bind any of the corporate defendants as a result of the witness' position as a director, officer, employee, or agent. *See* Fed.R.Crim.P. 16 (a)(1)(C); *United States v. White Ready-Mix Concrete Co.*, 449 F.Supp. 808, 810 (D.C.Ohio 1978) (citing *United States v. Tobin Packing Co.*, Inc., 362 F.Supp. 1127 (N.D.N.Y.1973); *United States v. Bally Manufacturing Corporation*, 345 F.Supp. 410 (E.D.La. 1972); *United States v. Deardorff*, 343

7

F.Supp. 1033 (S.D.N.Y. 1971)); *United States v. Young & Rubicam, Inc.*, 741 F.Supp. 334 (D.Conn 1990).

C.   PHYSICAL EVIDENCE

**I.   From Defendant**

9.   Copies of any and all books, papers, emails, text messages, or other electronic communications, documents, data, photographs, tangible objects and/or any copies or portions of the foregoing items within the government's possession, custody, or control, and which are either (1) material to preparing the defense, (2) items which the Government intends to use in its case-in-chief at trial, and/or (3) items which were obtained from, or belong to the defendants. Fed.R.Crim.P. 16(a)(1)(E); Local Rule 16.1(d). *See United States v. George*, 786 F.Supp. 11, 13 (D.D.C. 1991) (holding that documents and evidence required to be produced "need not directly relate to the defendant's guilt or innocence… [but] simply must 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony or assisting impeachment or rebuttal'") (quoting *United States v. Felt,* 491 F.Supp. 179, 186 (D.D.C.1979)). Any electronic or computerized information is also included within the scope of the requests in this section. *See United States v. Hill*, 322 F.Supp.2d 1081, 1091 (C.D.Cal. 2004).

10.     Copies of all books, papers, documents, data, photographs, or tangible objects seized from the defendants, or seized from any place purported to belong to the defendants, at any time in connection with these charges. Fed.R.Crim.P. 12(b)(4)(B), 16(a)(1)(E) and Local Rule 16.1(d). *See United States v. Countryside Farms, Inc.*, 428 F.Supp. 1150, 1155 (D.C.Utah 1977) (holding that disclosure of documents and tangible things is not limited to documents or things which are material, or which the government intends to use in its case-in-chief at trial, but include "documentary or tangible evidence obtained from or belonging to a defendant, a defendant's agents, employees or consultants"). Statements of defendants and witnesses also constitute "tangible" things which are discoverable pursuant to Rule 16. *See United States v. Marshak*, 364 F.Supp. 1005, 1007-08 (S.D. N.Y. 1973).

**II.     From Co-Defendants/Co-Conspirators**

11.     All physical objects, substances, or materials, seized from or allegedly belonging to any co-defendant or alleged co-conspirator. Fed.R.Crim.P. 16(a)(1)(E).

**III.    Warrants**

12.     Produce any search, or arrest warrants and supporting affidavits filed against the defendant, or any co-defendant.

**IV.    Photographs, Objects or Documents**

9

13. Produce all books, papers, emails, text messages, or other electronic communications, documents or tangible objects or copies or portions thereof, that are in the possession, custody or control of the United States which have any evidentiary value in regard to the guilt or innocence or the sentence of the defendants, or which may lead to such evidence or which the United States is retaining for potential use in evidence at any trial or hearing of this case. Fed.R.Crim.P. 16(a)(1)(E).

**V.  Demonstrative Exhibits**

14. Produce copies of any maps, sketches, diagrams relating to the alleged charges in the possession of the Assistant United States Attorney or his agents, including any law enforcement agency, which the AUSA intends to offer in evidence or which he is retaining for potential use in evidence at any trial or hearing in this case.

**VI.  Audio/Video Tapes**

15. Produce a copy of any and all audio or video surveillance tapes made during the course of this investigation involving the defendant, any co-defendant or co-conspirator or any other person in connection with the charged crimes identifying the date, time and place of the audio or video recording and the name of any and all law enforcement officers who monitored or engineered or were responsible for said

recordings. *See United States v. James*, 495 F.2d 434 (5th Cir. 1974); *Caldwell,* 543 F.2d at 1351-53; *United States v. Layton,* 564 F.Supp. 1391 (D.Oregon 1983).

## VII. All Physical Evidence for Testing

16. Copies of any and all results and/or reports of any physical or mental examinations and/or any scientific tests or experiments which results and/or reports the attorney for the Government knows, or through the exercise of due diligence could know, exist, and are within the Government's possession, custody, or control. Fed.R.Crim.P. 16(a)(1)(F); Local Rule 16.1(b).

17. Produce for inspection and testing all physical evidence obtained in connection with the investigation of this case. List, describe and produce for inspection all physical evidence obtained in connection with the investigation of this case that is known, or could be known by the exercise of diligence, to be in the possession of the United States or its agents, including any law enforcement agency, that has not previously been specifically described. Fed.R.Crim.P. 16(a)(F); Local Rule 16.1(d).

## VIII. Destruction of Evidence

18. State whether any item, object or property seized from any of the above-mentioned places has been disposed of. Specify the exact date and method of disposal and the person responsible for disposal.

## D.    SCIENTIFIC REPORTS

19. Produce copies of all data, results, records or reports of physical or mental examinations and of scientific tests or experiments made in connection with the alleged crimes (regardless of whether the results were conclusive or inconclusive) that are known or through the exercise of due diligence should be or may become known by the United States to be in the possession, custody or control of the United States or in the possession of any person involved with the investigation, preparation or presentation of this prosecution. *See United States v. Taylor*, 707 F.Supp. 696, 702 (S.D.N.Y. 1989). This includes but is not limited to:

**a) from defendant, co-defendant/co-conspirators:** Reports and notes and all other papers, photographs, slides, videos, specimens, and objects relating to scientific examination of any item or substance seized from the defendant's or co-defendant's/co-conspirator's, alleged places of business, purported to belong to the defendants or to any other person investigated in connection with this case;

**b) from victims, witnesses or others:** Records, and reports produced in connection with this investigation or which may be used in evidence by the prosecuting attorney;

**c) fingerprints:** Records, reports and results, whether negative, positive or inconclusive, relating to *any* attempt to obtain fingerprints in connection with the alleged crimes. State the name, address and phone number of each person who

attempted to obtain fingerprints and the location or subject matter of such attempt, and state the results of each attempt. Attach copies of all laboratory reports, whether positive or negative, conclusive or inconclusive;

**d) polygraph:** Reports, memoranda, charts, tape recordings of any "lie detector" or "polygraph" test administered to the defendant or any co-defendant/co-conspirator or other person in connection with this case. State the name, address and phone number of the polygraph test operator and a copy of any pre-or post-test interview. Attach any written report indicating the results of any such test whether conclusive or inconclusive. Reduce to writing and provide any oral opinion or result of any polygraph examiner or test or any pre-or post-test interviews not previously reduced to writing; and

**e) chain of custody:** The specific information requested in paragraphs 21 "a" through "d" regarding scientific data, reports, records or results, including the names, addresses, telephone numbers of any persons involved in obtaining, transferring, testing or analyzing physical objects or samples collected in the investigation of the alleged crimes, involving any item or any person not already mentioned. Fed.R.Crim.P. 16(a)(1)(F), Local Rule 16.1(b).

E.   **WITNESSES**

I.   **Informants**

20. Produce information concerning any informant or cooperating source who provided information to the government or government agents concerning the charged crimes. *See United States v. Barrentine*, 591 F.2d. 1069, 1077 (5th Cir. 1979); *Thevis*, 474 F.Supp. at 125; *United States v. Hubbard*, 474 F.Supp. 64, 81 (D.D.C. 1979); *United States v. Mannino*, 480 F.Supp. 1182 (S.D.N.Y. 1979). "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro v. United States*, 353 U.S. 53, 62-62, 77 S.Ct. 623 (1953).

## II.   Interviews

21. List the name, address, and phone number of each person who has knowledge of the charged offenses or knowledge pertaining to this case or who has been interviewed by the United States or any of its representatives or any police department or any law enforcement agency or interviewed by anyone else known or knowable through due diligence by the United States and its agents, in connection with this case.

## III.   Investigative Reports

22.   Attach copies of all reports, records, investigative letters, or memoranda made by any representative of any law enforcement authority, including the Federal

Bureau of Investigation (FBI) and Department of Labor (DOL) all other Federal and State investigative agencies in connection with the investigation of the charged offenses.

### IV.     Written Statements

23.     Provide copies of all written statements, whether inculpatory or exculpatory, relevant in any way to the alleged crimes, made by any person, witness or potential witness in connection with the charged offenses in the possession of the United States or any other responsible person. 18 U.S.C. § 3500.

### V.      Expert Witnesses

24.     Produce for inspection and copying a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Criminal Procedure during its case-in-chief at trial, including the witnesses's opinions, the bases and reasons for those opinions (including whether the witness has relied upon any interviews of either testifying, or non-testifying witnesses); *Crawford v. Washington*, 541 U.S. 36 (2004)(out of court statements of a witness are barred by the Confrontation Clause unless the witness is unavailable and the defendants had the prior opportunity to conduct cross-examination), as well as the witnesses qualifications. Fed.R.Crim.P.16(a)(1)(G). Expert witnesses for the purpose of this request includes any law enforcement officers who might testify

15

regarding their opinions. *See United States v. Griffin*. 324 F.3d 330, 349 (5th Cir. 2003) (unequivocally condemning the practice of overview testimony from law enforcement officials); *United States v. Rodriguez*, 363 F.3d 187, 194 (2nd Cir. 2004) (law enforcement officials possess an "'aura of special reliability and trustworthiness ... which ought to caution its use.'"); quoting *United States v. Dukagjini*, 326 F.3d 45, 53 (2nd Cir. 2003); *United States v. Casas*, 356 F.3d 104 (1st Cir. 2004) (cautioning against the use of opinions testimony by law enforcement officers about what their "investigations" revealed because it effectively allows the presentation of hearsay from non-testifying witnesses). Furthermore, "[m]aterials relevant to opposing expert testimony involving analysis of evidence fall clearly and squarely within Fed.R.Cr.P. 16(a)(1)(C) if readily available." *United States v. Zanfordino*, 833 F.Supp. 429, 432 (S.D.N.Y. 1993).

**WHEREFORE**, the defendant respectfully requests that this Court grant this Motion for Discovery and Inspection and the relief and information requested by a date certain.

Respectfully submitted this the 31st day of January, 2022.

*s/ Thomas A. Withers, Esq.*
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Defendant Brett D. Bussey

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Facsimile: (912) 629-6347
E-Mail: Twithers@gwllawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This the 31st day of January, 2022.

*s/ Thomas A. Withers, Esq.*
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Defendant Brett D. Bussey

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
Facsimile:   (912) 629-6347
E-Mail: Twithers@gwllawfirm.com