## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

UNITED STATES OF AMERICA,

     v.

MARIA LETICIA PATRICIO,
DANIEL MENDOZA,
NERY RENE CARRILLO-NAJARRO,
ANTONIO CHAVEZ RAMOS,
JC LONGORIA CASTRO,
ERIQUE DUQUE TOVAR,
CHARLES MICHAEL KING,
STANLEY NEAL MCGAULEY,
LUIS ALBERTO MARTINEZ,
DELIA IBARRA ROJAS,
JUANA IBARRA CARRILLO,
DONNA MICHELLE ROJAS,
MARGARITA ROJAS CARDENAS,
JUAN FRANCISCO ALVAREZ CAMPOS,
ROSALVA GARCIA MARTINEZ,
ESTHER IBARRA GARCIA,
BRETT DONOVAN BUSSEY,
LINDA JEAN FACUNDO,
GUMARA CANELA,
DANIEL MERARI CANELA DIAZ,
CARLA YVONNE SALINAS,

          Defendants.

CASE NO.: 5:21-cr-9

**O R D E R**

This matter is before the Court on the Government's Motion for an Order Allowing the

Government to Maintain Custody of Seized Property.  Doc. 98.  In its Motion, the Government

asks the Court to issue an order confirming the Government is permitted to maintain custody of

certain seized property while this case is pending.  The Government's Motion does not seek a

ruling on the propriety of the initial seizure or on the issue of forfeiture—the Motion is limited

only to custody.  Moreover, the Government contends the seized property is proceeds, contraband, or used in the commission of the crimes with which Defendants are charged.  That is, the property is not substitute goods.  Many Defendants filed responses, suggesting they might contest the seizure and forfeiture of their property at some other time, but expressing no opposition to the Government maintaining custody of their seized property during the pendency of the case.  Docs. 218, 221, 223, 226–32, 234, 237, 242, 252, 280, 282.  As explained further below, only Defendant Brett Donovan Bussey opposes the Government's Motion.  Accordingly, for all Defendants other than Defendant Bussey, the Government's Motion is **GRANTED as unopposed**.

Unlike the other Defendants, Defendant Bussey opposes the Government's request to maintain custody of the property during the pendency of the proceedings.  Doc. 235.  Defendant Bussey filed a "Motion for Return of Seized Property and Response to Motion for Order Allowing the Government to Maintain Custody of Seized Property," which constitutes both a response in opposition to the Government's Motion and Bussey's own cross-motion.  Doc. 236.  Defendant Bussey does not directly challenge the initial seizure of his property as unlawful or seek any ruling on the issue of forfeiture, but, instead, seeks return of property currently held in the Government's custody.  In other words, both the Government's Motion and Defendant Bussey's cross-Motion concern only ongoing custody of Defendant Bussey's property, not seizure or forfeiture.  This issue is now fully briefed.  Docs. 98, 235, 236, 263, 277, 286, 289.  The Court held a hearing on this matter on March 2, 2022.  Doc. 333.  Defendant Bussey, Defendant's counsel, and counsel for the Government appeared at the hearing, and the parties provided additional argument and evidence.  Id.; Doc. 334.  The matter is now ripe for consideration.

2

After consideration of the entire record, including the parties' written submissions and oral arguments, the Court **GRANTS** the portion of the Government's Motion for an Order Allowing the Government to Maintain Custody of Seized Property related to Defendant Bussey's property, doc. 98, and **DENIES** Defendant Bussey's Motion for Return of Property Pretrial, doc. 236. The Government is permitted to maintain custody of the seized assets described below during the pendency of this case, including during any criminal forfeiture proceedings that may follow.

## BACKGROUND

This matter concerns a criminal investigation of Defendant Bussey (and other Defendants) and seizure of Bussey's property as part of that ongoing criminal investigation. On October 5, 2021, a federal grand jury indicted Defendant Bussey on felony charges. Doc. 3. Included in the indictment is a criminal forfeiture allegation against Defendant Bussey. Id. at 46. The seizure of his property—three vehicles and approximately $4,000—occurred pursuant to a warrant authorizing seizure under both the civil and criminal forfeiture statutes. The property was seized on November 17, 2021. Doc. 98 at 3–4; Doc. 235 at 2. However, the Government has declined to seek forfeiture on two of the vehicles. Doc. 335. Thus, the Government now seeks an order confirming it can maintain custody of Defendant Bussey's remaining vehicle, a Ford F-150, and other seized property. Doc. 98. The Government explains it is choosing to pursue criminal forfeiture and is moving under 18 U.S.C. § 983(a)(3)(B)(ii)(II) for a "housekeeping" order allowing it to maintain custody of the property during the proceedings. Id. at 5–7. Defendant Bussey opposes the Government's Motion and has filed his own Motion for the Return of the Property. Docs. 235, 236. Additionally, Defendant moves under Federal Rules of Criminal Procedure 41(g) for the return of the property. Doc. 236.

**DISCUSSION**

**I.      The Government May Retain Custody of the Property Under § 983**

Here, the Government seized the property in accordance with a validly issued dual-purpose seizure warrant.  Doc. 334 at 159–58, 173.  The Government has moved under 18 U.S.C. § 983(a)(3)(B)(ii)(II) for an order allowing it to maintain custody of the property.[1]  Doc. 98.  Essentially, Defendant Bussey argues the Government cannot use § 983 to maintain custody because it is a *civil* forfeiture statute and the Government is pursuing *criminal* forfeiture.  Doc. 235.  Defendant asserts that if the Government wishes to maintain custody of his assets, it must move under 21 U.S.C. § 853(f), but the Government cannot make the showing required for an issuance of an order under § 853(f).  Id.

Defendant Bussey is correct § 983 contemplates the procedures for civil forfeiture, but it also provides procedures related to criminal forfeiture.  See, e.g., 18 U.S.C. §§ 983(a)(1)(A)(iii)(II), (a)(3)(B)(ii)(II), & (a)(3)(C).  Specifically, § 983(a)(3)(B)(ii)(II) states the Government must return seized property unless the Government obtains an indictment containing a forfeiture allegation and takes the steps necessary to preserve its right to maintain the property as provided in the applicable criminal forfeiture statute—in this case 21 U.S.C. § 853.  The Government must do this—obtaining the indictment and taking the "steps necessary"—before the time for filing a civil complaint for forfeiture has expired.  Other courts recognize the interaction between § 983 and the applicable criminal forfeiture statute.  In re 2000 White Mercedes, 174 F. Supp. 2d 1268, 1269–70 (M.D. Fla. 2001); United States v. Martin, 460 F. Supp. 2d 669, 675–78 (D. Md. 2006).  Thus, the Court must determine: (1) if an appropriate

---

[1]      The warrant application and warrant were provided as an exhibit at the hearing, but the exhibit remains under seal given the ongoing criminal proceedings.

indictment has been filed; (2) if the time for the Government to file a civil complaint for forfeiture has expired; and (3) whether the Government has taken the "steps necessary" to preserve its right to maintain custody of the property.

Several important facts here are undisputed.  First, it is undisputed the Government has obtained a criminal indictment containing a forfeiture allegation for the subject property.  Doc. 3 at 46.  Regarding the time to file a complaint for forfeiture, such a complaint must be filed within 90 days after a claim has been filed.  18 U.S.C. § 983(a)(3)(A).  An individual who has an interest in the seized property under the civil forfeiture statute may file a claim with the "appropriate official."  18 U.S.C. § 983(a)(2)(A).  A claim must identify the specific property at issue, state the claimant's interest in the property, and be declared to under penalty of perjury. 18 U.S.C. § 983(a)(2)(C).  Here, no claim has been filed.  As a result, the 90-day clock has not started, and the Government's time for filing a complaint for forfeiture has not expired.

Second, the parties do not dispute the Government currently has possession of the property and has maintained possession of that property since the execution of the warrant.  The Government contends that by filing the instant Motion—which seeks issuance of a "housekeeping" order under § 853(e)—it took the "steps necessary" to preserve it right to maintain custody under § 983.  Section 853(e) empowers the Court to "enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property . . . forfeiture."  21 U.S.C. § 853(e)(1).  The "any other action" portion of § 853(e)(1) allows for the Court to issue what is often referred to as a "housekeeping" order , which permits the Government to maintain possession of the property

pending resolution of criminal and forfeiture proceedings.[2]  United States v. Young, No. 2:12-cr-502, 2013 WL 1341396, at *2 (D. Utah Apr. 3, 2013).  Courts have consistently concluded that moving for a "housekeeping" order satisfies "necessary steps" requirement in § 983(a)(3)(B)(ii)(II) and allows the Government to maintain the seized property.  United States v. Standridge, No. 3:07-CR-90, 2007 WL 2572207, at *2 (M.D. Fla. Sept. 5, 2007); see also United States v. $16,072.00 in U.S. Currency, 374 F. Supp. 3d 205, 209 (N.D.N.Y. 2019) ("[C]ourts have found that where the government already has custody of property . . .  the government can discharge its obligation under § 983(a)(3)(B)(ii)(II) . . . by seeking a 'house keeping order' under 21 U.S.C. § 853(e)."); United States v. Dupree, 781 F. Supp. 2d 115, 131 n.9, 132 (E.D.N.Y. 2011) (holding government could maintain custody of the property where property was originally seized pursuant to both civil and criminal forfeiture statutes and government obtained criminal indictment that included forfeiture allegations); United States v. Scarmazzo, No. 1:06-CR-342, 2007 WL 587183, at *3 (E.D. Cal. Feb. 22, 2007).  No authority to the contrary has been presented.  Therefore, the Government has satisfied all the requirements for maintaining custody of Defendant Bussey's seized property during the pendency of this case.

At the hearing, Defendant Bussey argued the Government cannot rely on § 983 because the Government failed to provide the written notice described in § 983(a)(1)(A)(i).  Subsection § 983 (a)(1)(A)(i) requires the Government to provide written notice of any "nonjudicial civil forfeiture proceeding" (i.e., administrative forfeiture) within 60 days of seizing the property. The Government did not provide any such notice in this case, but the Government was not required to.  No administrative forfeiture proceedings have commenced; instead, the Government

---

[2]      Importantly, the Government may only maintain custody if it already has custody of the property, which is the case here.

has pursued criminal forfeiture in a judicial proceeding, as opposed to an administrative

proceeding.  See Standridge, 2007 WL 2572207, at *3 (explaining arguments related to §

983(a)(1)(A) "[are] without merit because the seizure in this case was from the outset part of a

judicial proceeding").

Finally, Defendant Bussey's arguments for the return of property under Federal Rule of

Criminal Procedure 41(g) are unpersuasive.  First, the statutory scheme under § 983 and § 853

governs.  Thus, Rule 41(g) is not an appropriate vehicle to challenge the continued possession of

the property where, as is the case here, the Government is seeking forfeiture.  United States v.

Artis, 172 F. App'x 309, 311 (11th Cir. Mar. 27, 2006); United States v. Chicago, No. CR 15-

00168, 2017 WL 2963475, at *2 (S.D. Ala. July 11, 2017) ("A criminal defendant cannot use

Rule 41(g) to challenge a criminal forfeiture order.") (citing Young v. United States, 489 F.3d

313, 315 (7th Cir. 2007); see also United States v. Eubanks, 169 F.3d 672, 674 (11th Cir.1999)

("A [Rule 41(g) ] motion is unavailable . . . when property is retained pursuant to civil forfeiture

instead of for use as evidence.").  Therefore, Rule 41(g) does not provide Defendant the relief he

requests.

Further, Defendant fails to demonstrate the disputed property was seized illegally, which

is a requirement of Rule 41(g).  While Defendant Bussey briefly mentioned at the hearing the

warrant seemed impermissibly broad, his presentation is inadequate to challenge the warrant.  "If

a motion for return of property is made while a criminal prosecution is pending, the burden is on

the movant to show that he . . . is entitled to the property.''  United States v. Howard, Criminal

Action No. 1:19-279, 2021 WL 4188405 (S.D. Ala. Sept. 14, 2021) (quoting United States v.

Oduu, 564 F. App'x 127, 130 (5th Cir. 2014)); see also United States v. McCray, Criminal

Action File No. 1:15-cr-212, 2017 WL 9472888, at *14 n.17 (N.D. Ga. June 15, 2017), *adopted*

*by* 2017 WL 3141172, at *14 (N.D. Ga. July 25, 2017) (citations and internal marks omitted)

("To prevail on [a motion for return of property], a criminal defendant must demonstrate that . . .

either the seizure was illegal or the government's need for the property as evidence has ended.").

Defendant Bussey has failed to meet his burden in showing the property was illegally seized.

Finally, Rule 41(g) requires the motion be filed in the district where the property was seized.

Here, the parties agree the district court that ordered the seizure of the property, and where the

property was physically located, was the Middle District of Georgia.  Doc. 334.  Thus, it is not

even clear Defendant Bussey's Rule 41(g) Motion is properly before this Court.  United States v.

Martinez, 241 F.3d 1329, 1330–31 (11th Cir. 2001); Pegg v. United States, 147 F. App'x 886,

887 (11th Cir. 2005).  For all these reasons, Defendant Bussey's Rule 41(g) Motion fails.

The Government has taken the steps necessary to maintain custody of the property under

§ 853.  The Government represents it will preserve the assets.  Doc. 98 at 5, 7.  Accordingly, the

Government is entitled to the housekeeping order and to maintain possession of the property

during the pendency of the proceedings.  Standridge, 2007 WL 2572207, at *2 ("Under

§ 983(a)(3), the government may maintain custody of property if it both obtains a criminal

indictment containing an allegation that the property is subject to forfeiture, and takes steps

necessary to preserve its right to maintain custody of the property under the applicable criminal

forfeiture statute." (citing In re 2000 White Mercedes, 220 F. Supp. 2d at 1324)); United States

v. Zazueta-Hernandez, No. 1:19-CR-130, 2020 WL 5016940, at *4 (S.D. Ohio Aug. 25, 2020);

United States v. Abrahams, No. 12-CR-639, 2013 WL 285719, at *2 (D. Md. Jan. 24, 2013).

Accordingly, the Court **GRANTS** the portion of the Government's Motion for an Order Allowing

the Government to Maintain Custody of Seized Property related to Defendant

Bussey's property, doc. 98, and **DENIES** Defendant Bussey's Motion for Return of Property Pretrial, doc. 236.

## II.     Alternatively, the Government May Maintain Custody Under § 983(a)(3)(C)

At the hearing, the Government suggested it would only be pursuing criminal forfeiture. If this is the case, the Government is still permitted to maintain custody of the property.  Section 983(a)(3)(C) provides: "If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute."  The applicable criminal statute is 21 U.S.C. § 853. Under § 853(e)(1)(A), the Government would still be entitled to an order allowing it to maintain possession of the property pending the resolution of this case.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Government's Motion for an Order Allowing the Government to Maintain Custody of Seized Property, doc. 98, and **DENIES** Defendant Bussey's Motion for Return of Property Pretrial, doc. 236.

**SO ORDERED**, this 23rd day of March, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA