IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 5:21-CR-009-20 |
| | ) | |
| BRETT DONAVAN BUSSEY | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT BUSSEY'S MOTION FOR IDENTIFICATION**

The United States opposes Defendant Brett Bussey's Motion for Identification of the Specific Documents Which the Government Expects to Use in Its Case-in-Chief at Trial ("Motion for Identification"). Doc. 549. The Motion for Identification effectively asks the Court to order the United States to turn over its trial exhibits now, before the parties' deadline to file pretrial motions, before a hearing on any unresolved motion, before the scheduling of a pretrial conference, and before the trial setting. The Motion for Identification is properly denied because the United States is assisting defense counsel in identify key evidence and is contrary to the relevant discovery rules and case law in this Circuit.

**ARGUMENT**

Federal Rule of Criminal Procedure 16(a)(1)(E), the provision that forms the basis for the Motion for Identification, directs the government to provide documents to the defense that fall into any of three categories: "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). The Rule requires the United States to make certain categories of

documents available but does not require the United States to otherwise identify particular evidence within each category. *United States v. Martin*, No. 8:17-CR-301-T-24 AAS, 2018 WL 3617316, at *1 (M.D. Fla. May 21, 2018). Although this Court has the inherent discretion to order such relief, the United States respectfully submits that such relief is not warranted in this case. *See United States v. Perraud*, No. 09-60129-CR, 2010 WL 228013, at *11 (S.D. Fla. Jan. 14, 2010) (cautioning that courts should not entertain lightly a defendant's request for particularized discovery). This is not a case where the United States has attempted to hide the relevant documents by burying them without direction. *See id.* Rather, the United States is assisting defense counsel by identifying key evidence for individual defendants upon request.

### A. The United States' Discovery Productions and Its Assistance to Defense Counsel.

Twenty-three defendants are charged for their role in an international mail fraud, forced labor, and money laundering conspiracy. Docs. 3 and 352. Count one charges a conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. Doc. 3. Counts two through seven charge substantive mail fraud in violation of 18 U.S.C. § 1341. *Id.* Count eight charges a conspiracy to engage in forced labor in violation of 18 U.S.C. § 1594. *Id.* Counts nine through fifty-two charge substantive labor trafficking in violation of 18 U.S.C. § 1589. *Id.* Count fifty-three charges a money laundering conspiracy in violation of 18 U.S.C.§ 1956(h). *Id.* Count fifty-four charges witness tampering in violation of 18 U.S.C. § 1512. *Id.* The fifty-page Indictment

provides an introduction that explains labor trafficking and the H-2A visa program, money laundering and the H-2A visa program, and discusses the Defendants' roles in the conspiracies. *Id*. Count one outlines the object of the mail fraud conspiracy, identifies twenty-two manner and means of the conspiracy, and sixty-one overt acts committed in furtherance of the conspiracy. *Id*. The overt acts are specific and detail dates, names, documents, financial transactions, and other evidentiary items. *Id*. Count fifty-three identifies twenty-two specific financial transactions committed in furtherance of the money laundering conspiracy. *Id*. By setting forth Defendants' respective roles and the manner and means by which they accomplished the crime – along with an extended list of overt acts that describe events – the Indictment provides a useful outline and stands a good summary of the United States' evidence. Thus, the Indictment is a helpful tool to assist defense counsel in identifying key evidence and events.

There is no dispute that the United States has provided substantial discovery to date. Since April 2022, the United States has produced over fifteen terabytes of discovery. In general, the discovery includes documents submitted to the United States government to bring in foreign workers on an H-2A visa, email records, bank records, information received from multiple cooperating sources and undercover operations, information received from witness and victim interviews, records and devices obtained from federal search warrants, over 250 electronic devices, such as cell phones and computers, documents obtained from third party business such as car

3

dealerships and casinos, the results of multiple federal tracking search warrants on vehicles, and the results of multiple federal wiretaps on multiple telephone numbers.

Although the discovery is massive, it is not an unorganized data dump leaving counsel to wonder what it all means. Rather, it is organized by seizing and producing agency, by category or type of evidence, by individuals, and by H-2A petitions. With respect to documents and devices seized from individual defendants, the discovery is organized by defendant, bates stamped, and categorized. Although the discovery is massive, it is organized in a way to allow defense counsel to navigate and understand the evidence.

The United States has actively sought to assist defense counsel in understanding the discovery. Counsel for the United States offered to assist defense counsel in reviewing the discovery, explained what was produced, and explained how each production was organized. If defense counsel had trouble accessing or viewing a particular folder or item, counsel for the United States would ensure counsel was able to access the item. The United States also re-produced any item that had an error. Upon request, counsel for the United States has also sent key documents to defense counsel that are pertinent to their respective client.

Moreover, the United States has agreed to provide, and has already provided to some, a reverse proffer presentation tailored for each Defendant that outlines the evidence against each Defendant. Many of these reverse proffer presentations have

been in PowerPoint form and have identified documents, intercepted calls, witness statements, and financial transactions pertinent to the individual Defendant.

Furthermore, the United States is working with the defense discovery coordinator to ensure Defendants have a complete copy of the available discovery in a usable and manageable form. The defense discovery coordinator expressed a willingness to provide his finished product to all defense counsel upon request. The United States is also working with the Department of Justice's national eLitigation team in this case. The eLitigation team is currently processing the United States' discovery to remove duplicate documents and streamline the ability to search all documents in discovery. When the eLitigation team has completed its product, the United States will produce the product to all defense counsel. This will ensure that counsel for the United States and defense counsel have the same streamlined product, the same universal search capabilities, and are on equal footing in navigating the discovery.

The United States is taking great care to ensure not only that it is complying with its discovery obligations, but also to ensure that defense counsel understands and can navigate the discovery. Given these efforts to assist defense counsel with the massive discovery, the United States respectfully submits that the Motion for Identification should be denied. As this case progresses to trial, any remaining issues concerning exhibits are better addressed at the pretrial conference setting. Even in complex cases that involve discovery coordinators, this Court has issued its typical

criminal trial management order that sets deadlines for the United States to produce its witness and exhibit list in anticipation of the pretrial conference. *See, e.g.*, *United States v. Juan Rangel-Rubio*, No. 4:18-CR-274, doc. 533, (S.D. Ga. Jan. 18, 2022). At the pretrial conference, the Court typically addresses whether the documents should be disclosed in advance of trial. *Id.* The Motion for Identification is premature given that pretrial motions are not due until July 14, 2023, and the motion hearing is not until September 6, 2023. Doc. 551. At this time, no trial date has been set. The United States respectfully submits that issues concerning exhibits are better addressed at the pretrial conference setting. As such, the Motion for Identification is properly denied.

**B. Relevant Discovery Rules and Case Law Do Not Require the United States to Produce its Exhibits Before the Trial Setting.**

The Motion for Identification essentially argues that Rule 16(a)(1)(E) requires the United States not only to provide the documents it intends to use in its case in chief, but also to provide an itemize list. That argument cannot be reconciled with the procedure rule or cases in the Eleventh Circuit interpreting it. Rule 16 says nothing about itemized lists or indices.

"[T]he plain language of Rule 16(a)(1)(E)(ii) does not require the Government to specify from among the universe of discovery documents produced to defendant which of those documents it intends to rely upon at trial." *United States of Am. v. Richard M. Scrushy, Defendant.*, No. CR-03-BE-530-S, 2004 WL 483264, at *3 (N.D. Ala. Mar. 3, 2004). Rule 16(a)(1)(E) "describes three categories of documents the

6

Government must turn over to the defendant during discovery," and "[s]o long as the Government fulfills its discovery obligation to produce all documents fitting into any one of these three categories, it cannot be put at hazard for failing to correctly categorize the documents it produces." *Id*. Rule 16 imposes a "discovery" obligation on the government – not a "duty . . . to tip its hand prematurely by requiring it to give the defendant a roadmap of its strategy." *Id.* In *Scrushy*, the defense argued that identification of case-in-chief documents was required because the government had "produced literally millions of pages of documents (in hard copy and electronic form) and hundreds of hours of video and audio tape." Defendant Richard M. Scrushy's Consolidated Reply Memorandum in Further Support of Non-Dispositive Motions, *United States v. Scrushy*, No. CR-03-BE-530-S, 2004 WL 483266 (N.D. Ala. Feb. 17, 2004). The Court rejected that argument. *Scrushy*, 2004 WL 483264, at *3.

Other district courts in the Eleventh Circuit have also rejected this argument. In *United States v. Carranza*, No. CRIM.1:05CR197-4TWT, 2007 WL 2422033, at *4 (N.D. Ga. Aug. 21, 2007), the court denied a similar motion and "direct[ed] the government to assist Defendant in focusing his investigation (if it has not already done so) by providing an index or other searchable format to the recorded phone calls pertaining to him and the documents relevant to his defense." In *United States v. Martin*, No. 8:17-CR-301-T-24 AAS, 2018 WL 3617316, at *2 (M.D. Fla. May 21, 2018), the court denied a similar motion and noted that the government provided a sufficient roadmap of its case-in-chief, provided a searchable database of documents,

7

and identified most relevant documents. In *United States v. Bickers*, No. 1:18-CR-00098-SCJ, 2019 WL 5587050, at *3 (N.D. Ga. Oct. 30, 2019), the court also denied a similar motion and noted the government's efforts to assist defense counsel to search and review discovery. In *United States v. Gilbert*, No. 217CR00419AKKTMP, 2018 WL 2088389, at *4 (N.D. Ala. May 4, 2018), the court denied the defendants' motion to identify documents. In doing so, the court noted the length of time the defendants had to review the discovery and also explained that the specificity of the indictment would help guide and focus the defendants' review of the discovery. *Id*.

In support of the Motion for Identification, Defendant primarily relies on three out-of-circuit district court cases – *Poindexter*, *Upton*, and *Turkish*[1] —that, according to more recent authority, were wrongly decided. In *United States v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000), the court held that the "clear language of Rule 16(a)(1)" requires only "the production of documents responsive to any category"—not the "identif[ication of] which documents fall in each category." *Id*. at 569. The court noted three contrary district court decisions, *Poindexter*, *Upton*, and *Turkish*, but concluded that "none of those decisions are supported by the language of Rule 16(a)(1) or prior case law." *Id*. The court in *Turkish* "cited no authority for its conclusion that the Government had an obligation to identify the documents it intended to use in its case-in-chief, and it mistakenly relied on another district court case, *United States v.*

---

[1] *United States v. Poindexter*, 727 F. Supp. 1470 (D.D.C. 1989); *United States v. Upton*, 856 F. Supp. 727 (E.D.N.Y. 1994); *United States v. Turkish*, 458 F. Supp. 874 (S.D.N.Y. 1978).

*Countryside Farms, Inc.*, 428 F. Supp. 1150, 1154 (D. Utah 1977), which merely held that the Government had a duty to produce such documents." *Id*. The court in *Poindexter*, "which relied only on *Turkish* and *Countryside Farms* for its holding, simply compounded the error made in *Turkish*." *Id*. Moreover, the court in *Upton* relied on *Turkish* and *Poindexter*, without "ground[ing] its conclusion in the language of Rule 16(a)(1) or binding case law." *Id*. The court in *Nachamie* concluded that Rule 16(a)(1) is clear, and that whatever complaints defendants may have about it, "a court has no license to rewrite" the rule. *Nachamie*, 91 F. Supp. 2d at 570.

The Eleventh Circuit has not yet addressed this issue. However, the Honorable Robin S. Rosenbaum issued an order on this exact issue when she was United States Magistrate Judge for the Southern District of Florida. *See, United States v. Perraud*, No. 09-60129-CR, 2010 WL 228013, at *4–12 (S.D. Fla. Jan. 14, 2010). Judge Rosenbaum agreed with the reasoning and holding in *Nachamie* and "conclude[d] that nothing in Rule 16(a)(1)(E) requires the Government to identify the various subsets of evidence it produces pursuant to that rule." *Id*. at *10. In acknowledging the court's ability to order the United States to produce its exhibits, Judge Rosenbaum accepted the United States' proposal to produce its exhibits ten days before trial and noted the United States' good-faith efforts to assist defense counsel in managing and navigating discovery. *Id*. at *11.

This case is similar to *Perraud*. The United States is making a good-faith effort to assist defense counsel in navigating discovery and identifying key evidence. As

this case progresses, the United States will continue to assist counsel by directing counsel to key documents if requested, scheduling reverse proffer sessions if requested, and producing the Department of Justice's eLitigation team's streamlined discovery product. As such, the United States respectfully requests the Court refrain from imposing further identification requirements, allow the United States to continue to use its good-faith efforts to assist defense counsel, and accept the United States' proposal to address the issue of exhibits at the pretrial conference setting. *See Id.* at \*12.

## **CONCLUSION**

This Court should deny Defendant's Motion for Identification. Doc 549. The United States has not attempted to bury the defense in documents. Rather, the United States has provided all relevant documents pursuant to Rule 16, is assisting counsel by identifying key evidence pertinent to individual defendants and is available to provide a reverse proffer to individual defendants upon request. The Rules of Criminal Procedure do not require more. The Motion for Identification is properly denied.

*Signature on the Following Page*

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

*/s/ Tania D. Groover*

Tania D. Groover
Assistant United States Attorney
Georgia Bar No. 127947
Post Office Box 8970
Savannah, Georgia 31412
Telephone: 912-652-4422
E-mail: tania.groover@usdoj.gov