IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 5:21-CR-09 |
| v. ) | |
| ) | |
| BRETT DONOVAN BUSSEY, ) | |
| ) | |
| Defendant. ) | |

# **MOTION TO DISMISS THE MONEY LAUNDERING COUNT (COUNT 53)**

Count 53 of the indictment charges Brett Bussey and his 23 co-defendants with a money laundering conspiracy in violation of 18 U.S.C. §1956(h). (Doc 3-Pgs 40-44) It identifies the "specified unlawful activity" as "conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 1349, and conspiracy to commit forced labor, in violation of Title 18, United States Code, Section 1594 . . ." (Doc 3-Pg 41) The indictment later contends that the conspirators engaged in "financial transactions affecting interstate commerce, using funds which were, and which the defendants knew to be, proceeds of the unlawful *conspiracy to commit mail fraud and conspiracy to commit forced labor*. . . ." (Doc 3-Pg 41)(emphasis added)

Neither conspiracy to commit mail fraud under 18 U.S.C. §1349 nor conspiracy to commit forced labor under 18 U.S.C. §1594 is a "specified

1

unlawful activity" under the definitions applicable to §1956 money laundering offenses. Relying on Fed. 12(b)(3)(B)(v), Mr. Bussey moves to dismiss Count 53 for failure to state an offense.

### 1. Count 53 of The Indictment.

Again, count 53 charges Mr. Bussey and his 23 co-defendants with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). It specifically alleges that the defendants conspired to:

(1) conduct and attempt to conduct financial transactions affecting interstate commerce with funds which were proceeds of specified unlawful activity, conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and conspiracy to commit forced labor in violation of 18 U.S.C. § 1594, and which the defendants knew to be proceeds of unlawful activity, and

(2) to transport cash to the United States from a place outside of the U.S., with the intent to promote the carrying on of the specified unlawful activity aforesaid, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(2)(A).

(Doc 3-Pg 41) Although count 53 lists 22 separate transactions, Mr. Bussey is not mentioned in any of them.

**2. Argument and citation of authority.**

### A. Legal Standard.

Rule 12 requires a defendant to raise by pretrial motion a claim that an indictment fails to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). A court may rule on the motion if it "can be determined without a trial on the merits." *Id.* To overcome such a motion, the indictment must include every essential element of the offense. *See United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014).

"In ruling on a motion to dismiss [an indictment] for a failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." *United States v. Sharpe,* 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis in original): *see also United States v. Critzer,* 951 F.2d 306, 307 (11th Cir. 1992). It is well-settled that "a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." *Sharpe,* 438 F.3d at 1263 (citing *United States v. Torkington,* 812 F.2d 1327, 1354 (11th Cir. 1987)).

### B. The Indictment Fails to Allege Essential Elements of the Offense.

In its allegations of a money laundering conspiracy, the indictment claims violations of 18 U.S.C. §1956(a)(1)(A)(i) and (a)(2)(A). (Doc 3-Pgs

3

41, 44) Both of those statutory subsections use the term "specified unlawful activity" – either with respect to

- engaging in a transaction "which in fact involves the proceeds of a specified unlawful activity" with an "intent to promote the carrying on of specified unlawful activity" (§1956(a)(1)(A)(i)) or
- transferring funds internationally "with the intent to promote the carrying on of a specified unlawful activity" (§1956(a)(2)(A)).

*See* 18 U.S.C. §1956(a)(1)(A)(i), (2)(A).

There is no doubt that proving "specified unlawful activity" is an element of both of these §1956(a) subsections. To convict a person of promotional money laundering under Sections 1956(a)(1)(A)(i) and (h), the government must prove: 1) the elements of the 18 U.S.C. § 1956(a)(1)(A)(i) violation, 2) that two or more people agreed to accomplish an unlawful plan to violation that law, and 3) the defendant knew about the plan's purpose and voluntarily joined in it. Eleventh Circuit Pattern Jury Instructions, Offense Instructions O74.5; *United States v. Martinelli*, 454 F.3d 1300, 1318 (11th Cir. 2006) (trial court properly instructed jury that the financial transaction had to be conducted or attempted with intent to promote the specified unlawful activity). To convict a person of money laundering conspiracy under Sections 1956(a)(2)(A) and (h), the government must

prove that the "defendant: (1) conspired; (2) to transport funds between the United States and another country; (3) with the intent to promote the carrying on of a specified unlawful activity." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (citations omitted).

"Specified unlawful activity" is a statutorily defined term. *See* 18 U.S.C. §1956(c)(7). It lists a number of offenses, including "any act or activity constituting an offense listed in section 1961(1) of this title . . ." 18 U.S.C. §1956(c)(7)(A). Neither specified unlawful activity identified in count 53 – "conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 1349, and conspiracy to commit forced labor, in violation of Title 18, United States Code, Section 1594" – appears in that list. Undoubtedly section 1961(1) lists violations of "section 1341 (relating to mail fraud)" and "sections 1581-1592 (relating to peonage, slavery, and trafficking in persons." 18 U.S.C. §1961(1). But the §1349 and §1594 conspiracy charges – which is the "specified unlawful activity" alleged in count 53 – are not included in the statutory definition, meaning that they are not "specified unlawful activity."

Thus, the indictment is fatally defective in failing to allege a qualifying specified unlawful activity. *See United States v. Martino*, 648 F.2d 367, 400 (5th Cir. June 19, 1981)(observing that §1961(1) "lists mail fraud as a

5

predicate offense; conspiracy to commit mail fraud is not included and is therefore not a predicate act" for RICO purposes)[1]; *see also United States v. Liersch*, 2005 WL 6414047, at *11 (S.D. Cal. May 2, 2005)(noting that conspiracy to commit mail fraud does not meet the definition of specified unlawful activity); *United States v. Ojedokun*, 517 F.Supp.3d 444, 453 (D. Md. 2021)(noting that defendant moved post-trial to dismiss the original indictment which alleged that the specified unlawful activity for the money laundering conspiracy was conspiracy to commit wire fraud and that the government acknowledged that pleading wire fraud conspiracy in the original indictment was not an enumerated specified unlawful activity); *compare* 18 U.S.C. §981(a)(1)(C) (providing that property is subject to civil forfeiture if it is derived from proceeds traceable to "any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), *or a conspiracy to commit such offense*")(emphasis added).

      Here, the government has alleged two specified unlawful activities – mail fraud conspiracy and conspiracy to commit forced labor – that are not specified unlawful activities for purposes of money laundering.

      Accordingly, count 53, money laundering conspiracy, should be dismissed.

---

[1] Section 1961(1) defines "racketeering activity," but §1956(c)(7) uses that definition for "specified unlawful activity."

WHEREFORE, based on all of the reasons and authorities cited above, Mr. Bussey respectfully requests that his Motion to Dismiss Count 53, money laundering conspiracy, be granted.

This 12th day of July, 2023.

>*/s/Thomas A. Withers, Esq.*
>Attorney Bar Number: 772250
>Attorney for Defendant Brett Bussey

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: Twithers@gwllawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 12th day of July, 2023.

*/s/Thomas A. Withers, Esq.*
Attorney Bar Number: 772250
Attorney for Defendant Brett Bussey

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: Twithers@gwllawfirm.com