UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | 5:21-CR-9-20 |
| BRETT DONAVAN BUSSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT BRETT BUSSEY'S MOTION FOR SEVERANCE

Defendant Brett Donovan Bussey files this Motion for Severance under Federal Rule of Criminal Procedure 14(a), moving to sever his trial from that of his co-Defendants. Mr. Bussey shows that severance is warranted on grounds of the serious risk of prejudice to Mr. Bussey from any joint trial with his co-defendants, who are alleged to have committed murder, kidnapping, rape, threats of death or violence, and victims being held in inhumane conditions.

## I. INTRODUCTION

The government has charged 24 individuals, including Brett Bussey, in an indictment alleging that, from at least 2015 through October 2021, the Defendants were members of a criminal organization engaging in international forced labor trafficking, mail fraud and money laundering. *See* Doc. # 3, ¶¶ 1, 9. The indictment alleges that the Defendants mailed false

1

Form 1-129s, Petitions for Nonimmigrant Workers, to the government for 71,000 foreign workers to enter the United States, and fraudulently caused the government to issue thousands of H2-A visas, and that the Defendants profited over $200,000,000 from the alleged trafficking. *Id.* at ¶¶ 9, 11. The government charges the Defendants with one count of conspiracy to commit mail fraud, one count of conspiracy to engage in forced labor, one count of conspiracy to engage in money laundering, one count of tampering with a witness, six counts of mail fraud, and 44 counts of forced labor. *Id.* at ¶¶ 38-78.

Unlike the government's broad allegations against all the Defendants, the only specific allegations by the government concerning Mr. Bussey are that he allegedly caused *four* Form 1-129s to be sent by United States mail in March 2021, *id.* at ¶ 67, and that he tampered with a grand jury witness. *Id.* at ¶¶ 63(hhh), (iii).

The government identifies 66 victims of the Defendants' alleged activity. *Id.* ¶¶ 63, 70, 72, 73. The Indictment alleges that two victims died, *id.* at ¶¶ 63(y), (cc), and that another victim was kidnapped, raped and almost murdered. *Id.* at ¶ 63(v). Other victims were kept in work camps, while others were kept in a single-room trailer with little or no food and without safe drinking water. *Id.* at ¶¶ 63(aa), (gg). Victims were also kidnapped and

threatened with guns or violence. *Id.* at ¶¶ 63(s), (r), (z), (ff). The government alleges that:

- In November 2014, two victims were forced to work and threatened with guns, *id.* at ¶ 63(q);

- In April 2015, a victim was forced to work and threatened with a gun, *id.* at ¶ 63(r);

- Between September and November 2019, one victim was kidnapped and repeatedly raped, and some Defendants attempted to kill the victim, *id.* at ¶ 63(v);

- In June 2019, a victim died, *id.* at ¶ 63(y);

- Three victims were kidnapped in March and April 2020 and were threatened with death and with violence towards their families, *id.* at ¶ 63(z);

- From April to July 2020, one victim was forced to live in a hazardous trailer and was not allowed water breaks while working harvesting crops, *id.* at ¶ 63(bb);

- From February to September 2020, seven victims were forced to live in a single room trailer with little or no food and without safe water, *id.* at ¶ 63(aa);

- From December 2020 to January 2021, two victims were forced to live in cramped, dirty quarters with little or no food, *id.* at ¶ 63(dd);

- In April and May 2021, nine victims were forced to live in cramped, single room trailers with little or no food and were threatened with violence, *id.* at ¶ 63(ff); and

- In April 2021, 12 victims were forced to live in cramped, dirty trailers with leaking raw sewage in a work camp surrounded by an electric fence, *id.* at ¶ 63(gg).

The government does not allege that Mr. Bussey engaged in any of the violent and inhumane alleged acts, and much of that conduct occurred before the specific alleged conduct attributed to Mr. Bussey.

Subjecting Mr. Bussey to a trial in which highly inflammatory evidence of murder, rape, kidnapping, threats of violence and persons being held captive in inhumane conditions presents a serious risk that the jury will be unable to separate the evidence against him from that of his co-defendants. The risk is that the jury will convict Mr. Bussey based only on the mere fact that he is charged or associated with the other Defendants, in violation of his right to due process and a fair trial. Other than allegedly being a member of the government's charged forced labor trafficking, mail fraud and money laundering conspiracy, its specific allegations against Mr. Bussey are limited

to allegedly causing four forms to be sent to the government in March 2023, and the alleged tampering with a witness. Under Rule 14(a), the Court should sever any trial of Mr. Bussey from that of his co-defendants.

## II. <u>ARGUMENT and CITATION TO AUTHORITY</u>

**A.** <u>**A Joint Trial of Mr. Bussey With Co-Defendants Charged With Committing Violent and Inhumane Acts Will Result in Severe Prejudice to Him Which Outweighs Any Interest in Judicial Efficiency.**</u>

The Federal Rules of Criminal Procedure state that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a); *accord United States v. Feldman*, 936 F.3d 1288, 1297 (11th Cir. 2019) ("If it appears that a joint trial will prejudice a defendant or the Government, the district court may sever the defendants' trials") (citing Fed. R. Crim. P. 14(a)). Mr. Bussey fully acknowledges that there is a preference for joint trials of defendants. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993).

Yet the rule that defendants who are indicted together are usually tried together is not ironclad. *See United States v. Mosquera*, 886 F.3d 1032, 1041 (11th Cir. 2018) (citing *United States v. Lopez*, 649 F.3d 1222, 1235–36 (11th Cir. 2011)). A court should sever the trials of defendants where "there is a

serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. "'In assessing the merits of a severance motion, the district court must balance the possibility of prejudice to the defendant against the public interest in judicial efficiency and economy.'" *United States v. Feldman*, 936 F.3d 1288, 1297 (11th Cir. 2019) (quoting *United States v. Eyster*, 948 F.2d 1196, 1213 (11th Cir. 1991)). A defendant's burden in establishing a serious risk of prejudice is heavy. *See Mosquera*, at 1041 (quoting *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011)). Furthermore, a trial court's duty to sever when prejudice appears continues throughout the trial. *See United States v. Crawford*, 581 F.2d 489, 492 (5th Cir. 1978) (citing *Schaffer v. United States*, 362 U.S. 511 (1960); *United States v. Clark*, 480 F.2d 1249 (5th Cir. 1973)).

Introduction of evidence of murder, rape, kidnapping, threats and confining victims in squalid and inhumane conditions, involving many victims, would prejudice Mr. Bussey, within the meaning of Rule 14(a), particularly given the government's specific allegations against Mr. Bussey. Severance may be warranted where "a cumulative and prejudicial 'spill over' may prevent the jury from sifting through the evidence to make an individualized determination of guilt as to each defendant." *Mosquera*, 886

F.3d at 1041 (citing *United States v. Chavez*, 584 F.3d 1354, 1360–1361 (11th Cir. 2009)). "[P]rejudice from being tried jointly 'can come in various forms, including jury confusion, the impact of evidence that is admissible against only some defendants, and 'spillover' effects where the crimes of some defendants are more horrific or better documented than the crimes of others.'" *United States v. Martinez*, 994 F.3d 1, 15-16 (1st Cir. 2021). Admission of the evidence of violent crimes and abuse poses a serious risk that the jury will be unable to separate that evidence from the alleged evidence relating to Mr. Bussey and will be unable to make a fair and reliable determination of regarding the case against Mr. Bussey.

The extreme risk of prejudice to Mr. Bussey from potential admission of these inflammatory acts outweighs any asserted public interest in judicial economy or efficiency. As the Court of Appeals has recognized, "judicial economy must yield to a defendant's right to a fair trial." *United States v. DiBernardo*, 880 F.2d 1216, 1228 (11th Cir. 1989).

Courts have held that severance is proper and that a refusal to sever constitutes an abuse of discretion and grounds for reversal where prejudicial evidence is introduced relating to co-defendants, including where the government exposed the jury to days of evidence relating to a public corruption scheme in which the defendant was not charged, *see Martinez*,

994 F.3d at 16; where the prosecution introduced testimony at trial regarding the tactics and activities, including a murder, of a gang with which the defendants were not associated, *see United States v. Cortinas*, 142 F.3d 242, 248 (5th Cir. 1998); where the trial court admitted evidence of a murder by a co-defendant in which the defendant was not involved, *see United States v. Engleman*, 648 F.2d 473, 476 (8th Cir. 1981); where a defendant charged with false statements was tried jointly with co-defendants charged with conspiracy to assassinate and commit murder, *see United States v. Sampol*, 636 F.2d 621, 643 (1980); and where there is a gross disparity in the weight of the evidence presented against co-defendants. *United States v. Shankman*, 13 F.Supp.2d 1358, 1367-69 (S.D. Ga. 1998).

Here the prosecution is expected to introduce many instances of inflammatory and prejudicial evidence in the event of a joint trial of the Defendants. Twenty-four Defendants are charged in an alleged conspiracy lasting for six years or more. The Defendants are alleged to have engaged in a wide range of conduct. "When many defendants are tried together in a complex case and they have markedly different degrees of culpability, th[e] risk of prejudice is heightened." *Zafiro*, 506 U.S. at 539 (quoting *Kotteakos v. United States*, 328 U.S. 750 (1946)). Even with limiting instructions, the jury will be unable to keep separate the evidence that is relevant to each

defendant and to Mr. Bussey and render a fair and impartial verdict as to Mr. Bussey. *See United States v. Salomon*, 609 F.2d 1172, 1173–77 (5th Cir. 1980) (quoting *United States v. Wasson*, 568 F.2d 1214, 1222 (5th Cir. 1978); quoting *Tillman v. United States*, 406 F.2d 930, 935 (5th Cir. 1969)). The Court should find that a joint trial of Mr. Bussey with the co-defendants presents a serious risk of prejudice to Mr. Bussey which outweighs any public interest in judicial efficiency and should sever any trial of Mr. Bussey from any trial of the other Defendants, under Rule 14(a).

## B. Joint Trial of Mr. Bussey With His Co-Defendants Will Violate His Right to a Speedy Trial

Any joint trial of Mr. Bussey and the other Defendants will prejudice Mr. Bussey's right to a speedy trial under the Sixth Amendment of the Constitution of the United States. This case has been pending for over 21 months since indictment. During that time, the prosecution has disclosed over 15 terabytes of data to the defense, as well as an index to the production which is 3,776 pages long. *See* Doc. # 461, pp. 2-3.

One purpose of joint trials is to "'avoid delays in bringing those accused of crime to trial.'" *United States v. Lane*, 474 U.S. 438, 449 (1986) (quoting *Bruton v. United States,* 391 U.S. 123, 134 (1968)). Here, the prosecution's decision to join 24 defendants in this criminal action has caused the delay of

the trial in violation of Mr. Bussey's right to a speedy trial. The Court should sever any trial of Mr. Bussey from any trial of the other Defendants.

### III. <u>CONCLUSION</u>

Based on the reasons and authorities cited above, Mr. Bussey respectfully requests that his Motion for Severance be granted.

Respectfully submitted, this the 13th day of July, 2023.

GILLEN, WITHERS & LAKE, LLC

***<u>/s/ Thomas A. Withers, Esq.</u>***
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Defendant Brett Donovan Bussey

8 E. Liberty St
Savannah, Ga. 31401
(912) 447-8400
Email: Twithers@gwllawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that I have on this day served all the parties in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This the 13th day of July, 2023.

GILLEN, WITHERS & LAKE, LLC

***<u>/s/ Thomas A. Withers, Esq.</u>***
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Defendant Brett Donovan Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
Email: Twithers@gwllawfirm.com