UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | INDICTMENT NUMBER: |
| ) | 5:21-CR-009-20 |
| BRETT DONAVAN BUSSEY, ) | |
| ) | |
| Defendant. ) | |

**BRETT BUSSEY'S MOTION FOR RETURN OF SEIZED
PROPERTY FROM HIS SUNTRUST ACCOUNT**

Brett Donovan Bussey, one of the defendants herein, files this, his Motion for Return of Seized Property from his SunTrust account and shows this Court the following:

**I. Procedural History**

On November 17, 2021, the government presented an Application for a Warrant to Seize Property Subject to Forfeiture pursuant to 18 U.S.C. § 981 to seize the contents of the Sun Trust Account of Mr. Bussey, account no. xxxxxxxxxxx9535. A copy of the Seizure Affidavit is attached as Exhibit 1 and is being filed under seal.

Pertinent to this Motion the Affidavit cites *United States v. All Funds Presently on Deposit or Attempted to be Deposited in Any Accounts at American Express Bank*, 832 F.Supp. 542 (E.D.N.Y. 1993), alleging that 19 U.S.C. § 984 permits the seizure of monies held at the target location as long

as the funds identified are believed to have been "acquired within the one-year fungibility limit in Section 984(b)." *Id*. at p. 5, ¶ 9.

The Affidavit then discusses the one-year statute of limitation contained in Section 984 contending that Congress intended the seizure of property, or the filing of a complaint to constitute the "action" to be commenced within one year. *Id*. p. 5 - 6, ¶ 11. As discussed below, the Affidavit fails to inform this Court of persuasive authority that holds it is **not** the seizure of property that is the commencement of an action, but the filing of a civil forfeiture complaint. The Affidavit concludes this section by claiming that "the dates of the offenses giving rise to the seizure are within the one period." *Id*. p. 6, ¶ 12.

The Affidavit states that records were reviewed from February 10, 2018 through January 31, 2020 and from October 1, 2020 to March 31, 2021. *Id*. p. 49, ¶ 144. The affiant asserts that between October 12, 2018, and September 17, 2019, 8 payments were made to the U.S. Citizenship and Immigration Services totaling $3,680 for obtaining foreign workers' visas. *Id*. And, that there was approximately $68,012.21 deposited into the account, and approximately $69,409.62 withdrawn from the account. *Id*. The agent concludes that "some legitimate funds are in the account," however, she

believes that Mr. Bussey knowingly commingled legitimate funds with funds subject to forfeiture. *Id.* p. 50, ¶ 146.

The affiant provides no indication as to which funds deposited into the account were subject to forfeiture, or which funds deposited into the account were not subject to forfeiture. The last bank statement reviewed before seizure, March 31, 2021, showed a balance of $11,243.77. *Id.* p. 49, ¶ 145, but the government seized $23,593.60. Doc # 296, p. 1.

The affiant concludes that from her review of the bank records from Mr. Bussey's SunTrust account it "does appear that some legitimate funds are in the account. However, based on my training and experience and this entire investigation, I believe Defendant Brett Bussey knowingly comingled (sic) these legitimate funds with funds subject to forfeiture in this account." *Id.* p. 50, ¶ 146.

## II.   Argument and Citation of Authority.

### 1. Mr. Bussey Moves for the Return of his Seized Property

Mr. Bussey moves under Rule 41(g) of the Federal Rules of Criminal Procedure for the return for each of the items of property identified above. By Rule 41(g) Mr. Bussey shows the Court the following:

1) He is the owner of the properties described above.

2) That he is being deprived of ownership of the properties by the

government's seizure of the property.

3) That the monies in the SunTrust account were not used to facilitate criminal activity and were not the proceeds of criminal activity.

## A. Argument and Citation of Authority

The government's seizure under the bank seizure warrant is unlawful. The government invokes two civil forfeiture statutes to justify the seizures: 18 U.S.C. § 981, and 18 U.S.C. § 984. Affidavit, p. 4-5, ¶¶ 7 – 11.

A civil forfeiture action is an *in rem* proceeding brought by the government as plaintiff asserting that "all right, title, and interest in [the defendant] property" has vested in "the United States upon commission of the act giving rise to forfeiture." 18 U.S.C. § 981(f). The suit is brought not against a person or corporation, but against defendant property that allegedly has been involved in criminal activity. "It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient." *Various Items of Pers. Prop. v. United States*, 282 U.S. 577, 581 (1931). The government's forfeiture filing is not a civil forfeiture action and as such, § 984(b) has no application to the criminal forfeiture allegations against Mr. Bussey in the indictment.

**1. The Three Bases For Forfeiture.**

Sections 981 and 984 provide three statutory bases for forfeiture of property:

(1) Property that is "involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960," 18 U.S.C. §981(a)(1)(A);

(2) Property that is "traceable" to such property, 18 U.S.C. §981(a)(1)(A); or

(3) With regard to funds on deposit in a financial institution, "identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section." 18 U.S.C. § 984(a)(2).

In this case the government's seizure affidavit travels under the third basis, pursuant to 18 U.S.C. § 984(a)(2). Yet section 984(b) provides that "[n]o action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense." The one-year limitation of section 984(b) is triggered not by the seizure of the funds, but by the commencement of a civil complaint for forfeiture.

### 2. Funds On Deposit In A Financial Institution Are Substitute Fungible Property.

Congress enacted section 984 as a substitute property provision designed to avoid the "zeroed out" loophole in the "lowest intermediate balance" method of forfeiture and to avoid the onerous tracing requirements that are often impossible in a digital, financial world. Funds deposited into an account at a financial institution are fungible property and section 984 allows for the forfeiture of substitute of fungible property. Section 984(a)(1) states that "[i]n any forfeiture action *in rem* in which the subject property is cash [or] . . . funds deposited in an account in a financial institution," the government is not required "to identify the specific property involved in the offense that is the basis for the forfeiture." 18 U.S.C. § 981(a)(1)(A). In other words, the Government need not identify the exact dollars that were deposited into the account.

Rather, section 984(a)(2) provides that: "Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section." Therefore, the government can substitute the tainted funds with identical property found in the same place as the property involved in the offense that is the basis of the forfeiture.

### 3. The Government Did Not File a Complaint Within One Year and the Seized Funds Should be Returned.

In *United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 159 (3rd. Cir. 2003), the court was confronted with whether the government's forfeiture complaint was untimely under section 984. The government argued that because it had seized funds within one year of the criminal activity, it could avail itself of the one-year look back provision of section 984. After examining the interaction between section 984 and section 981, the court noted that section 984 was designed to permit the government to seize funds involved in money laundering that had been commingled with untainted monies. *Id.* at 158. The Third Circuit held that section 984, by its plain and unambiguous language, requires the filing of a complaint within one year of the offense." *Id.* at 161.

The Court noted that interpretation of the statute was not open to debate since the statute was unambiguous. "[w]here a time limitation for **instituting civil proceedings** is concerned" -  as it is here -  the word "commence" means the filing of a civil action. *Id.* at 159, *citing, McNeil v. United States*, 508 U.S. 106, 112 (1993). (Emphasis supplied).

The Third Circuit looked to the language of the statute, noting that where the statute's language is plain, "'the sole function of the courts is to enforce it according to its terms.'" *Id. citing Caminetti v. United States*,

7

242 U.S. 470, 485 (1917). The court then stated that "in order to forfeit property that is not directly traceable to the offense under Section 984, the government must file a complaint within one year of the date of the offense." *Id.* at 161.

Similarly, in *United States v. Currency, $300,000 Seized From Bryant Bank Account Number XXX-XX-XXXX*, 2013 WL 1498972, *5 (N.D. Ala. April 9, 2013), the district court addressed the question of whether an action is commenced within the meaning of the statute at the time of seizure, or the time of the filing of a complaint. In that case, the court found that the correct approach was the one articulated by the Third Circuit above. The district court looked to the basic rules of statutory construction as established by controlling Eleventh Circuit precedent, which requires courts to presume that the legislature means was it says. *Id.* The plain language of section 984 provides that "no action pursuant to this section to forfeit property not directly traceable to the offense . . . may be commenced more than 1 year from the date of the offense." And, like the Third Circuit, the court found that the term commenced has an unambiguous meaning – the filing of a civil action. *Id.* at *6. *Accord, United States v. $303,581.82 in United States Currency Seized From Wells Fargo Account # [Redacted] 0434 in the Name of Murray Auto Sales*, 2010 WL

1657154 (D. Utah April 22, 2010).

The affiant repeatedly invokes Section 984 in her Affidavit by claiming that there were "comingled" legitimate funds with funds subject to forfeiture in order to claim the funds are fungible. *Id.* at p. 39, ¶ 106; p. 43, ¶ 118; p. 50, ¶ 146; p. 54, ¶ 156; p. 57, ¶ 168; p. 60, ¶ 179 (target subjects); p. 64, ¶ 179 (target subjects);[1] p. 65, ¶ 184 (target subjects); p. 67, ¶ 190.

Since the government has not commenced an action within the meaning of section 984 by the filing of a civil complaint, the seizure of the monies under that code section is unlawful, and Mr. Bussey's property should be returned to him forthwith.

---

[1] Starting on page 61 of the Affidavit, paragraphs numbered 172 – 179 are duplicated, although the content of the paragraphs is different.

WHEREFORE, based on all the reasons and authorities cited above, Mr. Bussey respectfully requests that the government be ordered to return the seized monies to him forthwith.

Respectfully submitted, this the 13th day of July, 2023.

                GILLEN, WITHERS & LAKE, LLC

                ***/s/ Thomas A. Withers, Esq.***
                Thomas A. Withers, Esq.
                Georgia Bar Number: 772250
                Attorney for Defendant Brett Donovan Bussey

8 E. Liberty St
Savannah, Ga. 31401
(912) 447-8400
Email: Twithers@gwllawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that I have on this day served all the parties in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This the 13th day of July, 2023.

                        GILLEN, WITHERS & LAKE, LLC

                        ***/s/ Thomas A. Withers, Esq.***
                        Thomas A. Withers, Esq.
                        Georgia Bar Number: 772250
                        Attorney for Defendant Brett Donovan Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: Twithers@gwllawfirm.com