IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 5:21-CR-09-20 |
| | ) | |
| BRETT DONAVAN BUSSEY | ) | |

**THE UNITED STATES' UNOPPOSED SECOND MOTION FOR ADDITIONAL TIME TO RESPOND TO DEFENDANT'S MOTION FOR RETURN OF SEIZED PROPERTY FROM HIS SUNTRUST ACCOUNT**

The United States of America respectfully moves for an additional ten days, up to and including March 7, 2024, in which to file its response to Defendant's Motion for Return of Seized Property from his SunTrust Account ("Motion for Return of Property"). Doc. 640. Counsel for the United States has consulted with counsel for Defendant Brett Bussey, and he does not oppose this extension.

On February 5, 2024, the Court granted the United States' first Unopposed Motion for Additional Time to Respond to Defendant's Motion for Return of Seized Property From His SunTrust Account. Doc. 880. The United States' current response to Defendant's Motion for Return of Property is currently due on February 26, 2023, and status reports for all motions filed are due on March 26, 2024. Docs. 880, 917.

On February 22, 2024, the parties conferred on the Motion for Return of Property and remain in active good-faith negotiations to resolve the motion. Given the complex forfeiture issues raised, the United States respectfully submits that it needs an additional ten days to adequately address and respond to Defendant's Motion for Return of Property. The United States further submits that this

additional time will allow the parties to continue their negotiations, which may result in Defendant's Motion for Return of Property to be withdrawn, satisfied, or otherwise resolved.

Defendant's Motion for Return of Property alleges complex civil and criminal forfeiture issues. *See* Doc. 640. This is a complex case warranting the exclusion of time under the Speedy Trial Act. Doc. 364. The legal forfeiture issues alleged in the Motion for Return of Property are also complex. In a complex case, a court may grant a continuance for pretrial proceedings if failure to grant such a continuance would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(ii); *See Bloate v. United States*, 130 S. Ct. 1345, 1358 (2010) (noting that a finding by a district court granting an extension of time to allow additional time for pretrial motion preparation is excludable under the Speedy Trial Act).

The United States is not seeking an extension of time to file status reports in this case. The United States intends to continue working with counsel for Defendant Bussey to file a status report for all pretrial motions, including Defendant's Motion for Return of Property, by the current deadline of February 26, 2024. *See*, Doc. 917.

For the foregoing reasons, the United States respectfully requests an additional ten days, up to and including March 7, 2024, in which to file its response to Defendant's Motion for Return of Seized Property from his SunTrust Account. Doc. 640.

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

*s/ Tania D. Groover*
Tania D. Groover
Assistant United States Attorney
Georgia Bar No. 127947

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 201-2552
E-mail: tania.groover@usdoj.gov