IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO 5:21-CR-009-20 |
| | ) | |
| BRETT DONAVAN BUSSEY | ) | |

**THE UNITED STATES' RESPONSE IN OPPOSITION
TO DEFENDANT BRETT BUSSEY'S MOTION FOR RETURN
OF SEIZED PROPERTY FROM HIS SUNTRUST ACCOUNT**

The United States opposes Defendant Brett Bussey's Motion for Return of Seized Property from his SunTrust Account ("Motion for Return of Property"). Doc. 640. Defendant argues that because the United States did not commence an action within the meaning of 18 U.S.C. § 984, the seizure of the money was unlawful and should be returned pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. This argument has no effect on the overall lawful seizure of the account. Regardless of whether a civil complaint was filed within a year of the offense, the seizure was pursuant to a federal search warrant based on probable cause to believe that the property in the SunTrust account are proceeds or used to facilitate violations of 18 U.S.C. §§ 1341, 1349, and 1956. The warrant established the requisite nexus between the charged offenses and the assets to sufficiently establish the forfeitability of the account. Therefore, the Motion for Return of Property should be denied.

I. **A partial reliance on 18 U.S.C. § 984 does not make the seizure unlawful.**

Pursuant to Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's

return." *See* Fed. R. Crim. P. Rule 41(g). In support of his motion, Defendant's sole argument is that the United States did not commence an action within the meaning of 18 U.S.C. § 984. Although Defendant may be legally correct, it is without effect.

Defendant argues that out of all the multiple bases for forfeiture, the seizure warrant only operates under one basis for seizure - the tracing theory pursuant to 18 U.S.C. § 984(a)(2). Doc. 640, Pg. 5. Defendant then relies on the Third Circuit's holding that the United States commences a forfeiture action under 18 U.S.C. § 984(b) only when it initiates a civil action by filing a complaint. *See, United States v. $8,221,877.16 in U.S. Currency*, 3380 F. 3d 141, 159 (3rd Cir. 2003) (if government is relying on § 984, it must file its forfeiture complaint within a year of the offense; seizing the property within the one-year period is not sufficient). Defendant than argues that because a forfeiture complaint was not filed, the United States cannot forfeit the property. Although Defendant is legally correct that some courts hold that the United States commences a forfeiture action under 18 U.S.C. § 984(b) only when it initiates a civil action by filing a complaint, the argument has no effect in this case.

Courts are split on whether the government begins a civil forfeiture action within the one-year limitations period by obtaining a seizure warrant or filing a civil forfeiture complaint. *Compare, United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003), with *United States v. $75,868.62*, 52 F. Supp. 2d 1160, 1166 (C.D. Cal. 1999) (section 984(c) is satisfied by either filing of a complaint or the seizure of the money within a year of money laundering offense, even though seizure occurred 94 days later).

Although the correct interpretation of the one-year time limit has not been conclusively settled, this Court does not need address the interpretation of Section 984 at this stage. The warrant does not rely exclusively on 18 U.S.C. § 984 for its basis to seize and forfeit the account. *See* Doc. 154-1, ¶¶ 6-12; *see United States v. Funds in the amount of $193,773.00*, No. 8:11-CV-2062-T-30AEP, 2011 WL 6181424, at *3 (M.D. Fla. Dec. 13, 2011) (noting that the court did not need to address the interpretation of § 984 because the complaint established a valid forfeiture action even if the government does not have a valid claim under § 984).

Moreover, 18 U.S.C.§ 984 is not a separate cause of action. Rather, it simply modifies the tracing requirements that would otherwise apply in a civil forfeiture action. *See, United States v. $79,650 Seized from Bank of Am. account ending in -8247, in name of Afework*, No. 1:08CV1233 (JCC), 2009 WL 331294, at *1 (E.D. Va. Feb. 9, 2009) (Section 984 is not a separate cause of action and the one-year limitation period is not a statute of limitations on filing the civil forfeiture case; it is only a temporal limitation on when government can rely on the fungible property statute to relax its burden of proof).

Regardless, in this case, the warrant articulates two separate causes of actions besides tracing. *See* Doc. 154-1, ¶¶ 8, 13-85, 137-146, 191. The federal seizure warrant established probable cause to believe that the property in the SunTrust account are proceeds or used to facilitate violations of 18 U.S.C. §§ 1341, 1349, and 1956. *Id.* ¶ 191.

3

**II.     The federal seizure warrant was based on probable cause and established the requisite nexus to seize and forfeit the account.**

Defendant does not challenge the warrant's probable cause and does not challenge the warrant's cause of actions relating to proceeds and money laundering. The federal search warrant was based on probable cause to believe that the property in the SunTrust account are proceeds or used to facilitate violations of 18 U.S.C. §§ 1341, 1349, and 1956. Thus, the seizure was lawful because it was authorized by issuance of a federal warrant that established probable cause and the requisite nexus between the charged offenses and the assets.

Defendant failed to demonstrate the account was seized illegally, which is a requirement of Rule 41(g). *See United States v. Howard, Criminal Action No. 1:19-279*, 2021 WL 4188405 (S.D. Ala. Sept. 14, 2021) (quoting *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014)); *see also United States v. McCray*, Criminal Action File No. 1:15-cr-212, 2017 WL 9472888, at *14 n.17 (N.D. Ga. June 15, 2017), *adopted by* 2017 WL 3141172, at *14 (N.D. Ga. July 25, 2017) (citations and internal marks omitted) ("To prevail on [a motion for return of property], a criminal defendant must demonstrate that . . .either the seizure was illegal or the government's need for the property as evidence has ended.").

**III.    Conclusion**

For the above stated reasons, the United States requests the Court deny Defendant Brett Bussey's Motion for Return of Seized Property from his SunTrust Account. Doc. 640.

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

***/s/ Tania D. Groover***
Tania D. Groover
Assistant United States Attorney
Georgia Bar No. 127947