UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | INDICTMENT NUMBER: |
| ) | 5:21-CR-9-20 |
| BRETT DONAVAN BUSSEY, ) | |
| ) | |
| Defendant.  ) | |

**DEFENDANT BUSSEY'S REPLY TO THE UNITED STATES' COMBINED RESPONSE TO HIS MOTION TO DISMISS COUNT 53, THE MONEY LAUNDERING CONSPIRACY COUNT**

Mr. Bussey moved to dismiss Count 53 of the indictment, which charges him and other defendants with conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h). Doc. # 632. Money laundering requires the involvement of a "specified unlawful activity," which comprises a list of crimes defined in Title 18. Doc. # 632, p. 3-5. In the money laundering conspiracy count, the indictment identified two crimes as "specified unlawful activity": conspiracy to commit mail fraud and conspiracy to commit forced labor. Doc. # 3, p. 41.

There is a problem: neither of the identified crimes is a "specified unlawful activity." The government admits as much. Doc. # 890, p. 1. It first argues that the indictment is not defective because it "alleges the

essential elements of the crimes . . . in a manner that permits Defendant to prepare a defense and plead double jeopardy in any future prosecution for the same offense." Doc. # 890, p. 2-4. Second, relying primarily on an unpublished district court opinion from the Southern District of New York, the government argues that "removing the erroneous conspiracy language or superseding to remove the erroneous conspiracy language are appropriate remedies. . . ." rather than dismissing this count. Doc. # 890, p. 4-7.

*First*, it is telling that the government's response does **not** discuss the Eleventh Circuit pattern jury instruction on money laundering conspiracy (citing instead just the substantive money laundering instruction). Doc. # 890, p. 3. A district court in the Eleventh Circuit instructs a jury about a charge of money laundering conspiracy in violation of 18 U.S.C. §1956(h) as follows:

O74.5
Money Laundering Conspiracy
18 U.S.C. § 1956(h)

It's a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section [1956 or 1957].

2

> [Describe the *elements* of the relevant provision of 18 U.S.C. §1956 (money laundering) or 18 U.S.C. §1957 (transactions involving the proceeds of specified unlawful activity).]
>
> A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member . . .

Eleventh Circuit Pattern Jury Instructions (Criminal) O74.5, "Money Laundering Conspiracy" (2022)(emphasis added). The pattern instructions for promotional money laundering (18 U.S.C. §1956(a)(1)(A)(i)) and money laundering by international transport of money to a place outside the United States (18 U.S.C. §1956(a)(2)(A)) list "specified unlawful activity" as a fact that the government must prove beyond a reasonable doubt – i.e., an element. Eleventh Circuit Pattern Jury Instructions (Criminal) O74.1, "Money Laundering: Promoting Unlawful Activity," and O74.3, "Money Laundering: International Transportation of Monetary Instruments." (2022).

The case cited by the government about the elements of a §1956(h) money laundering conspiracy – *United States v. Johnson*, 440 F.3d 1286, 1294 (11th Cir. 2006) – does not deviate from the law described in the pattern instruction. Doc. # 890, p. 2. *Johnson* recites the conspiracy elements in the government's brief, but it discusses the conspiracy claim

related to the specified unlawful activity: securities fraud. *Johnson*, 440 F.3d at 1294.

While conceding that the listed conspiracies are not enumerated specified unlawful activities, the government tries to escape this mess by arguing its indictment is sufficiently detailed since the defendants allegedly "knew the funds to be proceeds of *some form of unlawful activity* and conspired with the intent to promote the carrying on of the specified unlawful activity." Doc. # 890, p. 3 (emphasis added). It points to the indictment's 22 overt acts (none of which name Bussey)[1] that involve cash deposits at a casino, the purchase of automobiles, and the purchase of a restaurant. Doc. # 3, p. 41-44. "Some form of unlawful activity" is not a statutory *specified* unlawful activity, and the indictment names none.

Second, the government relies on *United States v. Shea*, 2023 WL 4551635 (S.D.N.Y. July 14, 2023)(unpub.), for the proposition that the failure to charge a specified unlawful activity in a money laundering conspiracy is "ancillary and not an essential element of money laundering

---

[1] Bussey understands *Whitfield v. United States*, 543 U.S. 209, 219 (2005). Doc. # 890, p. 4, n. 1.  But if the government is using the 22 overt acts as a form of notice to allow Bussey to prepare a defense and plead double jeopardy (doc # 890, p. 4), the fact that he isn't in any of the 22 overt acts doesn't help its case.

4

conspiracy." Doc. # 890, p. 5. The procedural posture of *Shea* arises in a significantly different procedural posture - after the defendant faced two trials in which the parties *jointly* submitted a jury instruction in both trials informing the jury that "specified unlawful activity" for the money laundering conspiracy was wire fraud conspiracy. *Id*. at *1-2. Eight months after the verdict in the second trial, the government informed the district court that wire fraud conspiracy was not a specified unlawful activity. *Id*. at *2. The defendant then moved to vacate his money laundering conspiracy conviction and dismiss that count. *Id*. at *2. Relying on *United States v. Stavroulakis*, 952 F.2d 686, 691 (2d Cir. 1992), *Shea* noted that a financial transaction involving the proceeds of a specified unlawful activity is an element of the underlying object of the conspiracy, but not an element of the conspiracy itself. *Shea*, *3. The court concluded that the specified unlawful activity at issue was "ancillary" and, therefore, not essential element of the conspiracy. *Id*.

> *Shea* ignores this language from *Stavroulakis*:
>
> The issue can be distilled, therefore, to the question whether, as part of the "essential nature" of a conspiracy to launder unlawfully acquired money, it is necessary that the conspirators agree on where the unlawful money will come from. We think not. We hold that, *so long as the unlawful source is proven to be one of the illegal*

*activities enumerated in §1956(c)(7),*[2] it is not essential that the conspirators agree on the same illegal activity.

*Stavroulakis*, 952 F.2d at 691, (emphasis added)(involving a defendant who told an undercover FBI agent that a bank officer "was under the impression that the money was derived from gambling, rather than narcotics transactions," and describing the issue as "whether a conspiracy to violate 18 U.S.C. §1956(a)(3) requires that the conspirators believe that the money to be laundered is derived from the *same* specified unlawful activity").

Although not raised in the government's response, in *United v. Sperber*, 2023 WL 7491881, *9 (N.D. Ga. November 9, 2023), a case which arose after the filing of this motion to dismiss, but before the government's response, the defendants moved to dismiss the money laundering charges, in part because wire fraud conspiracy was not a specified unlawful activity. Although citing *Shea* with approval regarding the ancillary issue/essential element language, the district court noted that because each money laundering count included the

---

[2] Section 1956(c)(7) "defines the terms 'specified unlawful activity,' and it enumerates a myriad of activities that are illegal under either federal or state law, including *both* felony-level gambling and narcotics transactions." *Stavroulakis*, 952 F.2d at 690.

6

substantive offense of wire fraud—a specified unlawful activity, the indictment was sufficient. *Id*. Of course here, count 53 does not reference the offense of wire, or mail fraud.

Based on all the reasons and authorities cited, the Court should dismiss Count 53 of the indictment.

Respectfully submitted, this the 15th day of March, 2024.

        WITHERS LAW FIRM PC

        ***/s/ Thomas A. Withers, Esq.***
        Thomas A. Withers, Esq.
        Georgia Bar Number: 772250
        Attorney for Defendant Brett Donovan Bussey
8 E. Liberty St    Email: Twithers@witherslawfirmpc.com
Savannah, Ga. 31401
(912) 447-8400

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This the 15th day of March, 2024.

        WITHERS LAW FIRM PC

        ***/s/ Thomas A. Withers, Esq.***
        Thomas A. Withers, Esq.
        Georgia Bar Number: 772250
        Attorney for Defendant Brett Donovan Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: Twithers@witherslawfirmpc.com