UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> BRETT DONAVAN BUSSEY, ) <br> ) <br>    Defendant. ) | INDICTMENT NUMBER: <br> 5:21-CR-9-20 |

**DEFENDANT BUSSEY'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS AUGUST 14, 2019, SEARCH WARRANT DIRECTED TO MICROSOFT**

Mr. Bussey moved to suppress evidence obtained against him from the August 14, 2019, search warrant directed to Microsoft, including for his email address – brett.bussey1201@outlook.com. Doc. # 637. Bussey discussed the affidavit's general allegations and the five paragraphs of the lengthy affidavit devoted specifically to him. Doc. # 637, p. 2-5. He then addressed facts that the Homeland Security Investigation agent intentionally or recklessly failed to disclose in the affidavit – things like the difference in the certifications between an employer and an agent, an interview with a "true farm owner" (as the government calls it), and Bussey's remedying a submission after obtaining a Notice of Deficiency. Doc. # 637, p. 5-11. Bussey attached documentary support from the

government's discovery to his motion. Doc. # 637-1, 637-2, 637-3, 637-4. Bussey then requested a hearing under *Franks v. Delaware*, 438 U.S. 154, 171 (1978), given his "allegations of deliberate falsehood or reckless disregard for the truth" supported by his offer of proof (notably, the documents), pointing out the misrepresentations and omissions in the Microsoft affidavit, and explaining the significance of those misrepresentations and omissions. Doc. # 637, p. 11-14.

The government responded that Bussey failed to address his standing to challenge the Microsoft warrant by showing a "subjective expectation of privacy" in his personal email account. Doc. # 884, p. 3. The government then focused on the allegations in the warrant and the actions of others, most of whom are not named defendants here. Doc. # 884, p. 3-8. (referencing D.H, p. 5-6, S.W., p. 6, A.-M. M., p. 6-7, S.W., p. 7). The government then summarized the specific paragraphs of the affidavit, ¶¶ 89-93, regarding Bussey. Doc. # 884, p. 8. Without citing to anything, the government asserted that Bussey "knew some of the loopholes of the program," which it itemized, and then alleged that his "manner and means, at times, mirrored" six other members of the conspiracy, not one of whom are named in the indictment. Doc. # 884, p.

2

8-9. The government failed to address most of Bussey's specific points, ending with an argument that the agents acted in good faith. Doc. # 884, p. 9-12.

Bussey now addresses the government's response.

1. **Bussey had standing to challenge the search of his private email.**

The affidavit sought a warrant for "information (including the *content of communications*)" for various email addresses, including for brett.bussey1201@outlook.com. Doc. # 637-1 at p. 2, 11-13, ¶¶ 1, 27, 31. (emphasis added). That email address belongs to Bussey. *Id.* at p. 28, ¶ 92. The government first contends that "absent some showing [by Bussey] of a subjective expectation of privacy [in his emails] that is objectively reasonable," the Court should deny Bussey's motion to suppress for lack of standing. Doc. # 884, p. 3. Bussey has a reasonable expectation of privacy in his emails, so he has standing.

A person has Fourth Amendment standing to challenge a search where he has a reasonable expectation of privacy in the thing to be searched. *United States v. Cohen*, 38 F.4th 1364, 1368 (11th Cir. 2022). The legislative history of the Stored Communications Act expresses that it is "likely. . . that courts would find that the parties to an e-mail

3

transmission have a 'reasonable expectation of privacy' and that a warrant of some kind is required." *Vista Mkt'g, LLC v. Burkett*, 812 F.3d 954, 969 (11th Cir. 2016), *citing* H.R. Rep. 99-647 at 22; *see also United States v. Warshak*, 631 F.3d 266, 288 (6th Cir. 2010)(holding that "a subscriber enjoys a reasonable expectation of privacy in the contents of emails that are stored with, or sent or received through, a commercial ISP"). Indeed, the consensus of federal courts is "that private electronic communications are generally protected by the Fourth Amendment, even when transmitted over third-party platforms." *United States v. Zelaya-Veliz*, ___ F.4th ___, 2024 WL 6 50818 at *8 (Feb. 16, 2024)(citing cases from Second, Fourth, Sixth, and Ninth Circuits, and well as 1877 Supreme Court case "holding that the contents of postal letters are entitled to Fourth Amendment protection, despite the fact that the letters are entrusted to intermediaries"); *see also United States v. Rosenow*, 50 F.4th 715, 738 (9th Cir. 2022)(likening the "content of email messages" to "the sealed contents of mail"); *cf. Carpenter v. United States*, 585 U.S. 296, 310 (2018)(finding people have reasonable expectation of privacy in cell site location information, even if it is gathered by a third party).

Bussey has established standing to bring a motion to suppress the evidence obtained from Microsoft pursuant to a search warrant based on an agent's misrepresentations and omissions.

2. **The search warrant affidavit, when considered with the agent's misrepresentations and omissions, does not establish probable cause.**

To obtain a search warrant, law enforcement must demonstrate probable cause to search each location listed on the warrant application. *United States v. Pitts*, 173 F.3d 677, 681 & n. 5 (8th Cir. 1999)(observing that a court "can sever deficient portions of a warrant without invalidating the entire warrant"); *see also Greenstreet v. County of San Bernandino*, 41 F.3d 1306, 1309 (9th Cir. 1994)(noting that in "multi-location search warrants, the magistrate must be careful to evaluate each location separately"). As Bussey noted, there were a number of generalized allegations in the agent's 131-paragraph affidavit, with only five devoted to him specifically. Doc. # 637, p. 2-5, Doc 637-1, ¶¶ 89-93. The government's response largely discusses the generalized allegations. Doc. # 884, p. 4-7.

When it turns to Bussey, the government summarizes the five specific paragraphs pertaining to him. Doc. # 884, p. 8. It then cursorily

posits that Bussey acted like other co-conspirators and knew and exploited "loopholes of the program," hoping to "hide behind the 'I am only an agent' argument." Doc. # 884, p. 8-9. But when the Court considers the information submitted by Bussey, there is no probable cause for issuance of a warrant for his email account.

### 3. **The Court should hold a *Franks* hearing.**

By providing documents obtained from the government in discovery that were available to the HSI agent prior to his swearing out an affidavit, Bussey has made an offer of proof that Agent Miranda knowingly misrepresented or omitted facts that if known, would have established a lack of probable cause.

*First*, the government contends that Bussey did not accurately describe the "penalty of perjury" provisions in the "H-2A application paperwork," arguing that page 7 of its exhibit 5 shows Bussey's signature under a preparer's declaration. Doc # 884, p. 10. Bussey **did** mention this preparer's certification in his motion:

> A separate form – USCIS Form I-129 – does require an agent to sign under penalty of perjury. *See*, Exhibit 2, p. 9. Notably, the agent attests that the employer "has reviewed this completed petition as prepared by me and informed me that all of the information in the form and in supporting documents is complete, true, and correct."

6

Doc. # 637, p. 7, n. 5.[1] Bussey's point was that the affidavit referred to the ETA 9142, not the "H-2A application paperwork" in ¶ 18:

> If submitted electronically, the ETA 9142 does not require an original signature at the time of submission. Before the ETA 9142 can be forwarded onto the DHS for final approval, however, it must be signed by both the U.S.-based employer and their agent/preparer (if application) under penalties of perjury.

Doc. # 637-1 at ¶ 18. At pages 6-7 of his motion, doc. # 637, Bussey correctly describes the responsibilities of agents and employers in the ETA 9142.[2]

> The government next makes this argument:
>
> Bussey argues that under the Code of Federal Regulations the duties of employer and agent differ significantly. Agents must rely on information provided by the employer; and employers must verify the information is accurate. The United States does not dispute this. . . .

Doc. # 884, p. 10. Without ever discussing Bussey specifically, the government contends that conspirators submitted fake documents to the government, tricked the government into issuing visas, and exploited

---

[1] The discrepancy in the page number is due to the fact that the government cites page 7 of the form (which is at page 11 of its .pdf file). Page 9 of Bussey's exhibit 2 is page 7 of the same form, although there is a "9" in the bottom right of the page.

[2] ETA 9142 begins at .pdf page 23 of his exhibit 2, doc. # 637-2, and .pdf page 22 of the government's exhibit 5. Doc. # 884, p. 5.

workers – all to the end that a jury (not a motion to suppress) should determine whether documents are fake. Doc. # 884, p. 11.

This argument misses the point. Based on the evidence Agent Miranda had in his possession prior to seeking a search warrant for Bussey's emails, Agent Miranda made misrepresentations or omissions about Bussey in obtaining a search warrant. That is why the government never analyzes Bussey's specific claims.

For instance, the affidavit contends that Bussey "submitted three Petitions with fraudulent information." Doc. # 637-1, at ¶ 90. But it specifies only one petition, which Bussey filed as agent for an employer named N.A. Doc. # 637-2. At paragraph 91, the affidavit says that 224 Meadow Road in Alma required workers for a grower named C.B.,[3] who submitted a letter showing a fixed site address there. Doc. # 637-1, at ¶ 91. At paragraph 93, the affidavit says that a fixed site search of the same

---

[3] The government's response speaks of "true farm owner[s]." Doc. # 884, p. 5. C.B. is a "true farm owner": he needed to have hundreds of acres of blueberries harvested in Coffee, Bacon, and Appling Counties. Doc 637, p. 3-4. The name corresponds with a Georgia Grown member who grows blueberries on "over 400 acres located in Nicholls, Alma, and Baxley Georgia." *See* https://georgiagrown.com/member/burnam-berry-farms-llc/

8

address at Meadow Road in Alma[4] showed that K.A. owned the property, and that A.A. (her husband) said in an interview that K.A. did not request any H2A workers for the property or have anything to do with the H2A process. Doc. # 637-1, at ¶ 93. The clear implication is that Bussey, in the single petition identified in the search warrant affidavit, lied about N.A.'s needing workers at the Meadow Road address – which was owned by K.A. and not C.B., the grower specified in the application.

Agent Miranda omitted four key facts when he described the only petition mentioned in the affidavit. *First*, the actual letter by C.B. referenced in ¶ 91 gives GPS coordinates for nine field sites. Doc. # 637-4. As Bussey noted, the first address corresponds to 246 Meadows Road in Alma (which didn't show up on the Bacon County Tax Assessor's site). Doc. # 637, p. 8. *Second*, on April 2 and 3, 2019, law enforcement agents contacted C.B., the grower, through phone and email. Doc. # 637-3. C.B. reported that he had three farms in Bacon County with three different GPS coordinates – **and that he had arrangements with N.A., the grower listed on the ETA 9142 form**. *Id. Third*, N.A., as the employer,

---

[4] Alma is the county seat of Bacon County, Georgia. *See* Wikipedia, "Alma, Georgia."

9

was the one fully responsible for providing site information – and he did so accurately. *Fourth*, paragraph 92 suggests that Bussey did something sinister because he received a notice of deficiency letter, doc. # 637-1, at ¶ 92, yet it fails to disclose that a notice of deficiency is standard practice under the regulations.

The single petition relied upon by Agent Miranda in the search warrant affidavit shows the lack of probable cause supporting a search warrant directed Microsoft for Bussey's emails.

4. **The good-faith exception does not apply if an agent presents false or misleading information to the magistrate judge.**

If an agent makes omissions and misrepresentations in violation of *Franks*, the good-faith exception to the exclusionary rule does not apply. *Franks*, 438 U.S. at 165-69; *accord Illinois v. Gates*, 462 U.S. at 264 (White, J., concurring). Based on the record here, this Court should

convene a *Franks* hearing and suppress the evidence from the Microsoft warrant.

Respectfully submitted, this the 15th day of March, 2024.

                        WITHERS LAW FIRM PC

                        ***/s/ Thomas A. Withers, Esq.***
                        Thomas A. Withers, Esq.
                        Georgia Bar Number: 772250
                        Attorney for Defendant Brett Donovan Bussey
8 E. Liberty St        Email: Twithers@witherslawfirmpc.com
Savannah, Ga. 31401
(912) 447-8400

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This the 15th day of March, 2024.

        WITHERS LAW FIRM PC

        ***/s/ Thomas A. Withers, Esq.***
        Thomas A. Withers, Esq.
        Georgia Bar Number: 772250
        Attorney for Defendant Brett Donovan Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: Twithers@witherslawfirmpc.com