IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 5:21-CR-09-20 |
| v. ) | |
| ) | |
| BRETT DONOVAN BUSSEY, ) | |
| ) | |
| Defendant. ) | |

**REPLY TO RESPONSE TO MOTION TO DISMISS THE MAIL FRAUD CONSPIRACY COUNT (COUNT 1), and THE SUBSTANTIVE MAIL FRAUD COUNTS (COUNTS 4 TROUGH 7)**

Brett Bussey, one of the Defendants herein, by and through the undersigned counsel, files this, his reply to the government response to his motion to dismiss the mail fraud conspiracy count, (count 1), and the substantive mail fraud count (counts 4 – 7) of the Indictment and respectfully shows the following:

**I. Mr. Bussey's Motion.**

In his Motion to Dismiss the conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 (count 1), and the substantive mail fraud counts, Mr. Bussey recounted the indictment's allegations in detail. Doc # 631, p. 2-3. Mr. Bussey then recited the familiar standards dealing with sufficiency of indictment allegations. *Id.* at p. 4 – 7. Mr. Bussey then

1

focused his argument on the constitutional insufficiency of the indictment as to those counts. *Id.* at p. 8 - 11.

## II. The Government Response.

The government response fails to address the factually deficient allegations in the indictment regarding Mr. Bussey. In fact, the response only mentions Mr. Bussey when setting forth the counts of the indictment in which he is a defendant. Doc # 889, p. 1, 2, and 7. And, the government spends a single conclusory paragraph asserting that the defendants' constitutional arguments fail. Doc # 889, p. 12, citing *Hamling*, 418 U.S.C. 87 (1974).

## III. The Allegedly Fraudulent Representations are Essential Facts that the Indictment Must Identify.

Two separate provisions of the Constitution must be considered in any inquiry into the facial validity of an indictment. First, the Sixth Amendment's "appraisal" requirement mandates that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . be informed of the nature and cause of the accusation." U.S. Const., Amend. VI. Second, the Fifth Amendment's Indictment Clause provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand jury." *See* U.S. Const., amend. V.

Count one alleges a conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. Doc # 3, p. 13 – 31. The government alleges that the scheme to defraud was executed by means of materially false and fraudulent pretenses, representations and promises with the object to make money in part by mailing fraudulent petitions. *Id.* ¶¶ 39-40. Counts 4 through 7 allege substantive mail fraud counts alleging that it was part of the scheme to defraud to complete I-129 petitions with false and fraudulent information for nonimmigrant H-2A visas, obtain fraudulent signatures and fake documents for purported employers, and without authority and with intent to defraud and mail the false and fraudulent petitions to the government. Id. p. 32-33, ¶ 66. The government's indictment is replete with the allegation of false and fraudulent representations, and documents.

As outlined in his moving papers, Mr. Bussey demonstrated that indictments charging mail or wire fraud must specify facts not merely in the general words of the statute, but with such reasonable particularity as will apprise the defendant, with reasonable certainty, of the nature of the accusation. *United States v. Bobo*, 344 F.3d 1076, 1084 (11th Cir. 2003) (reversing healthcare fraud conviction where "indictment ma[de] only a broad allegation of fraud in a health care benefit program without the

3

required specificity," and noting that "[a]n indictment that requires speculation on a fundamental part of the charge is insufficient").

The indictment here, while long in form, is short on factual substance, so that Mr. Bussey is not apprised of what facts he must meet at trial.

WHEREFORE, based on all of the reasons and authorities cited above, and in Mr. Bussey's Motion to Dismiss Count 1 and Counts 4 through 7, he respectfully requests that this be granted.

This the 18th day of March, 2024.

                                                Withers Law Firm PC

                                                */s/Thomas A. Withers, Esq.*
                                                Attorney Bar Number: 772250
                                                Attorney for Defendant Brett Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: twithers@witherslawfirmpc.com

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 18th day of March, 2024.

         Withers Law Firm PC

         */s/Thomas A. Withers, Esq.*
         Attorney Bar Number: 772250
         Attorney for Defendant Brett Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: twithers@witherslawfirmpc.com