UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | 5:21-CR-09-20 |
| BRETT DONAVAN BUSSEY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BUSSEY'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS WIRETAP EVIDENCE**

Defendant Brett Bussey, one of the defendants here, files this his Reply to the Government's Response to his Motion to Suppress Wiretap Evidence, and shows this Court the following:

Mr. Bussey moved to suppress the wiretap evidence against him doc # 651, focusing on the impropriety of the initial application and order and argued that all later orders were fruits of the poisonous tree. Doc # 651, p. 25. Bussey argued that agents obtained his telephone number from "labor certification [he] had previously submitted during the investigation," doc # 651-1 at ¶122, but never represented that agents obtained that number from illegal activity. Doc # 651, p. 5. Indeed, the one ETA 9142 petition discussed in the affidavit did not reflect illegal activity – as shown by information that the government had but did not

1

disclose in the affidavit. Doc # 651, p. 6-7. Bussey asserted, too, that the wiretap application failed to disclose that he made certain statements to the confidential source ("CS") detailed in the application only after the CS had gotten him drunk and other statements that the affidavit does not accurately represent. Doc # 651, p. 8-10, 12-19. Bussey discussed the generalized assertions in the application and the omissions about the CS in the affidavit. Bussey asked the Court to hold a *Franks* hearing and explained why the application did not establish probable cause or necessity for a wiretap. Doc # 651, p 4-5, 19-25.

Relying on generalized allegations itself, the government argues that the application showed probable cause. Doc # 885, p. 3-5. When it turns to specific allegations about the single ETA 9142 form discussed in its application, it does not mention that a fact-check of that form showed its legitimacy. Doc # 885, p. 5. Since Bussey has discussed that form in his motion to suppress the Microsoft search, doc # 637, p. 5-11, and reply brief filed along with this reply, doc # 936, he relies on those discussions here. The government attempts to explain away the CS getting Bussey drunk saying that the CS supplying Bussey with Scotch was "not at the direction of law enforcement" and that Bussey – whom the CS knew to be

2

an *alcoholic* – "freely and voluntarily drank the alcohol." Doc # 885, p. 9. It apparently is enough for the government that the agents "ultimately called the CS during the meeting to stop it [i.e., the CS getting Bussey even more drunk] from continuing." Doc # 885, p. 9 & n. 2.  And the government explains that the application disclosed "the CS's known criminal history," without explaining why a publicly available description of that criminal history simply was not "known." Doc # 885, p. 11.

Bussey renews his claims here, particularly the request for a hearing under Franks *v. Delaware,* 438 U.S. 154 (1978). As *Franks* requires, Bussey has made a substantial preliminary showing that the statements or omissions in the affidavit supporting the wiretap application are deliberately false or made with reckless disregard for the truth, and those misrepresentations and omissions were necessary to the finding of probable cause. *See United States v. Goldstein*, 989 F.2d 1178, 1197 (11th Cir. 2021).

Beyond citing *Franks* itself and a case discussing the general standard, the government's *Franks* counterargument relies only on

3

*United States v. Novaton*, 271 F.3d 968 (11th Cir. 2001). Doc # 885, p. 11-13. Here is the government's argument in that respect:

> In the case at hand, the agent disclosed the known convictions to the Court. There is no evidence that the agent omitted the facts deliberately in order to mislead the reviewing judge or did so recklessly. The purpose of disclosing the known criminal history to the Court is to help the Court weigh the credibility of the informant. In this case, the agent disclosed the known criminal history and corroborated the information provided by the informant by recording the conversations. The recordings speak for themselves. In *United States v. Novaton*, 271 F.3d 968 (11th Cir. 2001), the Court initially rejected a motion for a *Franks* hearing when the agent did not disclose the full criminal history of an informant, and incorrectly attributed a different conviction. The Court denied the motion to suppress, finding that the evidence was sufficiently corroborated by other evidence, and that any omissions concerning prior criminal history were immaterial and "frivolous." *Id.*, at 988. Therefore, the government moves the Court to deny Bussey's motion on this ground.

Doc # 885, p. 11-12.

The magistrate judge in *Novaton* held two *Franks* hearings. The first, which ran "over the course of eleven days," addressed information provided by and about the confidential sources cited in the wiretap affidavit. *Novaton*, 271 F.3d at 984. The second was a "three-day *Franks* hearing" based on evidence adduced at trial. *Id.* at 985. While the Court ultimately affirmed the denial of the suppression motion, it made several observations that are pertinent here.

*First,* the *Novaton* Court expressed concern about the agent's "apparent misrepresentations concerning the past cooperation of the informants involved in this case" – i.e., that three of the four informants had never cooperated, but the affidavit represented that all cooperated in the past. *Id.* at 986-87. It was "unclear" how the agent could have made affirmative statements that lacked any basis without having acted either deliberately or recklessly. *Id.* at 987. *Second*, it is an agent's, not informant's, misrepresentations that support a *Franks* hearing. *Id.* at 987-88. *Third*, the reason that the affiant failed to "perform more thorough reviews of the informants' criminal histories was the result of the fact that the investigation implicated Miami police officers, and,

5

consequently, the agents involved were cautious not to call attention to informants by digging into their criminal records." *Id.* at 988.

These principles from *Novaton* demonstrate why the Court should hold a *Franks* hearing here. *First*, the application cited a single objectionable ETA 9142 form completed by Bussey, as agent, yet the affiant misrepresented or omitted the regulatory scheme, the agency's contact with the actual farmer (who needed employees and dealt only with the employer Bussey represented), and the fact that the GPS coordinates in the application generally corresponded with the street address given. As in *Novaton*, it is unclear how the agent could have described that ETA 9142 as he did without acting deliberately or recklessly. *Second*, the government seemingly does not dispute Bussey's account of the April 30, 2019, meeting. Doc # 651, p. 2-15, doc # 885, p. 9-10. Instead, it attempts to cast blame for Bussey's inebriation on Bussey (he "freely and voluntarily drank the alcohol") and the CS ("the agents did not direct the CS to drink with Bussey"). Doc # 885, p. 9 & n. 2. It admits, though, that the agents knew at the time that CS was getting Bussey drunk (the agents "ultimately called the CS during the meeting to stop it from continuing"). *Id.* The affiant knew of Bussey's drunkenness

before drafting the application: it was apparent from the tape. Even so, the affiant chose not to disclose this material fact. *Third*, the nature of the CS's criminal history was not hidden. Counsel found it on a Google search. It was not a situation like *Novaton*, where doing a proper search would have tipped off potential officer-suspects.

Finally, the government argues that the good-faith exception applies. It does not if there's a *Franks* violation. *Franks*, 438 U.S. at 165-69; *accord Illinois v. Gates*, 462 U.S. at 264 (White, J., concurring). And if the Court suppresses the initial wiretap, it is statutorily required to suppress "evidence derived therefrom" – here, the evidence obtained in the remaining wiretaps. *See* U.S.C. §2518(10)(a) ("if the motion is granted, the contents of the intercepted wire or oral communication, or evidence derived therefrom, shall be treated as having been obtained in violation of this chapter").

Based on the reasons and authorities in his principal motion and in this Reply, Mr. Bussey asks the Court to hold a *Franks* hearing and grant his motion to suppress, whether based on the material misrepresentations and omissions or on the other ground enumerated in his motion.

This the 19th day of March, 2024.

> Withers Law Firm PC
>
> */s/Thomas A. Withers, Esq.*
> Attorney Bar Number: 772250
> Attorney for Defendant Brett Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: twithers@witherslawfirmpc.com

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 19th day of March, 2024.

                                        Withers Law Firm PC

                                        */s/Thomas A. Withers, Esq.*
                                        Attorney Bar Number: 772250
                                        Attorney for Defendant Brett Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: twithers@witherslawfirmpc.com