UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.    ) | INDICTMENT NUMBER: |
| ) | 5:21-CR-009-20 |
| BRETT DONAVAN BUSSEY, ) | |
| ) | |
| Defendant.    ) | |

### BRETT BUSSEY'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION FOR RETURN OF SEIZED PROPERTY FROM HIS SUNTRUST ACCOUNT

Mr. Bussey, one of the defendants herein, files this, his Reply to the Government's Response to his Motion for Return of Seized Property from his SunTrust account and shows this Court the following:

The government twice concedes that "Although Defendant may be legally correct, it is without effect" and "Although Defendant is legally correct . . . the argument has no effect in this case." Doc # 933, p. 2.

The government first contends that its partial reliance on Section 984 does not make the seizure unlawful. Doc # 933, p. 1 – 3. They misread their own documents. The government's application for the warrant was pursuant to 18 U.S.C. § 981. Doc # 640-1, p. 1. And the affidavit concludes that the property is subject to forfeiture pursuant to § 981 and § 984. Doc # 640-1, p. 667, ¶ 145.

The government then turns to whether Section 984 is a "separate cause of action," doc # 933, p. 3, citing two civil forfeiture cases. At this point in this proceeding, there is no cause of action because the government never filed a complaint for forfeiture so their reliance on two civil forfeiture cases does not apply.

The closest the government comes to articulating a legal dispute is its reliance on a 1999 case from the Central District of California. Doc # 933, p.2. But, in the *United States v. Currency, $300,000 Seized From Bryant Bank Account Number XXX-XX-XXXX*, 2013 WL 1498972, (N.D. Ala. April 9, 2013), cited in Bussey's opening brief, doc # 640, p. 8 – 9, the district court distinguished the California case by examining the basic rules of statutory construction as established by the Eleventh Circuit precedent, which requires courts to presume that the legislature means what it says. *Id.* at 4 – 5. The court there held that the plain language of section 984 provides that "no action pursuant to this section to forfeit property not directly traceable to the offense . . . may be commenced more than 1 year from the date of the offense." And, like the Third Circuit, the *Bryant Bank* court found that the term commenced has an unambiguous meaning – the filing of a civil action. *Id.* at *6.

No civil forfeiture action was commenced within one year of the date of the offense; therefore, the government is in wrongful possession of Mr. Bussey's property as the one-year statute of limitations bars the seizure. *Id.* at *7.

The government next argues that because the warrant was based on probable cause and that they established the requisite nexus, a term they do not define, the monies were not illegally seized. Doc # 933, p. 4. Again, segueing between the civil and criminal, the government speaks to the warrants "causes of action" relating to proceeds and money laundering. But a cause of action is the filing of a civil forfeiture complaint. *Bryant Bank*, 2013 WL 1498972, *1. The government never began a civil forfeiture action, so they are illegally in possession of Mr. Bussey's SunTrust bank account monies. That is the illegality here that permits this Court to Order the return of his property.[1]

The government's approach to this forfeiture is troubling. They obtain a civil forfeiture warrant, but never commence with the filing of a civil complaint. The warrant recites that the most recent bank account statement showed a balance of $11, 243.77, doc # 640-1, ¶ 145, but they seize the entire

---

[1] A court may order the government to return unlawfully seized monies. *United States v. Mann*, 140 F.Supp. 3d 513, 535 (E.D. N.C. 2015).

amount in the account - $23,593.60. Doc # 640, p. 3. But the only reference to any monies deposited into the account was for $8,850, doc # 640-1, ¶ 142.

WHEREFORE, based on all the reasons and authorities cited above, and in his original motion for return of seized property, Mr. Bussey respectfully requests that the government be ordered to return the seized monies from his SunTrust account to him forthwith.

Respectfully submitted, the 19th day of March, 2024.

                              WITHERS LAW FIRM PC

                              ***/s/ Thomas A. Withers, Esq.***
                              Thomas A. Withers, Esq.
                              Georgia Bar Number: 772250
                              Attorney for Defendant Brett Donovan Bussey

8 E. Liberty St
Savannah, Ga. 31401
(912) 447-8400
Email: twithers@witherslawfirmpc.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that I have on this day served all the parties in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

The 19th day of March, 2024.

                WITHERS LAW FIRM PC

                ***/s/ Thomas A. Withers, Esq.***
                Thomas A. Withers, Esq.
                Georgia Bar Number: 772250
                Attorney for Defendant Brett Donovan Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: twithers@witherslawfirmpc.com