IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 5:21-cr-9 |
| DELIA IBARRA ROJAS, and BRETT DONOVAN BUSSEY, | |
| Defendants. | |

**O R D E R**

Defendants Brett Donovan Bussey and Delia Ibarra Rojas filed Motions to Dismiss Count 53, which charges Bussey, Rojas, and others with money laundering conspiracy.  Docs. 632, 803.  Defendants Bussey's and Rojas's Motions are substantially similar.  The Government filed a consolidated Response in opposition to the Motions.[1]  Doc. 890.  Defendant Bussey filed a Reply.  Doc 935.  I held a hearing on this Motion on April 19, 2024.  Defendants' counsel and counsel for the Government appeared at the hearing, and the parties provided additional argument.  For the following reasons, I **DEFER** ruling on Defendant Bussey's and Defendant Rojas's Motions to Dismiss for 30 days.  This will provide the Government an opportunity to seek a superseding indictment.  If the Government does not issue a superseding indictment within 30 days, I will then issue a ruling on the pending Motions to Dismiss Count 53**.**

Defendants Bussey and Rojas raise a challenge about the sufficiency of the money laundering conspiracy charge in Count 53, as it is currently alleged.  Count 53 charges all

---

[1] The Government filed one Response in opposition to three Motions to Dismiss Count 53 filed by Defendants Bussey, Rojas, and Patricio.  Doc. 890 at 1.  The Court has since denied as moot Defendant Patricio's motion to dismiss because she reported all pretrial motions have been satisfied or otherwise resolved.  Doc. 972.

Defendants with money laundering conspiracy under 18 U.S.C. § 1956(h).  Doc. 3 at 40–44.  According to the Indictment, Defendants:

> aided and abetted by each other and by others known and unknown, with some joining the conspiracy earlier and others joining later, did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with others known and unknown, (1) to conduct and attempt to conduct financial transactions affecting interstate commerce, with funds which were proceeds of a *specified unlawful activity, that is conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 1349, and conspiracy to commit forced labor, in violation of Title 18, United States Code, Section 1594*, and which the defendants knew to be the proceeds of some form of unlawful activity, and (2) to transport cash to a place in the United States from or through a place outside the United States, and did conspire to do so with the intent to promote the carrying on of the *aforesaid specified activity*, in violation of Title 18, United States Code, Sections 1956(a)(l)(A)(i) and 1956(a)(2)(A).

Id. at 41 (emphases added).

Defendants Bussey and Rojas argue conspiracy to commit mail fraud and conspiracy to commit forced labor are not "specified unlawful activities" under 18 U.S.C. § 1956.  Doc. 632 at 5–6; Doc. 803 at 4–5.  Therefore, Defendants Bussey and Rojas move to dismiss Count 53 because it fails to allege essential elements of the money laundering conspiracy offense.  Doc. 632 at 3–6; Doc. 803 at 3–5.  The Government argues the specified unlawful activities are not essential elements of the money laundering conspiracy offense, so dismissal of this count is not required.  Id. at 4–6.  Even so, the Government states the Indictment "must be corrected."  Id. at 4.

During the hearing on this matter, the Government essentially conceded that Count 53 suffered from a significant defect.  The Government agrees conspiracy to commit mail fraud and conspiracy to commit forced labor are not specified unlawful activities under § 1956.  Doc. 890 at 1.  The Government proposes removing the erroneous conspiracy language or issuing a superseding indictment.  Id. at 6–7.  During the hearing, counsel for the Government argued the

Court should "remove" or "redact" the defective portions of the Indictment and deny the Motions to Dismiss. The Government alternatively asked for an opportunity to seek a superseding indictment. Counsel for Defendant Bussey conceded a superseding indictment could cure the issue, though it would come more than two years after the first Indictment.

There is an apparent defect in the Indictment. The Indictment identifies two offenses—conspiracy to commit mail fraud and conspiracy to commit forced labor—as specified unlawful activities under 18 U.S.C. § 1956. Subsection 1956(c)(7) defines specified unlawful activities. The definition includes dozens of enumerated acts, activities, and offenses. The definition incorporates the acts and activities listed in § 1961(1), including substantive mail fraud and forced labor. See § 1956(c)(7)(A). However, conspiracy to commit mail fraud and conspiracy to commit forced labor are not specified unlawful activities.

Typically, an indictment must be amended by resubmission to the grand jury. United States v. Reese, 611 F. App'x 961, 968 (11th Cir. 2015) (citing Russell v. United States, 369 U.S. 749, 770 (1962)). Resubmission is not required if the amendment is a matter of form, including amendments to "correct a misnomer." United States v. Norbergs, 752 F. App'x 942, 943 (11th Cir. 2018) (quoting United States v. Johnson, 741 F.2d 1338, 1340–41 (11th Cir. 1984)). Courts may, in some circumstances, strike surplusage from an indictment on the government's motion. United States v. Augustin, 661 F.3d 1105, 1116 (11th Cir. 2011) (citing United States v. Miller, 471 U.S. 130, 136 (1985); and then citing United States v. Cancelliere, 69 F.3d 1116, 1121 (11th Cir. 1995)). However, courts have erred by redacting or removing language that results in broader possible bases for conviction. See, e.g., United States v. Cancelliere, 69 F.3d 1116, 1121 (11th Cir. 1995) (holding the district court impermissibly broadened the bases upon which the jury could convict by redacting "willfully" from money

3

laundering counts); United States v. Narog, 372 F.3d 1243, 1249 (11th Cir. 2004) (holding the district court unconstitutionally broadened crimes charged in indictment by disregarding the phrase "that is, methamphetamine" in indictment).

Upon due consideration, I conclude the Government should have the opportunity to obtain a superseding indictment from the grand jury to address the apparent defect in Count 53. It would be premature to rule on Defendants' request for the Court to dismiss the money laundering conspiracy charge at this point, given the Government's request for an opportunity to pursue a superseding indictment. Notably, a "prosecutor may seek a superseding indictment at any time prior to a trial on the merits, so long as the purpose is not to harass the defendant." United States v. Barner, 441 F.3d 1310, 1315 (11th Cir. 2006) (citations omitted). Here, the Government has identified a legitimate reason for pursuing a superseding indictment.

I do not decide at this time whether specified unlawful activities are essential elements of the Count 53 money laundering conspiracy offense or whether other forms of relief, such as redaction, might cure the defect. Instead, I recognize the Government's concession the money laundering conspiracy charge is deficient, and I find the Government should be given an opportunity to obtain a superseding indictment. Should the Government choose not to pursue a superseding indictment within 30 days, I will issue a Report and Recommendation concerning the pending motion to dismiss.

## CONCLUSION

For the foregoing reasons, I **DEFER** ruling on Defendant Bussey's and Defendant Rojas's Motions to Dismiss. This will provide the Government an opportunity to seek a superseding indictment. If the Government does not obtain a superseding indictment within 30 days, I will then issue a ruling on the pending Motions to Dismiss Count 53.

**SO ORDERED**, this 21st day of May, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA