UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                    ) | INDICTMENT NUMBER: |
| ) | 5:21-CR-009-20 |
| BRETT DONAVAN BUSSEY, ) | |
| ) | |
| Defendant.            ) | |

### **DEFENDANT BRETT D. BUSSEY'S *BRADY* MOTION AND MEMORANDUM OF LAW**

BRETT D. BUSSEY, one of the defendants files his *Brady* Motion for Disclosure of Exculpatory and Impeaching Info. and Memorandum of Law under *Brady v. Maryland*, 373 U.S. 83 (1963), and moves the Court for entry of an Order directing the government[1] to make inquiry and disclose all of the following within its possession, custody or control, or the existence of which is known or by the exercise of due diligence could become known to the government.

Defendant brings this motion and shows the Court the following:

---

[1] The government includes but is not limited to the following: The United States Department of Labor (DOL), Department of Homeland Security, U.S. Citizen and Immigration Services, Department of State, and all other Federal and State investigative agencies, sheriff or police departments participating in this case.

1

## I. REQUESTS

Mr. Bussey expressly requests that the government produce all material exculpatory and impeaching evidence in the possession, custody, or control of, or obtainable through due diligence by the Government and any of its employees, agents, or representatives, relating to the following:

1. All records and information revealing prior convictions or guilty verdicts, or juvenile adjudications attributed to any witness called by the Government, including, but not limited to, relevant "rap sheets" and/or judgment and commitment orders.

2. All records and information revealing prior misconduct or bad acts attributed to any witness, particularly those which may be admissible under Fed.R.Evid. 608(b) to impeach the witness' truthfulness.

3. All consideration or promises of consideration given to or on behalf of any witness or expected or hoped for by the witness. By "consideration" we refer to absolutely anything, whether bargained for, which could be of value or use to a witness or to persons of concern to the witness, including, but not limited to:

- formal or informal promises of leniency,

- direct or indirect promises of leniency,

- favorable treatment or recommendations,

- any other assistance with respect to any pending charges, or potential criminal charges, parole, probation,

2

- favorable treatment in relation to licensing with the State of Georgia, or

- favorable treatment with regard to immigration status.

4.  All informant files on any government witness; the existence and identity of all federal, state and local government files on the witness; and the existence and identity of all official internal affairs, internal investigation, public integrity investigation, or personnel files relating to or connected with each witness who was or is a law enforcement officer.

5.  All records and/or information which could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution's evidence or which could lead to such records or information. This request specifically includes information as to the witness' psychiatric history or "basic mental trouble"; the use of "lie detectors" and the results; and the witness' use of narcotics or other drugs.

6.  The existence and identification of each occasion on which each witness who was or is an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body.

7.  Any and all other records and/or information which could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution's evidence or which could lead to such records or information. This request specifically includes information as to the witness' psychiatric history or

"basic mental trouble"; the use of hypnosis or hypnotic age regression; the use of "lie detectors" and the results; the witness' use of narcotics or other drugs.

8. The same records and information requested in items 1 through 7 above with respect to each non-witness declarant whose statements are offered in evidence.

9. Any exculpatory information which reflects favorably upon Mr. Bussey's lack of intent to Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349, Mail Fraud, in violation of 18 U.S.C. § 1341, Conspiracy to Engage in Forced Labor, in violation of 18 U.S.C. § 1589, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), and Tampering with a Witness, in violation of 18 U.S.C. §1512, as alleged in the Superseding Indictment.

10. Produce any records, reports, statements, or data compilations in any form of any federal public offices or agencies including reports in criminal matters observed by law enforcement officers and other law enforcement personnel which might in any way reflect in an exculpatory way upon the guilt or innocence of the defendant. Such documentation would be admissible against the United States under Rule 803(8) of the Federal Rules of Evidence.

11. All materials seized by the FBI, DOL, Department of Homeland Security, U.S. Citizen & Immigration Services, Department of State, or any State or Federal criminal investigators concerning any witness testifying on behalf of the government at the trial of this cause.

12. A list of all pending cases or investigations into any government witness.

13. Any statement of any government witness in which the witness minimizes, diminishes, or denies criminal involvement that was later admitted.

14. Any statement of criminal conduct of any government witness that adds to, enhances embellishes of completes an earlier statement that was not a full and complete disclosure of alleged criminal conduct at the time it was made.

15. Any statement of any government witness that acknowledges criminal conduct on behalf of the witness.

16. All communications between attorneys for the government and counsel for any government witness.

17. Any promises or benefits bestowed by the government in any fashion upon any government witness, including any benefit bestowed on Shaun Sharma by federal or state authorities.

18. A copy of any and all documents and communications between the Department of State and Shaun Sharma.

19. Any fact that demonstrates that the government has no legal or factual basis to seize the monies in his SunTrust account, from his residence, or any other seizure of Mr. Bussey's monies or property.

## II. ARGUMENT AND CITATION OF AUTHORITIES

### a. *Brady* Requires Disclosure of the Requested Information

As established by the Supreme Court in *Brady v. Maryland*, the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, despite the good faith or bad faith of the prosecution. 373 U.S. 83, 87 (1963). The duty of disclosure under *Brady* extends to impeachment evidence. *See Strickler v. Greene*, 527 U.S. 263, 280 (1999) (citing *United States v. Bagley,* 473 U.S. 667, 676 (1985)). "Exculpatory evidence" is "substantive evidence relating to a defendant's guilt or innocence or in mitigation of what otherwise would be guilty conduct." *United States v. Thevis*, 84 F.R.D. 47, 52 (N.D. Ga. 1979). Impeachment evidence comprises evidence affecting the credibility of witnesses: "[i]n the case of impeachment evidence, a constitutional error may derive from the government's failure to assist the defense by disclosing information that *might* have been helpful in conducting the cross-examination." *United States v. Scheer*, 168 F.3d 445, 452 (11th Cir. 1999) (emphasis supplied) (citing *Bagley* at 678); *see also Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763 (1972). The rule of *Brady* is "a rule of fairness and minimum prosecutorial obligation." *Thevis,* 84 F.R.D. at 52 (citing *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978)).

"Disclosure of documents and tangible objects which are 'material' to the preparation of the defense is required under the rule of *Brady v. Maryland*." *United States v. Jordan*, 316 F.3d 1215, 1250 n. 73 (11th 2003) (quoting Fed.R.Crim.P. 16, Notes (1974 Amends.)). Evidence is "material" for the purposes of *Brady* disclosure if it "would be *useful* in obtaining further [favorable] evidence." *Giles v. Maryland*, 386 U.S. 66, 74 (1967) (emphasis supplied); *see also United States v. Fernandez*, 136 F.3d 1434, 1438 (11th Cir. 1998); *United States v. Arnold*, 117 F.3d 1308 (11th Cir. 1997); *Hays v. State of Ala.*, 85 F.3d 1462, 1497-98 (11th Cir. 1996); *United States v. Newton*, 44 F.3d 913, 918 (11th Cir. 1994); *United States v. Spagnoulo*, 960 F.2d 990, 994 (11th Cir. 1992) (citation omitted). The disclosure requirements of *Brady* extend to potential exculpatory or impeaching evidence within other evidence. *See United States v. Arnold*, 117 F.3d 1308, 1317 (11th Cir. 1997) (surveillance tapes held to contain *Brady* material); *Ogle v. Estelle,* 641 F.2d 1122, 1125 (5th Cir. Unit A Apr.1981) (*Brady* violation found because suppressed Federal Bureau of Investigation reports contained favorable impeachment evidence). Accordingly, "*Brady's* disclosure requirements extend to materials that, *whatever their other characteristics*, may be used to impeach a witness," *Strickler*, 527 U.S. at 282 n. 21, even if the materials also contain allegedly "inculpatory" evidence, *id*. (Emphasis supplied) (citing *Bagley,* 473 U.S. at 676). Rather, the test focuses on "whether the undisclosed information could have substantially affected the efforts

7

of defense counsel." *United States v. Smith*, 77 F.3d 511, 515 (D.C. Cir. 1996). Furthermore, when material falls under both the ambit of *Brady* and the government's discovery obligations pursuant to Federal Rule of Criminal Procedure 16, "there can be no doubt but that the government must disclose the requested exculpatory material." *Thevis*, 84 F.R.D. at 52.

The government's duty to disclose favorable or impeachment evidence under *Brady* applies even when there is no request by the accused. *See Strickler*, 527 U.S. at 280 (citing *United States v. Agurs,* 427 U.S. 97, 107 (1976)). The prosecution further "has a duty to learn of *any* favorable evidence known to the others acting on the government's behalf in this case, including the police." *See id.*, at 281 (emphasis supplied) (citing *Kyles v. Whitley,* 514 U.S. 419, 438 (1995)). This includes evidence known *only* to law enforcement officers, and not the prosecuting attorney. *See id.*, at 280-81 (citing *Kyles* at 438). *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995) (holding that once the Food and Drug Administration "consulted with the prosecutor in the steps leading to the prosecution," it "is to be considered as part of the prosecution in determining what information must be made available to the defendant" and "cannot with its right hand say it has nothing while its left hand holds what is of value"); *United States v. Diaz-Munoz*, 632 F.2d 1330, 1334 (5th Cir. 1980) (government had duty to search CIA files since the nature of charges and the defendant's alleged conduct supported inference that CIA might have materials);

*United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980) (holding that government has duty to seek "out information readily available to it" such as information about witness' criminal record); *Martinez v. Wainwright*, 621 F.2d 184, 186-87 (5th Cir. 1980) (finding *Brady* violation where state prosecutor was unaware that the FBI rap sheet was in the possession of a state medical examiner); *United States v. Antone*, 603 F.2d 566, 569-70 (5th Cir. 1979) (imputing knowledge of state investigators to federal prosecutors in determining whether there was a *Brady* violation where there was a joint investigative task force); *United States v. Deutsch*, 475 F.2d 55 (5th Cir. 1973), *overruled on other grounds*, *United States v. Henry*, 749 F.2d 203 (5th Cir. 1984) (government had duty under *Brady* to obtain exculpatory information in possession of the United States Postal Service). "[A] prosecutor may not 'avoid disclosure of evidence by the simple expedient of leaving relevant evidence to repose in the hands of another agency while utilizing his access to it in preparing his case for trial.'" *United States v. Brazel*, 102 F.3d 1120, 1150 (11th Cir. 1997) (citation omitted).

"[T]he prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable." *Kyles,* 514 U.S. at 438. Similarly, "[w]hen the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable." *Agurs,* 427 U.S. at 111. This results from the fact that "the more specifically the defense requests certain

9

evidence, thus putting the prosecutor on notice of its value, the more reasonable it is for the defense to assume from the non-disclosure that the evidence does not exist, and to make pretrial and trial decisions on the basis of this assumption." *Bagley,* 473 U.S. at 682-83.   "[T]he prudent prosecutor will [therefore] resolve doubtful questions in favor of disclosure." *Id.*, at 108.

The obligations of *Brady* and its progeny therefore require that the government produce to the defendant, any and all exculpatory or impeaching evidence relating to the defendant's specific requests above, which could be used by the defense within its possession, custody or control, or that of any of its employees, agents or representatives. The defendant is entitled to production of evidence relating to the motives of any witness for the Government. *See Giglio*, 405 U.S. 150; *United States v. Williams*, 954 F.2d 668 (11th Cir. 1992); Fed.R.Evid. 608. The Government may further not withhold evidence that a witness has made prior false or inconsistent statement. *See States v. Espinosa-Hernandez,* 918 F.2d 911, 914 (11th Cir. 1990); *United States v. Martino*, 648 F.2d 367, 384 (5th Cir. 1981); *Schneider v. Estelle*, 552 F.2d 593, 595 (5th Cir. 1977).

Any promises or inducements made by the government to any witness constitute logical impeachment material under *Brady*. *See Williams* at 672; *United States v. Nickerson*, 669 F.2d 1016, 1018 (5th Cir. 1982). Similarly, evidence that the government has threatened a potential witness to obtain the witness' cooperation

10

is subject to production under *Brady* and because it implicates a defendant's Sixth Amendment right of access to witnesses. *See United States v. Heller*, 830 F.2d 150, 154 (11th Cir. 1987); *United States v. Hendricksen*, 564 F.2d 197, 198 (5th Cir. 1977). A witness' mental health information has further been held relevant for impeachment purposes. *See United States v. Partin*, 493 F.2d 750, 762 (5th Cir. 1974). The Defendant is also entitled to production of any evidence tending to impeach or show the unreliability of the statement of any alleged co-conspirator. *See United States v. Kubiak*, 704 F.2d 1545, 1549-1551 (11th Cir. 1983) (co-conspirator's exculpatory statement was *Brady* material). Similarly, a witness' prior arrests and misconduct are relevant for impeachment purposes and therefore within the purview of *Brady*. *See United States v. Espinosa-Hernandez*, 918 F.2d 911, 914 (11th Cir. 1990) (holding that government witness' misconduct bears directly on credibility); *United States v. Cohen*, 888 F.2d 770, 776-777 (11th Cir. 1989) (conviction reversed where trial court excluded evidence offered under Fed. R. Evid. 404(b) that prosecution witness had previously concocted and managed a fraudulent scheme); *United States v. McClure*, 546 F.2d 670, 673 (5th Cir. 1977) (conviction reversed where trial court excluded evidence offered under Fed. R. Evid. 404(b) to show that informant had previously entrapped other defendants).

## III. <u>CONCLUSION</u>

For all these reasons, Mr. Bussey respectfully requests that his *Brady* Motion be granted.

This the 12th day of August, 2024.

                                            WITHERS LAW FIRM PC

                                            ***/s/Thomas A. Withers, Esq.***
                                            Thomas A. Withers
                                            Georgia Bar Number: 772250
                                            Attorney for Defendant Brett D. Bussey

8 East Liberty Street
Savannah, Ga. 31401
(912) 447-8400
TWithers@witherslawfirmpc.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This the 12th day of August, 2024.

                              WITHERS LAW FIRM PC

                              ***/s/ Thomas A. Withers, Esq.***
                              Thomas A. Withers, Esq.
                              Georgia Bar Number: 772250
                              Attorney for Defendant Brett D. Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
Facsimile:   (912) 629-6347
EMail: Twithers@witherslawfirmpc.com