IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DELIA IBARRA ROJAS, and BRETT
DONOVAN BUSSEY,

    Defendants.

CIVIL ACTION NO.: 5:21-cr-9

### O R D E R

Defendants Brett Donovan Bussey and Delia Ibarra Rojas filed Motions for Severance. Docs. 639, 801.  Defendants' Motions are substantially similar.  The Government filed a consolidated Response in opposition to the Motions.  Doc. 887.  Defendant Bussey filed a Reply. Doc. 940.  I held a hearing on these Motions on April 19, 2024.  Doc. 1133 (hearing transcript). Defendants' counsel and counsel for the Government appeared at the hearing, and the parties provided additional argument.  For the following reasons, the Court **DENIES** Defendants' Motions for Severance.

### BACKGROUND

The Government charged 24 Defendants for their role in an international mail fraud, forced labor, and money laundering conspiracy.  Defendants Delia Rojas and Brett Bussey were charged as a part of this conspiracy.  The Government filed a Superseding Indictment on June 4, 2024.  Doc. 1012.  The Superseding Indictment contained the following charges against Defendant Brett Bussey: conspiracy to commit mail fraud; mail fraud; conspiracy to engage in forced labor; money laundering conspiracy; and tampering with a witness.  The Superseding

Indictment contained the following charges against Defendant Delia Ibarra Rojas: conspiracy to commit mail fraud; conspiracy to engage in forced labor; forced labor; and money laundering conspiracy. The charges were substantially similar to the charges in the original Indictment.

Defendants Rojas and Bussey filed their Motions for Severance, arguing severance is warranted on grounds of serious risk of prejudice to both Defendants. Defendants Rojas and Bussey argue they will be prejudiced from any joint trial, as the other co-Defendants are alleged to have committed murder, kidnapping, making threats of death or violence, and holding victims in inhumane conditions. The Government filed a Response, arguing severance is not appropriate.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) permits joinder of defendants in a single indictment where they are alleged to have participated in the same transaction or series of transactions. "Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." United States v. Lopez, 649 F.3d 1222, 1233 (11th Cir. 2011). "The general rule, however, especially in conspiracy cases, is that persons jointly indicted should be tried together." United States v. Sullivan, 578 F.2d 121, 123 (5th Cir. 1978). Under Federal Rule of Criminal Procedure 14, an exception to this rule may be enforced where joinder would cause the defendant undue prejudice. "We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539

(1993). "In considering a motion for severance, the trial court must balance the possible prejudice to the defendant against the government's interest in judicial economy." United States v. Staller, 616 F.2d 1284, 1294 (5th Cir. 1980). Some degree of prejudice may arise in every joint trial. However, "[a] mere showing of some prejudice has usually been insufficient, for qualitatively it must be the most compelling prejudice against which the trial court will be unable to afford protection." United States v. Perez, 489 F.2d 51, 65 (5th Cir. 1973).

## DISCUSSION

Defendants argue they will be prejudiced by the broad allegations against all the other co-Defendants. Defendant Bussey argues the only specific allegations concerning him are that he allegedly sent four form I-129s by United States mail in March 2021 and he tampered with a grand jury witness. Doc. 639 at 2. Defendants Bussey and Rojas contend subjecting them to a trial involving highly inflammatory evidence of murder, rape, kidnapping, threats of violence, and persons being held captive in inhumane conditions presents a serious risk the jury will be unable to separate the evidence against them from evidence against their co-defendants. Doc. 639 at 4; Doc. 801 at 3. Defendant Bussey also argues a joint trial will prejudice his right to a speedy trial under the Sixth Amendment. Doc. 639 at 9–10.

The Government contends severance is not warranted in this case. Doc. 887 at 2. The Government argues Defendants indicted together are usually tried together and the offenses charged in the Superseding Indictment are part of the same series of acts or transactions. Id. at 3–7. The Government also argues violent and inhumane acts do not severely prejudice Defendants by a joint trial. Id. at 11–12.

I.      **Defendants Have Not Demonstrated Compelling Prejudice That Would Warrant Severance**

Defendants Bussey and Rojas argue they will be highly prejudiced by the allegations and highly inflammatory evidence against the other codefendants.  Doc. 639 at 4; Doc. 801 at 3.  Defendant Bussey states the Government does not allege he engaged in any of the alleged violent and inhumane acts and much of the conduct occurred before the specific conduct attributed to Defendant Bussey.  Doc. 639 at 4.  Both Defendants argue admission of the evidence of violent crimes and abuse poses a serious risk the jury will be unable to separate the evidence and will be unable to make a fair and reliable determination regarding the case against Defendant Bussey.  Doc. 639 at 7; Doc. 801 at 4.  Defendants contend the serious risk of prejudice outweighs any interest in judicial efficiency.  Doc. 639 at 9; Doc. 801 at 5.

The Government argues Defendants cannot establish the Defendants will suffer "compelling prejudice" due to potential spillover evidence—the ground primarily invoked by the moving Defendants—or under any other theory.  Doc. 887 at 8.  The Government states cautionary jury instructions help mitigate the potential for any "spillover effect."  Id.  The Government argues Defendants have not shown that a properly instructed jury could not follow the Court's instructions to consider each Defendant and the evidence against each Defendant separately.  Id. at 9.  The Government also contends the violent and inhumane acts are part of the same conspiracies and not participating in every phase of the conspiracy is not sufficient to justify severance.  Id. at 11–12.

"[S]everances need be granted only if there is a serious risk that a joint trial would either 'compromise a specific trial right of one of the defendants' or 'prevent the jury from making a reliable judgment about guilt or innocence' even if limiting instructions are given." United States v. Lopez, 649 F.3d 1222, 1234–35 (11th Cir. 2011) (quoting United States v. Thompson,

4

422 F.3d 1285, 1292 (11th Cir. 2005)).  Even when the risk of prejudice is high, the United States Supreme Court has stated, "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."  Zafiro v. United States, 506 U.S. 534, 539 (1993).  When it comes to evidence of guilt introduced against a codefendant that would be inadmissible against the defendant in a separate trial, the Eleventh Circuit Court of Appeals has said, "[A] court's cautionary instructions ordinarily will mitigate the potential 'spillover effect' of evidence of a co-defendant's guilt."  United States v. Kennard, 472 F.3d 851, 859 (11th Cir. 2006).  "A single conspiracy, however, may exist even if not all conspirators take part in all aspects of the scheme."  United States v. Marszalkowski, 669 F.2d 655, 659–60 (11th Cir. 1982).  "The general rule is that even acquittal of conspiracy does not of itself establish misjoinder."  Id. at 660.  "The applicable test is whether it was 'within the capacity of the jurors to follow the court's limiting instructions and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements, and conduct."  United States v. Cross, 928 F.2d 1030, 1039 (11th Cir. 1991) (quoting United States v. Silien, 825 F.2d 320, 323 (11th Cir. 1987)).

       Defendants Bussey and Rojas have not met the burden to warrant severance in this case.  Defendants have not demonstrated they will suffer compelling prejudice as a result of the spillover effects of being tried jointly with co-defendants.  Aside from general references to violent acts committed by co-Defendants as part of the conspiracy, Defendants Bussey and Rojas fail to explain how any particular evidence would create a risk that the jury would conflate its determination of each Defendant's guilt.  With only eight Defendants remaining in the case, the Court's instructions to the jury to consider each offense and the evidence pertaining to it separately and to consider the case of each Defendant separately and individually should mitigate any prejudice concerns.

Although Defendant Bussey argues he will be prejudiced by the evidence introduced against co-Defendants, the effect of that prejudice will be minimal. Defendant Bussey is charged in the overall mail fraud conspiracy. The object of the conspiracy was to make money from illegal activities, including mailing fraudulent petitions seeking non-immigrant H-2A visas for foreign workers, financially exploiting the foreign workers through forced labor, and then hiding the illegal proceeds through money laundering. Doc. 1012 at 9. As a part of the conspiracy, conspirators allegedly would threaten foreign workers with deportation or violence. Id. at 11. Therefore, evidence about the conspirators' violent acts against foreign workers would appropriately be included in Defendant Bussey's trial as a part of the mail fraud conspiracy charge. Additionally, the Government initially charged 24 Defendants in this case and 18 have already been dismissed or convicted, including several who committed some of the most violent acts included in the Superseding Indictment. Evidence of violent acts will be very limited and focused on the individual remaining Defendants who committed them. The risk of prejudice and confusion for the jury is very limited and does not rise to a level warranting severance.

The risk of prejudice for Defendant Rojas is even lower. Defendant Rojas is also charged with conspiracy to commit mail fraud. Id. at 8. In addition to mailing the petitions, the Government alleges Defendant Rojas exploited workers and threatened them with a gun to force them to work. Id. at 17. The Government also alleges Defendant Rojas sold workers to other conspirators. Id. at 18. The evidence about the conspirators' violent acts would appropriately be included in Defendant Rojas's trial as a part of the mail fraud conspiracy charge. And some of the acts may be attributed specifically to Defendant Rojas. As noted above, any evidence of violent acts not attributable to Defendant Rojas will be focused on the remaining Defendants

who committed them.  The risk of prejudice for Defendant Rojas does not rise to the level of warranting severance in this case.

## II. Defendant Bussey Has Not Demonstrated a Sixth Amendment Violation

Defendant argues any joint trial will prejudice his right to a speedy trial and the case has been pending for over 21 months (at the time of his Motion) since the initial Indictment.  Id. at 9–10.  The Government does not directly address Defendant Bussey's Sixth Amendment argument.

There are four basic factors courts should consider in determining whether a defendant has been deprived of his constitutional right to a speedy trial: "(1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant."  United States v. Dunn, 345 F.3d 1285, 1296 (11th Cir. 2003).

Defendant has not shown he has been deprived of his constitutional rights.  In this case, approximately 36 months have elapsed since the Indictment.  This is presumptively prejudicial.  See id. at 1296 ("A delay is considered presumptively prejudicial as it approaches one year."). However, the other three factors do not weigh heavily against the Government.  Nothing indicates the prosecution was more responsible than the defense for the delay.  Multiple Defendants, including Mr. Bussey, have filed numerous motions requiring resolution in this case before trial can proceed.  Defendant Bussey was not especially vigilant in asserting his right to a speedy trial, as he waited over 21 months before raising his speedy trial claim.  He did not raise the speedy trial issue in any of his motions filed prior to this Motion for Severance.  Defendant Bussey has also not shown any actual prejudice to him or his defense resulting from this delay. Additionally, all parties agreed very early in the case that this matter is extraordinarily complex due to the volume of discovery, the scope of the alleged conspiracies, and the number of

Defendants.  Docs. 360, 364.  Therefore, Defendant Bussey has not demonstrated a joint trial will violate his Sixth Amendment rights.

## CONCLUSION

For the reasons stated above, I **DENY** Defendants' Motions for Severance.

**SO ORDERED**, this 7th day of October, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA