UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.        ) | INDICTMENT NUMBER: |
| ) | 5:21-CR-09-20 |
| BRETT DONAVAN BUSSEY,  ) | |
| ) | |
| Defendant.     ) | |

**DEFENDANT BRETT BUSSEY'S OBJECTIONS TO THE MAGISTRATE JUDGE'S DENIAL OF HIS MOTION FOR BILL OF PARTICULARS**

Defendant Brett Bussey files this, his Objections pursuant to Federal Rule of Criminal Procedure 59(a), to the Magistrate Judge's Denial of his Motion for a Bill of Particulars, and shows the Court the following:

1. **Introduction.**

Pursuant to Federal Rule of Criminal Procedure 59(a), a defendant may file objections to a magistrate judge's nondispositive order "within 14 days after being served with a copy of a written order." Fed. R. Crim. P. 59(a). "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id*. "[A] ruling is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *United States v. Wimbley*, No. 11-cr-0019, 2011 WL 3204539, at *2 (S.D. Ala. July 27, 2011) (overruling magistrate's

1

order) (quotation marks and citation omitted). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted). The clearly erroneous standard applies only to the magistrate's finding of fact. *Horn-Brichetto v. Smith*, 2019 WL 921454, at 19 (E.D. Tenn. Feb. 25, 2019). An Order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## 2. Procedural History.

The government indicted Mr. Bussey and 23 other defendants on October 5, 2021. *See* Doc. # 3. The prosecution charged the defendants in a 50-page indictment with alleged participation in a criminal organization engaging in international forced labor trafficking, mail fraud and money laundering from at least 2015 through October 2021. *Id.* at ¶¶ 1, 9.

The prosecution made its first production of discovery to Mr. Bussey and his counsel on April 8, 2022, and proceeded to make 13 more productions to Mr. Bussey and his counsel over approximately the next 10 months. *See* Doc. # 549, p. 2. The prosecution has represented that the

productions include over 15 terabytes of data. *See* Doc. # 461, pp. 2-3. The index to the government's production is 3,776 pages long. *Id*.

In July 2023, Mr. Bussey timely filed a Motion for Bill of Particulars. Doc # 633. The government opposed the motion and Mr. Bussey then filed a Reply. Doc # 938. A pretrial hearing was held in April 2024. Doc # 988.

Realizing the money laundering count was infirm, the government filed a Superseding Indictment in June 2024. See doc # 632, 935, 1013.

The Magistrate's Order denying Mr. Bussey's Motion for Bill of Particulars was entered on October 15, 2024. Doc # 1157. This timely Objection follows.

### 3. The Standard for Requiring the Government to Provide a Bill of Particulars.

For an indictment to be valid, it must contain the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet. If the indictment tracks the language of the statute, it must include such a statement of the facts as will inform the accused of the specific offense, coming under the general description, with which he is charged. *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (citing *Russell v. United States*, 369 U.S. 749, 763, 765 (1962)). If an indictment omits facts that are necessary to satisfy these requirements, the appropriate remedy is to require the government to provide a bill of particulars. *United States v. Debrow*, 346 U.S. 374, 378 (1953); Fed. R. Crim. P. 7(f).

3

A Bill of Particulars serves three interrelated functions: (1) to inform the defendant adequately of the charges so that she may prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to allow the defendant to plead its acquittal or conviction as a bar to another prosecution for the same offense where the indictment is unnecessarily vague or ambiguous. *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985).

This Court has broad discretion to grant a request for a bill of particulars *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). The Notes to Rule 7 state that the Rule "is designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." Fed.R.Crim.P. 7 (1966 Amends.).

4. **The Magistrate's Order is Clearly Erroneous and Contrary to Law.**

Citing *United States v. Thevis*, 474 F. Supp. 117, 123 (N.D. Ga. 1979), the Magistrate noted that a bill of particulars is not a carte blanche opportunity to investigate the government's case. Doc # 1157, at 4. *Thevis* is instructive. There the district court noted that the defense has the burden of showing by brief, affidavit or otherwise that nondisclosure of the particulars would lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation. *Id.* at 124. The defense showing required is

4

that the particular request is necessary to allow the defendant to conduct his own investigation of the facts out of which the charge arose. *Id.* The fundamental interests of the defendant then must be balanced against the government's interests, with the defendant's interests prevailing in close cases. *Id.*

The Magistrate Judge found that Mr. Bussey failed to carry the burden entitling him to a Bill of Particulars, *id.*, at 5, and that the Superseding Indictment and extensive discovery put him on notice of the charges against him. *Id.* The Magistrate concluded that Mr. Bussey did not show that the requested particulars are not included in the vast amount of discovery available. *Id.*

The Magistrate erroneously found that the details in the object of the conspiracy and the manner and means put Mr. Bussey on notice of the charges. Doc # 1157, 5-6. Mr. Bussey is not named in a single manner or means of the indictment. As to the 61 overt acts, Mr. Bussey is named in only one act - hhh, on page 24. The Magistrate also notes that the 22 overt acts in support of the money laundering conspiracy counsel against providing a bill of particulars. Doc # 1157, p. 5-6. Yet not one of those acts name Mr. Bussey, so that doesn't provide him necessary facts against which he must prepare a defense.

5

The threadbare allegations of mail fraud and forced labor fail to inform Mr. Bussey of the facts against which he must defend. Mr. Bussey is mindful that a motion for a Bill of Particulars cannot be used for general discovery. Here, the mail fraud and forced labor counts don't inform Mr. Bussey of the facts against which he must defend. He is left to guess how the I-129 petitions are false or fraudulent as alleged in the mail fraud conspiracy and substantive mail fraud counts. In fact, the only allegations that provide Mr. Bussey with the necessary facts are alleged in subparagraph hhh of Count 1. See doc # 1012, p. 24-25.

As Mr. Bussey argued in his moving papers, and at the pretrial hearing, the indictment fails to inform him of the facts he should be prepared to meet at trial. The Magistrate erred in denying the Motion for a Bill of Particulars.

The Magistrate also erroneously found that because of the extensive discovery provided, doc # 1157, at 6-7, a bill of particulars was unnecessary. Yet as Mr. Bussey argued in his Reply Brief, doc # 938, at 2-3, the government doesn't fulfill its Rule 16 obligations by providing mountains of documents to defense counsel left unguided as to which documents the government contends are false or fraudulent. See United *States v. Bortnovsky,* 820 F.2d 572, 575 (2d Cir. 1987). *See also United States v. Vasquez-Ruiz,* 136 F.Supp.2d 941, 943 (N.D. Ill. 2001) ("The defense should

6

not be left to its own devices and a sifting of the voluminous materials that have been provided in order to divine the particulars of these critical allegations, which have not yet been disclosed.") (citing *United States v. Davidoff,* 845 F.2d 1151, 1155 (2d Cir. 1988)).

The Magistrate cites *Schmuck v. United States*, 489 U.S. 705 (1989), for the proposition that Mr. Bussey's request that the government identify false statements and representations is unfounded since entirely innocent mailings may constitute mail fraud. Doc # 1157, at 8. The Magistrate errs for it is the indictment that alleges that the I-129 petitions were fraudulent, ¶¶ 14, 15, 18, 19, 20, 24, 29, and that the petitions contained false and fraudulent information ¶¶ 50 a, b, c. The indictment states that the petitions are "false and fraudulent." Mr. Bussey requests that the government simply inform him what is false and fraudulent because it is not evident from the discovery – how are those petitions false or fraudulent. See doc # 633, p. 5-6.

WHEREFORE, based on all the reasons and authorities cited above, Mr. Bussey respectfully requests that this Court overrule the denial of his Motion for Bill of Particulars.

This 29th day of October, 2024.

*/s/Thomas A. Withers, Esq.*
Attorney Bar Number: 772250
Attorney for Defendant Brett Bussey

Withers Law Firm P.C.
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: twithers@witherslawfirmpc.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 29th day of October, 2024.

*/s/Thomas A. Withers, Esq.*
Attorney Bar Number: 772250
Attorney for Defendant Brett Bussey

Withers Law Firm P.C.
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: twithers@witherslawfirmpc.com