UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | 5:21-CR-009-20 |
| BRETT DONAVAN BUSSEY, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT BRETT BUSSEY'S OBJECTIONS TO THE MAGISTRATE JUDGE'S DENIAL OF HIS *BRADY* MOTION

Defendant Brett Bussey files this, his Objections pursuant to Federal Rule of Criminal Procedure 59(a), to the Magistrate Judge's Order, doc # 1166, denying his *Brady* Motion, doc # 1128, and shows the Court the following:

### 1. Introduction.

Pursuant to Federal Rule of Criminal Procedure 59(a), a defendant may file objections to a magistrate judge's nondispositive order "within 14 days after being served with a copy of a written order." Fed. R. Crim. P. 59(a). "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.* "[A] ruling is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *United States v. Wimbley*, No. 11-cr-0019, 2011 WL 3204539, at *2 (S.D. Ala. July 27, 2011) (overruling magistrate's order) (quotation marks and citation omitted). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed." *Id.* (citations omitted). The clearly erroneous standard applies only to the magistrate's finding of fact. *Horn-Brichetto v. Smith*, 2019 WL 921454, at 19 (E.D. Tenn. Feb. 25, 2019). An Order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

**2. Procedural History.**

The government indicted Mr. Bussey and 23 other defendants on October 5, 2021. *See* Doc # 3. The prosecution charged the defendants in a 50-page indictment with alleged participation in a criminal organization engaging in international forced labor trafficking, mail fraud and money laundering from at least 2015 through October 2021. *Id.* at ¶¶ 1, 9.

The prosecution made its first production of discovery to Mr. Bussey and his counsel on April 8, 2022, and proceeded to make 13 more productions to Mr. Bussey and his counsel over approximately the next 10 months. *See* Doc # 549, p. 2. The prosecution has represented that the productions include over 15 terabytes of data. *See* Doc # 461, pp. 2-3. The index to the government's production is 3,776 pages long. *Id.*

The government filed a Superseding Indictment in June 2024. Doc # 1013. Mr. Bussey filed his *Brady* Motion on August 12, 2024, requesting 19 items of *Brady* information. Doc # 1128. The government filed a one sentence response, doc # 1135, stating that it was aware of its "duties and responsibilities" under *Brady* and would comply. *Id.*

The Magistrate denied Mr. Bussey's *Brady* Motion on October 21, 2024, doc # 1166, stating that the defendant "fails to demonstrate" that the government has withheld or failed to disclose any information or evidence under *Brady*. This timely Objection follows.

### 3. The Magistrate's Order Denying Mr. Bussey's *Brady* Motion is Contrary to Law.

The Magistrate's Order denying Mr. Bussey's *Brady* Motion is contrary to law because the items of evidence and information he sought are *Brady* material. Mr. Bussey summarizes his requests set forth fully at doc # 1128 at 2-5, and addresses each in turn:

1) Prior convictions, and rap sheets of government witnesses. These items are *Brady* material. See *United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980) (holding that government has duty to seek "out information readily available to it" such as information about witness' criminal record); *Martinez v. Wainwright*, 621 F.2d 184, 186-87 (5th Cir. 1980) (finding *Brady* violation where state prosecutor was unaware that the FBI rap sheet was in the possession of a state medical examiner). Mr. Bussey requests that this Court grant this request.

2) Prior misconduct of government witnesses that would be impeaching information under Fed.R.Evid. 608(b). A witness' prior arrests and misconduct are relevant for impeachment purposes and therefore within the purview of *Brady*. *See United States v. Espinosa-Hernandez*, 918 F.2d 911, 914 (11th Cir. 1990) (holding

3

that government witness' misconduct bears directly on credibility); *United States v. Cohen*, 888 F.2d 770, 776-777 (11th Cir. 1989). Mr. Bussey requests that this Court grant this request.

3) Promises of leniency, and/or favorable treatment. The Supreme Court has held that evidence of motivation to testify, especially for key prosecution witnesses, is impeachment evidence that must be disclosed. *United States v. Bagley*, 473 U.S. 667, 576 (1985); *Giglio v. United States*, 405 U.S. 150, 154-155 (1972); *Kyles v. Whitley*, 514 U.S. at 442 (evidence showing the motive for an important government witness to come forward is impeachment evidence covered by the *Brady* rule); *Napue v. Illinois*, 360 U.S. 264, 269 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend."). The Supreme Court recognizes that there is a duty of disclosure even when the items disclosed subsequently prove not to be material. *Strickler v. Greene*, 527 U.S. 263, 281 (1999). Mr. Bussey requests that this Court grant this request.

4) Informant files concerning witnesses. In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court announced that the fundamental requirement of fairness mandates that when the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused,

4

or is essential to a fair determination of a cause, the privilege must give way. *Id.* at 60-61. "The problem is one that calls for balancing the public interest in protecting the flow of information against ***the individual's right to prepare his defense***. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62 (Emphasis added.) Although *Brady* does not authorize defense counsel to engage in baseless fishing expeditions, to the extent that the files contain material information tending to impeach government witnesses, *Brady* requires disclosure. *United States v. Quintanilla*, 760 F.Supp. 687, 696-97 (N.D. Ill. 1991). Given the active involvement of Mr. Sharma in this investigation, see doc # 651, p. 8-10, Mr. Bussey is entitled to timely disclosure of his motivations to testify. Mr. Bussey requests that this Court grant this request.

Mr. Bussey withdraws his request for internal affairs investigations of law enforcement officers.

5) Impeaching information for witnesses, including drug usage, or mental health issues that would detract from the probative force of the prosecution's evidence. The Sixth Amendment of the U.S. Constitution gives a defendant the right to be confronted with the witness against him. The "primary interest secured by [the

confrontation clause] is the right of cross-examination." *United States v. Lindstrom*, 698 F.2d 1154, 1159 (11th Cir. 1983) citing *Davis v. Alaska*, 415 U.S. 308 (1974). Certain forms of mental disorder have high probative value on the issue of credibility. *Lindstrom*, at 1160. The Eleventh Circuit held that a psychotic's veracity may be impaired by lack of capacity to observe, correlate, or recollect actual events. A paranoid person may interpret a reality skewed by suspicions, antipathies, or fantasies. *Id.* Similarly, a cooperating witness' history of drug abuse falls within the ambit of the *Brady* disclosure obligations. *United States v. Burnside*, 824 F.Supp. 1215, 1252 (N.D. Ill. 1993). Mr. Bussey requests that this Court grant this request.

6) Prior testimony of cooperating witnesses, con-conspirators, or expert witnesses. Mr. Bussey withdraws this request as it should be covered by 18 U.S.C. § 3500.

7) This request repeats the same information sought in request number 5.

8) The same information requested in paragraphs 1 through 7 for non-witness declarants. See *United States v. Johnson*, 218 F.Supp. 3d 454, 458 n. 2 (W.D. Penn. 2016) (to the extent the government has information that significantly undermines the truthfulness of a critical non-witness declarant, such information may well fall within the scope of *Brady* even though discovery of the specific

statement is not otherwise available.) Mr. Bussey requests that this Court grant this *Brady* request.

9)  Exculpatory information related to Mr. Bussey's lack of intent to commit any of the charged crimes. This evidence falls under the holding of *Brady*. The government should be required to disclose this information.

10)  Reports and records which reflect in an exculpatory manner on the guilt or innocence of Mr. Bussey. Again, this information is *Brady* material, and the government should be required to disclose.

11)  All materials seized from any witness testifying on behalf of the government. If seized evidence from a government witness contains *Brady* material, the government should disclose that evidence.

12)  Pending cases or investigations into any government witness. In *Davis v. Alaska*, 415 U.S. 308 (1974), the Supreme Court reversed the trial court because it abridged the defendant's Sixth Amendment right of confrontation by prohibiting counsel from asking questions of the witness about pending criminal charges. The partiality of a witness is always relevant and that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Id*. at 316. When any witness has pending charges, or is under investigation, the government should disclose that information.

13)  Statements of any government witness that minimize or diminishes criminal involvement later admitted. The Government

must disclose evidence that a witness has made prior false or inconsistent statement. See *United States v. Espinosa-Hernandez,* 918 F.2d 911, 914 (11th Cir. 1990); *United States v. Martino*, 648 F.2d 367, 384 (5th Cir. 1981). The government should be ordered to comply with this *Brady* request.

14) Similarly, any statement of a government witness that adds to or embellishes an earlier statement. Like paragraph 13 above, the government should be ordered to provide this *Brady* information.

15) Statements of government witnesses acknowledging criminal conduct. Consistent with paragraphs 12 through 14 above, the government should disclose this *Brady* material.

16) Mr. Bussey withdraws request number 16.

17) Promises of benefits bestowed by the government on any government witness, including Shawn Sharma, whose criminal activity was identified at length in Mr. Bussey's Motion to Suppress Wiretap, doc # 651, p. 8-10. As discussed above, incentives provided by the government to testifying witnesses should be disclosed to the defendant.

18) Copies of any documents and communications between the Department of State (one of the investigating agencies) and Mr. Sharma. Mr. Bussey believes that the Department of State and other federal and state agencies have conferred benefits on Mr. Sharma, including his provision of housing services at his motel to

immigrant workers like those in the Superseding Indictment. The government should be required to disclose those benefits.

19)    Any fact that demonstrates that the government had no legal or factual basis to seize monies and property from Mr. Bussey. In criminal forfeiture matters, the government has not only an ethical but also a legal duty to disclose information favorable to the defendant as to either guilt or punishment. U.S. Department of Justice, Asset Forfeiture Policy Manual 2023, Section E.4, quoting *Brady v. Maryland*, 373 U.S. 83 (1963) ("suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution"). In that Manual, the Department of Justice, cites *Libretti v. United States*, 516 U.S. 29, 38–39 (1995), for the proposition that "forfeiture is an element of the sentence, and thus forms part of the punishment imposed on the defendant." And the Department concludes that "*Brady* requires the government, even without a request by the defendant, to disclose evidence favorable to the defendant that relates to criminal forfeiture." See https://www.justice.gov/criminal/criminal-afmls/file/839521/dl .

Accordingly, the government should be required to provide the *Brady* material contained in paragraph 19.

Although not addressed by the Magistrate, the government's disclosure here of terabytes of data does not substitute for identification of *Brady*

9

material. In *United States v. Blankenship*, No. 14-cr-00244, 2015 WL 3687864, at \*7 (S.D. W. Va. June 12, 2015), the district court required the government to identify *Brady* material and found that "the United States does not comply with the requirement of *Brady* by merely including all known *Brady* material within the four million plus pages of discovery" and "the United States, having determined the nature of the charges and having knowledge of the evidence and witnesses it intends to produce to prove those charges, is in a far better position than the Defendant to know what evidence might be exculpatory and/or impeachment material under *Brady*." Accord, 2017 WL 132403, \*8-9 (N.D. Cal. Jan. 12, 2017). Here, too, the government should be required to identify the requested *Brady* material.

Here, Mr. Bussey has made specific *Brady* requests. As the United States Supreme Court warned, "[w]hen the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever excusable." *United States v. Agurs*, 427 U.S. 97, 106 (1976).

WHEREFORE, based on all the reasons and authorities cited above, Mr. Bussey respectfully requests that this Court overrule the denial of his *Brady* Motion.

This 4th day of November, 2024.

/s/Thomas A. Withers, Esq.
Attorney Bar Number: 772250
Attorney for Defendant Brett Bussey

Withers Law Firm P.C.
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: twithers@witherslawfirmpc.com

CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 4th day of November, 2024.


                                        /s/Thomas A. Withers, Esq.
                                        Attorney Bar Number: 772250
                                        Attorney for Defendant Brett Bussey

Withers Law Firm P.C.
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: twithers@witherslawfirmpc.com