IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DELIA IBARRA ROJAS, and BRETT DONOVAN BUSSEY,<br><br>        Defendants. | CASE NO. 5:21-cr-9 |

**REPORT AND RECOMMENDATION**

Defendant Brett Donovan Bussey filed a Motion to Dismiss Count 1, which charges Bussey and others with mail fraud conspiracy, and Counts 4–7, which charge Bussey with substantive mail fraud.[1]  Doc. 631.  Defendant Delia Ibarra Rojas also filed a Motion to Dismiss Count 1.  Doc. 802.  Defendants Bussey's and Rojas's Motions are substantially similar.  The Government filed a consolidated Response in opposition to the Motions.  Doc. 889.  Defendant Bussey filed a Reply.  Doc. 937.  I held a hearing on these Motions on April 19, 2024.  Doc. 1133 (hearing transcript).  Defendants' counsel and counsel for the Government appeared at the hearing, and the parties provided additional argument.  For the following reasons, I **RECOMMEND** the Court **DENY** Defendants' Motions to Dismiss Count 1.  I also **RECOMMEND** the Court **DENY** Defendant Bussey's Motion to Dismiss the substantive mail fraud charges against him.

**BACKGROUND**

---

[1] The Government filed a Superseding Indictment, which changed the numbering of the substantive mail counts.  The relevant counts in the Superseding Indictment are 2 through 5.

The Government charged 24 Defendants for their roles in an international mail fraud, forced labor, and money laundering conspiracy.  Among others, Defendants Delia Rojas and Brett Bussey were both charged in Count 1 for their alleged participation in the mail fraud conspiracy, in violation of 18 U.S.C. § 1349.  Defendant Bussey is also charged in Counts 4 through 7, which charge substantive mail fraud offenses, in violation of 18 U.S.C. § 1341.[2]  The Government filed a Superseding Indictment on June 4, 2024.  Doc. 1012.  Like the original Indictment, the Superseding Indictment also contained substantive mail fraud charges against Defendant Bussey and mail fraud conspiracy charges against Defendants Rojas and Bussey, though the numbering of the substantive mail counts differs.  These charges were substantially similar to the charges in the original Indictment.

Defendants Rojas and Bussey filed the instant Motions to Dismiss.  In these Motions, Defendants argue the mail fraud conspiracy and substantive mail fraud counts should be dismissed because the allegations supporting those counts are insufficient.  Defendants Rojas and Bussey asserted these arguments as to the charges in the original Indictment, but they have since asked the Court to consider these arguments as directed toward the nearly identical charges in the Superseding Indictment.

## LEGAL STANDARD

"An indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequence prosecution for the same offense." United States v. Chalker, 966 F.3d 1177, 1190 (11th Cir. 2020) (holding indictment charging conspiracy was sufficient where it "literally

---

[2]   Delia Rojas and Bussey are charged in other counts, but the other charges are not relevant to these Motions.

tracked the relevant statutory language") (quoting United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir. 2002)). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language* used to charge the crimes." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphases in original) (citing United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992)).

## DISCUSSION

Defendants Bussey and Rojas argue the Superseding Indictment fails to satisfy minimum constitutional requirements and should be dismissed. Defendants argue the Superseding Indictment does not identify any specific allegedly fraudulent statement, fraudulent signature, fake document, or representation. Doc. 631 at 9; Doc. 802 at 5. Defendants also argue the Superseding Indictment is unconstitutionally vague, as it does not identify any of the allegedly false representations or pretenses at the core of the scheme to defraud. Doc. 631 at 11; Doc. 802 at 7. Defendants further argue that although the Superseding Indictment alleges they filed fraudulent I-129 petitions, Defendants cannot prepare their defense without knowing specifically what false and fraudulent information was included in the I-129 petitions or what false and fraudulent pretenses and representations were allegedly made. Id.

The Government states the Superseding Indictment meets the constitutional standard and Defendants' Motions should be denied. Doc. 889 at 1–2. The Government argues the Superseding Indictment contains every element of the offenses charged, properly outlines the factual details, and sufficiently apprises Defendants of what they must be prepared for at trial. Id.

**I.      Mail Fraud Conspiracy**

In Count 1, Defendants Bussey and Rojas are alleged to have knowingly and willfully conspired, from 2015 through October 2021, with each other and others, to commit mail fraud by executing and attempting to execute a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, by using the United States mail, for the purpose of executing the scheme and artifice, in violation of 18 U.S.C. § 1341.

Mail fraud conspiracy consists of the following elements: "1) an agreement to execute a scheme to defraud, and 2) use of either the mails or wire service in furtherance of the scheme." United States v. Smith, 934 F.2d 270, 274 (11th Cir. 1991) (quoting United States v. Simon, 839 F.2d 1461 (11th Cir. 1988)).  An indictment charging a conspiracy "need not be as specific as an indictment for a substantive count."  United States v. Harrell, 737 F.2d 971, 975 (11th Cir. 1984).  Therefore,

> [N]o overt acts in furtherance of a conspiracy need be alleged in order to survive a motion to dismiss.  The specificity that the law requires is only that detail necessary to set forth the elements of the offense charged, as opposed to the evidentiary details establishing the commission of the crime.

United States v. Roemmele, No. 04-60206, 2011 WL 4625357, at *5 (S.D. Fla. Aug. 3, 2011) (quoting United States v. Harrell, 737 F.2d 971, 975 n.4 (11th Cir. 1984)).

In the mail fraud conspiracy count, the Superseding Indictment begins by tracking the actual language of the applicable statutes.  Doc. 1012.  Count 1 includes underlying facts and circumstances as to the crime charged concerning each named Defendants' conduct related to the offense.  Count 1 states the object of the conspiracy was to make money from illegal activities, including mailing fraudulent petitions seeking non-immigrant H-2A visas for foreign workers, financially exploiting the foreign workers through forced labor, and then hiding the illegal proceeds through money laundering.  Id. at 9.  Members of the conspiracy would fraudulently

recruit foreign workers to work in the United States by unlawfully requiring foreign workers to pay excessive fees for the opportunity to come work in the United States for pay.  Id.  Members of the conspiracy would lie to foreign workers and falsely guarantee they would be paid under the terms of a contract with transportation, housing, and food provided.  Id.  After receiving unlawful fees paid by foreign workers, conspirators located in the United States would prepare and mail fraudulent petitions seeking non-immigrant H-2A visas for the foreign workers to enter the United States.  Id. at 10.

The Superseding Indictment also alleges conspirators would unlawfully require foreign workers to pay for their border crossing fees, transportation fees, lodging fees, and food expenses.  Id.  Members of the conspiracy would require the worker to pay back a smuggling debt, which resulted in debt bondage if a foreign worker could not afford the unlawful fees.  Id.  Conspirators would confiscate the foreign workers' passports and visas to prevent them from leaving or contacting law enforcement.  Id.  Conspirators would force foreign workers to pay additional fees to get their passports and visas back.  Id. at 11.  Conspirators would take the unlawful fees paid by the foreign workers and divide the illegal proceeds among other conspirators involved in the scheme.  Id. at 12.  Conspirators would hide the illegal proceeds by requiring the foreign workers to smuggle cash into the United States when they crossed the border.  Id.  Conspirators would hide the illegal proceeds by laundering the money through casinos and cash purchases of cashier's checks, land, homes, vehicles, and businesses.  Id.

Count 1 describes several overt acts Defendants allegedly committed in furtherance of the conspiracy.  As part of the overt acts, Defendants mailed 16 petitions for H-2A visas to the United States government between November 3, 2014 and February 25, 2021.  Id. at 12–17.

These petitions resulted in the United States government granting hundreds of H-2A visas, including those for numerous victims involved in this case. Id.

Count 1 also contains factual allegations specific to the alleged mail fraud conspiracy. It alleges Defendants and members of the conspiracy misrepresented material facts in order to deceive foreign workers out of money and used the mail to further the scheme to defraud the foreign workers. Defendants and other members of the conspiracy submitted false information on petitions for foreign workers and obtained fraudulent signatures and fake documents to use with the petitions. Defendants then used the mail to send the falsified petitions to the United States government in order to obtain H-2A visas for the foreign workers. Members of the conspiracy lied to foreign workers and charged them fees they were not required to pay and did not pay the foreign workers as required. Members of the conspiracy deceived foreign workers, confiscated and withheld identification documents, and threatened the foreign workers with violence and deportation to prevent them from leaving. Defendants participated in this scheme to defraud the foreign workers for their own personal financial gain.

As explained above, an indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequence prosecution for the same offense." Chalker, 966 F.3d at 1190. "And when 'an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge.'" Id. (quoting United States v. Pena, 684 F.3d 1137, 1147 (11th Cir. 2012)). "An indictment that tracks the language of the relevant statute is sufficient, as long as it also provides a statement of facts and circumstances that give notice of the offense to the accused." United States v. Walker,

490 F.3d 1282, 1296 (11th Cir. 2007).  "Furthermore, an indictment for conspiracy to commit a criminal offense is not required to be as specific as a substantive count."  United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985).

The Superseding Indictment satisfies these requirements.  First, the Superseding Indictment presents the essential elements of mail fraud conspiracy, listing the individuals involved in the conspiracy and stating they knowingly and willfully conspired to "execute and attempt to execute a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, by using the United States mail, for the purpose of executive such scheme and artifice, in violation of Title 18, United States Code, Section 1341."  Doc. 1012 at 8–9.  The Superseding Indictment sufficiently apprises Defendants of the mail fraud conspiracy charge by referring to the specific statute violation.  The Superseding Indictment also set forth the manner and means of the conspiracy in detail.  Doc. 1012 at 9–12.  It identified the time span and locales of the alleged conspiracy.  Id. at 8.  The Superseding Indictment provides sufficient information regarding misrepresentations Defendants allegedly made to foreign workers to deceive them out of their money in the form of unlawful fees and deprived them of the pay earned for their work.  Id. at 9–10.  The Superseding Indictment alleges Defendants used the mail to send petitions for H-2A visas in furtherance of this scheme to defraud foreign workers.  Id. at 10.  The Superseding Indictment is sufficiently specific to inform Defendants of the charges against them and to enable them to plead double jeopardy in any future prosecutions of the same offense.  See Cole, 755 F.2d at 759 (determining indictment was sufficient because it stated the elements of the offense charged, identified the time span of the conspiracy, and described the locale of the alleged conspiracy).

Defendants argue the Indictment is unconstitutionally vague because it does not identify any of the allegedly false representations at the core of the scheme to defraud. Doc. 631 at 11; Doc. 802 at 7–8. However, I have determined the Superseding Indictment is sufficient to apprise Defendants of the nature of the mail fraud conspiracy and the accusations against them. Therefore, Defendants' constitutional vagueness challenge also fails.

Considering Defendants' more specific challenges, Defendant Bussey argues indictments charging mail fraud require reasonable particularity and not broad allegations, relying on United States v. Bobo, 344 F.3d 1076, 1084 (11th Cir. 2003). Doc. 937 at 3. However, the level of detail and particularity in the Superseding Indictment is much higher than what the Eleventh Circuit considered in Bobo. In Bobo, the defendant was charged with attempting to execute a scheme to defraud a health care benefits program. Id. But the indictment in Bobo failed to mention a fraud in connection with the delivery or payment of health care benefits and failed to specify if the defendant was trying to defraud the program out of benefits, items, services, or money. Id. In Bobo, the indictment also failed to specify the scheme or artifice to defraud with which defendant was charged. Id.

Here, the Government charges Defendants with mail fraud conspiracy. The Superseding Indictment includes specific details about how Defendants used the mail to send petitions for H-2A visas in furtherance of the scheme to defraud foreign workers out of their money. The Superseding Indictment identifies how the fraud is connected to the use of the mail, how foreign workers were defrauded out of their money, and how the conduct of mailing visa petitions through the mail in furtherance of the scheme was unlawful. The Superseding Indictment includes detailed factual allegations, and it fairly informs Defendants of the charges against which they must defend.

In sum, the Superseding Indictment includes sufficient details about Defendants' alleged scheme to defraud foreign workers and the use of the mail to file petitions in furtherance of the scheme. This information allows Defendants to prepare their defense. Therefore, I **RECOMMEND** the Court **DENY** Defendants' Motions to Dismiss Count 1.

## II.   Substantive Mail Fraud Counts

Counts 2 through 5 of the Superseding Indictment charge Defendant Bussey with mail fraud, in violation of 18 U.S.C. § 1341. Each separate count is related to a separate mail transaction. Defendant Bussey is charged with using the mail in furtherance of the scheme to defraud the United States Government. Defendant Bussey argues these counts lack sufficient factual particularity. It is, therefore, important to start with a summary of the factual allegations in these counts.

The Superseding Indictment alleges Defendant Bussey completed and submitted multiple petitions with false and fraudulent information seeking non-immigrant H-2A visas for the foreign workers. Doc. 1012 at 26. It alleges Defendant Bussey would obtain fraudulent signatures and fake documents for purported employers based in the United States for the foreign workers for the fraudulent petitions as part of the scheme. Id. Defendant Bussey would mail these false and fraudulent petitions to the United States government resulting in the issuance of hundreds of H-2A visas to foreign nationals. Id. at 27. Defendant Bussey sent four fraudulent petitions using the United States Postal Service for the purpose of executing the scheme. Id. Defendant Bussey sent Petition IOE8349681333 on October 26, 2020 (Count 2), Petition IOE8683630617 on March 5, 2021 (Count 3), Petition IOE8425312006 on Mach 24, 2021 (Count 4), and Petition IOE8439181963 on March 10, 2021 (Count 5). Id.

Defendant Bussey argues these counts lack sufficient factual particularity. Defendant Bussey also argues the Superseding Indictment is unconstitutionally vague because the Government does not identify any of the allegedly false representations. Doc. 631 at 11.

Factual particularity does not require an indictment to identify individual false statements or representations in support of a substantive mail fraud claim. Moreover, it is well established that even entirely truthful and innocent mailings can constitute mail fraud, so long as they are in furtherance of a scheme to defraud. See Schmuck v. United States, 489 U.S. 705, 715 (1989) ("The relevant question at all times is whether the mailing is part of the execution of the scheme as conceived by the perpetrator at the time . . . ."); Demerath Land Co. v. Sparr, 48 F.3d 353, 355 (8th Cir. 1995) ("It is not necessary that the mailings themselves be misleading or constitute the actual fraud, they must merely be in furtherance of the plan or scheme to defraud.").

The Superseding Indictment contains sufficient factual details. It includes the essential elements of mail fraud, tracks the language of the statute, and references the specific statute violation, 18 U.S.C. § 1341. Doc. 1012 at 26–27. It includes specific details about the mail transactions for which Defendant Bussey was charged. The Superseding Indictment identifies the precise petitions, when they were mailed, and where they were mailed. Id. at 27. The Superseding Indictment states Defendant Bussey obtained fraudulent signatures and fake documents for the employers listed on these petitions as part of the mail fraud conspiracy. The Government is not required to identify the specific misleading signatures or documents because the mailings themselves do not need to be misleading or fraudulent. The failure to identify specific fraudulent signatures or documents does not constitute a constitutional defect in a mail fraud allegation. The Superseding Indictment presents the essential elements of the charged offense and is sufficiently specific to inform Defendant Bussey of the charges against him and to

enable him to plead double jeopardy in any future prosecutions of the same offense. See <u>United States v. Sharpe</u>, 438 F.3d 1257, 1264 (11th Cir. 2006) (determining the indictment sufficiently alleged a violation of the mail fraud statute because it tracked the language of the applicable statute and enumerated underlying facts and circumstances describing how defendants used the mail to send fraudulent checks).

The Superseding Indictment includes sufficient details regarding Defendant Bussey's use of the mail in furtherance of the alleged mail fraud conspiracy. The information permits Defendant Bussey to prepare a defense and plead double jeopardy in any further prosecution of the same offense. Therefore, I **RECOMMEND** the Court **DENY** Defendant Bussey's Motion to Dismiss the substantive mail fraud counts.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DENY** Defendants' Motions to Dismiss Count 1. I also **RECOMMEND** the Court **DENY** Defendant Bussey's Motion to Dismiss the mail fraud charges against him.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 8th day of November, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA