IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> BRETT DONOVAN BUSSEY, ) <br> ) <br> Defendant. ) | Case No. 5:21-CR-009-20 |

**DEFENDANT BRETT BUSSEY'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING HIS MOTION TO DISMISS THE MAIL FRAUD CONSPIRACY COUNT (COUNT 1), and THE SUBSTANTIVE MAIL FRAUD COUNTS (COUNTS 2 TROUGH 5)**

Brett Bussey files this, his Objections to the Magistrate Judge's Report and Recommendation Denying his Motion to Dismiss the Mail Fraud Conspiracy count, (count 1), and the Substantive Mail Fraud Counts (counts 2 – 5) of the Superseding Indictment, doc # 1180, and respectfully shows the following:

**I. Standard of Review.**

To challenge a Report and Recommendation of the Magistrate Judge, a party must file written objections which identify the portions of the R & R to which objection is made and the specific basis for the objection. The District Court then makes a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate. *Brinson v. Gillison,* 2023 WL 3632737, n.1 (S.D. Ga. May 23, 2023); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

1

## II. Argument and Citation of Authority.

Mr. Bussey does not quarrel with the manner in which the Magistrate Judge sets forth the allegations in the Superseding Indictment. Mr. Bussey does respectfully contend that the Magistrate Judge errs in his analysis of Mr. Bussey's Motion to Dismiss. Mr. Bussey attacks the indictment for failing to constitutionally provide him with sufficient factual allegations to defend his conduct at trial. Doc # 631, p. 4-7. To pass constitutional muster, an indictment must include a description of the charges sufficiently detailed to 1) set forth the elements of the offense, 2) sufficiently apprises the defendant of what facts he must be prepared to meet, and 3) allow him to plead former jeopardy in any other proceeding. *United States v. Russell*, 369 U.S. at 749, 764 (1962). The vice of the Superseding Indictment is that it does not inform Mr. Bussey of the facts which he must be prepared to meet. *Id*. at 765.

Mr. Bussey raised this specific argument in his opening Motion to Dismiss, doc # 631, p. 8-11. The Magistrate errs in finding the indictment sufficient because it sets out misrepresentations to deceive foreign workers and that the mails were used to send petitions to defraud those workers. Doc # 1180, p. 7. Those allegations though do not inform Mr. Bussey what he must be prepared to meet at trial. The Superseding Indictment here requires Mr. Bussey to go to trial with the chief factual issue undefined – what false fraudulent statement, fraudulent signature, fake document or misrepresentation did he make as alleged in the Superseding Indictment. The Magistrate erred in determining the Superseding Indictment sufficient.

2

The Magistrate Judge likewise errs in concluding that the substantive mail fraud counts sufficiently apprise Mr. Bussey of what he must be prepared to meet at trial. Doc # 1180, p. 9-11. The Magistrate Judge accurately cites that the Superseding Indictment references the precise petitions mailed, dates of mailing, and destination of mailing. *Id*. at p. 10. The Magistrate notes that the Superseding Indictment also alleges that Mr. Bussey obtained fraudulent signatures and fake documents. *Id*.

Mr. Bussey objects to the Magistrate Judge's conclusion that in a mail fraud case the government is not required to identify the specific misleading signatures or documents because mailings do not in and of themselves need to be fraudulent. Doc # 1180, p. 10. While that proposition of law is accurate, it is the Superseding Indictment that alleges that the I-129 petitions were fraudulent, ¶¶ 14, 15, 18, 19, 20, 24, 29, and that the petitions contained false and fraudulent information ¶¶ 50 a, b, c. The Superseding Indictment therefore alleges that the petitions are "false and fraudulent." The Magistrate therefore errs in concluding that the failure to identify the false or fraudulent documents is not a constitutional defect.

An examination of the cases dealing with mail and wire fraud puts the point to the importance of the government's identification of the false or fraudulent documents alleged to be false. In *United States v. Ashley*, 905 F.Supp. 1146, 1158-59 (E.D. N.Y. 1995), the district court dismissed to wire fraud counts against a bank president when he moved to dismiss those counts of the indictment claiming that it did not inform him of "what false

3

or fraudulent representations or promises he is alleged to have made . . ." In dismissing counts six and seven of the indictment, the district court noted that although the indictment tracked the language of section 1343 and indicated the time and place of the alleged crime, it did not provide him with facts and circumstances to inform him of the specific offense. *Id.* Similarly, in *United States v. Tripodis*, No. 1:18-CR-240-1-TWT, 2020 WL 914681, at *3 (N.D. Ga. Feb. 26, 2020), the Court dismissed the wire fraud and mail fraud counts where the indictment tracked the statutory language but did not include sufficient facts to adequately allege each element of the offense. And, in *United States v. Chang*, 722 F. Supp. 3d 1340, 1348 (N.D. Ga. 2024), the district court dismissed the indictment where it found that the factual allegations did not allege a scheme to defraud. The indictment here fails to inform Mr. Bussey what false or fraudulent misrepresentations Mr. Bussey made. The indictment, therefore, fails to apprise Mr. Bussey as to the facts he must be prepared to defend at trial.

WHEREFORE, based on all of the reasons and authorities cited above, Mr. Bussey respectfully requests that his Objections be granted and that count one and counts two through five of the Superseding Indictment be dismissed.

This the 21st day of November, 2024.

Withers Law Firm PC

*/s/Thomas A. Withers, Esq.*
Attorney Bar Number: 772250
Attorney for Defendant Brett Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: twithers@witherslawfirmpc.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that I have on this day served all the parties in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 21st day of November, 2024.

                                        Withers Law Firm PC

                                        */s/Thomas A. Withers, Esq.*
                                        Attorney Bar Number: 772250
                                        Attorney for Defendant Brett Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: twithers@witherslawfirmpc.com