# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BRETT DONOVAN BUSSEY,

    Defendant.

5:21-CR-9

## ORDER

Defendant Brett Donovan Bussey appeals the Magistrate Judge's Order denying his motion for release of <u>Brady</u> materials, dkt. nos. 1128, 1177, entered October 21, 2024, dkt. no. 1166.[1] For the reasons stated below, the Court **DENIES** Defendant's motion and **AFFIRMS** the Magistrate Judge's Order denying Defendant's motion for release of <u>Brady</u> materials.

## LEGAL AUTHORITY

Federal Rule of Criminal Procedure 59(a) allows a party to file objections to a Magistrate Judge's order on nondispositive

---

[1] Defendant is charged in the superseding indictment with Count One: Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349; Counts Two through Five: Mail Fraud, in violation of 18 U.S.C. § 1341; Count Six: Conspiracy to Engage in Forced Labor, in violation of 18 U.S.C. § 1594(b); Count Thirty-Three: Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h); and Count Thirty-Four: Tampering with a Witness, in violation of 18 U.S.C. § 1512. Dkt. No. 1012.

matters "within 14 days after being served with a copy of a written order or after the oral order is stated on the record." Fed. R. Crim. P. 59(a). The district court "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Id. "This is a deferential standard of review." United States v. Wimbley, No. 11-0019-WS, 2011 WL 3204539, at *2 (S.D. Ala. July 27, 2011).

For the purposes of Rule 59, "'a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" United State v. Wilson, No. 12-00293-KD-N, 2013 WL 820726, at *1 (S.D. Ala. Mar. 5, 2013) (quoting Wimbley, 2011 WL 3204539, at *2 (internal quotations omitted)); see also United States v. Gypsum Co., 333 U.S. 364, 395 (1948) (applying the same standard in the context of the Federal Rules of Civil Procedure). The Magistrate Judge's ruling is contrary to law if he "'has misinterpreted or misapplied the applicable law.'" Wilson, 2013 WL 820726, at *1 (quoting Wimbley, 2011 WL 3204539, at *2).

## DISCUSSION

Defendant argues that the Magistrate Judge's Order denying Defendant's motion for release of Brady material is contrary to law. Dkt. No. 1177 at 3.

2

**A. <u>Brady</u> Material, Generally**

In <u>Brady v. Maryland</u>, the U.S. Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). This established a duty for prosecutors to turn over favorable evidence to a defendant. "Evidence is favorable to the accused for <u>Brady</u> purposes if it is either exculpatory or impeaching." <u>United States v. Stein</u>, 846 F.3d 1135, 1146 (11th Cir. 2017) (internal quotation marks and citation omitted). To establish a <u>Brady</u> violation, a defendant must show:

(1)  the government possessed evidence favorable to the defendant, including impeachment evidence;

(2)  the defendant does not possess the evidence nor could he obtain it himself with any reasonable diligence;

(3)  the government suppressed the favorable evidence; and

(4)  had the evidence been disclosed to the defense a reasonable probability exists that the outcome of the proceedings would have been different.

<u>United States v. Hansen</u>, 262 F.3d 1217, 1234 (11th Cir. 2001) (citing <u>United States v. Meros</u>, 866 F.2d 1304, 1308 (11th Cir. 1989) (per curiam)). "It is the defendant's burden to show *all* the elements of a violation." <u>United States v. Melgen</u>, 967 F.3d 1250,

1264 (11th Cir. 2020) (emphasis added) (citing <u>United States v.</u>
<u>Jones</u>, 601 F.3d 1247, 1266 (11th Cir. 2010)).

**B. The Magistrate Judge's Order is Not Contrary to Law**

Defendant contends that the Magistrate Judge's Order denying
his discovery motion is contrary to law because the information
Defendant requested in his motion is <u>Brady</u> material. Although
Defendant's seventeen requests for specific categories of
information or evidence may be subject to <u>Brady</u> obligations, that
alone is not enough to show that the Magistrate Judge's denial of
Defendant's motion is contrary to law.[2] Instead, as the Magistrate
Judge noted, the issue here is that Defendant fails to satisfy the
other required elements of a <u>Brady</u> violation, particularly that
the Government has suppressed favorable evidence, and that
Defendant is unable to obtain this evidence with reasonable
diligence.

**1. Defendant does not show that the Government suppressed**
   **favorable evidence.**

Defendant does not meet his burden to show that the Government
has suppressed favorable evidence. In fact, the Defendant notes in
his motion that the Government has produced over fifteen terabytes
of discovery, starting with a disclosure in April 2022 and

---

[2] Defendant's motion, dkt. no. 1128, contained nineteen <u>Brady</u>
requests. In his appeal, Defendant withdrew request number seven,
on the basis that it is duplicative of request number five, and
request number sixteen—"all communications between attorneys for
the government and counsel for any government witnesses."

including thirteen additional productions to Defendant within ten months. Dkt. No. 1177 at 2. Furthermore, the Government has repeatedly stated that it is aware of its obligations under <u>Brady v. Maryland</u>, that it has complied with these duties, and that it will continue to do so. Dkt. No. 1135, 1182. Defendant has not shown that the Government withheld information or failed to disclose pertinent information. Accordingly, Defendant's argument that the Magistrate Judge's order is contrary to law fails.

### 2. Defendant has not shown that he is unable to obtain <u>Brady</u> material.

Defendant contends that the Government's disclosure of terabytes of information does not satisfy its <u>Brady</u> obligations. Generally, "'[t]he government is not obliged under <u>Brady</u> to furnish a defendant with information which he already has, or with any reasonable diligence, he can obtain himself.'" <u>Stein</u>, 846 F.3d at 1146 (quoting <u>United States v. Valera</u>, 845 F.2d 923, 928 (11th Cir. 1988)). But Defendant argues that because the amount of discovery produced in this case is "massive," merely disclosing but not identifying the information may not be sufficient.[3] Dkt. No. 1182 at 2.

---

[3] The Government represents that it turned over fifteen terabytes of discovery to Defendant. Dkt. Nos. 1177, 1182. In <u>Schwarz v. United States</u>, counsel had just over one hundred days to review three terabytes of discovery. 828 F. App'x 628, 634-35 (11th Cir. 2020). The court explained that although the conversion rate for terabytes varies by the medium, "[t]hree terabytes is

This case does not present a situation where the Government attempted to bury Defendant in discovery without any guidance. In its response to Defendant's motion, the Government details the steps it has taken to assist defense counsel with understanding the information produced during discovery. These steps include:

(1)   Organizing the discovery "by seizing and producing agency, by category or type of evidence, by individuals, and by H-2A petitions;"

(2)   Offering assistance to defense counsel in reviewing discovery, explaining what was produced, and explaining how the productions were organized;

(3)   Re-producing any items that contained an error;

(4)   Ensuring defense counsel could access items if there were challenges accessing or reviewing certain folders or items;

---

approximately thirty with twelve zeros following, or 3 million million, or 3 trillion bytes." Id. at 634 n.3. In terms of plain text, this equates to about 1.5 trillion pages of typewritten text or 660 million pages of printed texted. Id. In fact, "[t]hree terabytes would hold 3,000 copies of the Encyclopedia Britannica, or 30% of the printed collection of the Library of Congress." Id. This case involves five times as much discovery material. However, the Court recognizes that unlike in Schwarz, disclosures were turned over to the Defendant in 2022 and 2023, so counsel has had roughly two years to review it. Dkt. No. 1177 (stating the Government's first production was in April 2022 and thirteen more productions occurred over the next ten months).

(5)  Providing an index to the discovery produced; and

(6)  Meeting with Defendant and presenting a PowerPoint outlining the evidence against him for the charged crimes.

See Dkt. Nos. 888 at 5 n.1, 1177 at 2, 1182 at 2. Accordingly, while the information produced during discovery in this case is substantial, the Government has made concerted efforts to ensure that Defendant is not left to blindly sift through it. Defendant does not provide evidence to support that a Brady violation has occurred despite the assistance from the Government and Defendant's own reasonable diligence in reviewing the discovery. As such, the Magistrate Judge's denial of Defendant's motion is not contrary to law.

## CONCLUSION

At this time, Defendant has not shown that the Magistrate Judge's denial of his motion for Brady material is clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's Order, dkt. no. 1166, is **AFFIRMED and ADOPTED**. The Government remains compelled to comply with its Brady obligations. If Defendant can show that a failure to fulfill these obligations has occurred, then Defendant may renew his motion.

**SO ORDERED** this 25th day of November, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA