# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRETT DONOVAN BUSSEY,<br><br>    Defendant. | 5:21-CR-9 |

### ORDER

Defendant Brett Donovan Bussey appeals the Magistrate Judge's Order denying his motion for a bill of particulars, dkt. no. 633, entered October 15, 2024, dkt. no. 1157.[1] For the reasons stated below, the Court **DENIES** Defendant's motion and **AFFIRMS** the Magistrate Judge's Order denying Defendant's motion for a bill of particulars.

### LEGAL AUTHORITY

Federal Rule of Criminal Procedure 59(a) allows a party to file objections to a Magistrate Judge's order on nondispositive

---

[1] Defendant is charged in the superseding indictment with Count One: Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349; Counts Two through Five: Mail Fraud, in violation of 18 U.S.C. § 1341; Count Six: Conspiracy to Engage in Forced Labor, in violation of 18 U.S.C. § 1594(b); Count Thirty-Three: Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h); and Count Thirty-Four: Tampering with a Witness, in violation of 18 U.S.C. § 1512. Dkt. No. 1012.

matters "within 14 days after being served with a copy of a written order or after the oral order is stated on the record." Fed. R. Crim. P. 59(a). The district court "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Id. "This is a deferential standard of review." United States v. Wimbley, No. 11-0019-WS, 2011 WL 3204539, at *2 (S.D. Ala. July 27, 2011).

For the purposes of Rule 59, "'a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" United State v. Wilson, No. 12-00293-KD-N, 2013 WL 820726, at *1 (S.D. Ala. Mar. 5, 2013) (quoting Wimbley, 2011 WL 3204539, at *2 (internal quotations omitted))); see also United States v. Gypsum Co., 333 U.S. 364, 395 (1948) (applying the same standard in the context of the Federal Rules of Civil Procedure). The Magistrate Judge's ruling is contrary to law if he "'has misinterpreted or misapplied the applicable law.'" Wilson, 2013 WL 820726, at *1 (quoting Wimbley, 2011 WL 3204539, at *2).

### DISCUSSION

Defendant argues that, in the Order denying Defendant's motion for a bill of particulars, the Magistrate Judge erroneously concluded that the indictment and discovery provide sufficient notice to Defendant of the charges against him.

2

### A. Bill of Particulars, Generally

"A bill of particulars is a written statement by the prosecutor that provides additional details, beyond those set forth in the indictment or information, of the charges against the defendant." 1 Fed. Prac. & Proc. Crim. § 130 (5th ed. 2024). Federal Rule of Criminal Procedure 7(f) provides that "a defendant may move for a bill of particulars before or within 14 days after arraignment" or later if allowed by the court. Rule 7(f) "specifically empowers the trial court to 'direct the filing of a bill of particulars[,]'" Will v. United States, 389 U.S. 90, 98 (1967) (quoting Fed. R. Crim. P. 7(f)), and the court has "broad discretion" in deciding whether the bill should be granted. United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted); see also United States v. Watson, 669 F.2d 1374, 1379 n.2 (11th Cir. 1982) ("Whether to grant a motion for a bill of particulars is within the trial court's discretion."). The Eleventh Circuit described the purpose of a bill of particulars as threefold: "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." Cole, 755 F.2d at 760. Critically, a bill of particulars is not properly used for "generalized discovery." United States v.

3

Anderson, 799 F.2d 1438, 1442 (11th Cir. 1986) (citing United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)).

"'When there is no *prima facie* case for disclosure in a bill of particulars, the defendant has the burden of showing . . . that nondisclosure [will] lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation.'" United States v. Jones, No. CR213-033, 2013 WL 5651925, at *2 (S.D. Ga. Oct. 15, 2013) (quoting United States v. Thevis, 474 F. Supp. 117, 124 (N.D. Ga. June 4, 1979)), report and recommendation adopted by 2014 WL 667823 (Feb. 20, 2014). Essentially, "[t]he defendant must show that without the requested particular his own investigation could not glean the facts or theory which preclude prejudicial surprise or allow meaningful opportunities for defense preparation to meet the government's evidence and theories." Id.

### B. The Magistrate Judge's Conclusion that the Superseding Indictment Provides Sufficient Notice to Defendant of the Charges and Facts Is Not Clearly Erroneous or Contrary to Law.

Defendant argues that he does not have sufficient notice of the charges based on the superseding indictment. To support this, Defendant relies on the fact that he is named in only one overt act in the superseding indictment and not in the "Manner and Means of the Conspiracy" section thereof. Dkt. No. 1172 at 5. Defendant also claims that the allegations of mail fraud and forced labor are "threadbare" and do not provide notice of the charge he must

4

defend against. Id. at 6. The Court disagrees and finds that the Magistrate Judge's conclusion that Defendant is not entitled to a bill of particulars was not clearly erroneous or contrary to law.

With regard to Defendant's contention that the superseding indictment does not contain sufficient details of the object of the conspiracy and Defendant's involvement, "his requests exceed the proper scope of a bill of particulars." United States v. Henley, No. 1:16-cr-151, 2017 WL 2952821, at *16 (N.D. Ga. May 19, 2017). "Defendant is not entitled to an accounting of the 'overt acts' he committed in furtherance of [] the charged conspiracies[,]" particularly because "[o]vert act are not elements" of the charged offenses. Id.; see also United States v. Feldman, 931 F.3d 1245, 1258 (11th Cir. 2019) ("A conspiracy charge under section 1349 does not require the commission of an overt act." (internal citations and quotations omitted)); United States v. Hall, 349 F.3d 1320, 1324 (11th Cir. 2003) ("[A]n overt act is not an essential element for conviction of conspiracy to commit money laundering."); Whitfield v. United States, 543 U.S. 209, 213-14 (2005) ("We have consistently held that the common law understanding of conspiracy does not make the doing of any act other than the act of conspiring a condition of liability." (internal quotations omitted)); United States v. Pascacio-Rodriguez, 749 F.3d 353, 361 n.42 (5th Cir. 2014) (classifying 18 U.S.C. § 1594, conspiracy to engage in forced labor, as one of the

5

ninety-nine conspiracy provisions involving a nonviolent crime that does not require an overt act).

Defendant also claims that the allegations of mail fraud and forced labor are "threadbare" and do not provide notice of what he must defend against. Dkt. No. 1172 at 6. An examination of the superseding indictment shows it is replete with details to inform Defendant of the charges against him and the factual bases for each.

The mail fraud charges, Counts Two through Five, and the forced labor charge, Count Six, incorporate the facts detailed in paragraphs one through twenty-one of the superseding indictment, which describes the overarching criminal enterprise and alleged conduct. Dkt. No. 1012 ¶¶ 48, 52. This places Defendant on notice that he is accused of filing false H-2A visas. Id. ¶¶ 1-11. Further, it informs Defendant that he is accused of using the H-2A visas, which are intended for agricultural workers and require, *inter alia*, certain pay and living conditions to obtain foreign workers for physical labor. Id. Defendant also has notice that he and his co-conspirators are accused of holding hostage the identification documents of these foreign workers, threatening them with deportation and violence, requiring them to live in unsanitary conditions, and providing little to no pay. Id. Moreover, Counts Two through Five detail that Defendant mailed via the United States Postal Service at least four different documents

purporting to be petitions from U.S. employers seeking foreign workers for H-2A visa-related work. Id. at ¶¶ 50–51. Contrary to Defendant's argument that he must "guess" what is false or fraudulent about the visa petitions, the superseding indictment explicitly alleges that the petitions included fraudulent signatures and fake documents for purported employers. Id. ¶ 50. Hence, the superseding indictment adequately places Defendant on notice of the charges and the facts alleged against him, and the Magistrate Judge's denial of the bill of particulars was not clearly erroneous or contrary to law.

   **C. The Magistrate Judge's Conclusion that Extensive Discovery is Sufficient Notice to Defendant of the Charges and Facts Alleged Against Him is Not Clearly Erroneous or Contrary to Law.**

Defendant also objects to the Magistrate Judge's finding that the extensive amount of information produced during discovery in this case counsels against granting a bill of particulars. Dkt. No. 1172 at 6. On this second objection, the Court also finds that the Magistrate Judge's denial of a bill of particulars is not clearly erroneous or contrary to law.

There is a copious amount of discovery in this case—over fifteen terabytes—to adequately inform Defendant of the facts he must defend against for the filed charges. That the Government has turned over such a substantial quantity of discovery to Defendant supports the Magistrate Judge's conclusion that a bill of

7

particulars is unnecessary. This is because it is well-established in the Eleventh Circuit that "a defendant is not entitled to a bill of particulars where the information sought has already been provided by other sources, such as the indictment and discovery." United States v. Davis, 854 F.3d 1276, 1293 (11th Cir. 2017); see also United States v. Martell, 906 F.2d 555, 558 (11th Cir. 1990) ("[A] defendant is not entitled to a bill of particulars with respect to information which is already available through other sources." (internal citation omitted)); United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986) ("Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection."); United States v. Roberts, 174 F. App'x 475, 477 (11th Cir. 2006) (same); United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980)[2] (stating that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial."). Thus, decades of Eleventh Circuit case law supports that the Magistrate Judge's decision to deny Defendant's motion is neither clearly erroneous nor contrary to law.

---

[2] Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981).

Defendant also argues that the information produced during discovery is so voluminous that he cannot ascertain what important details he must be prepared to address. Defendant seeks to have his cake and eat it too. On one hand, Defendant claims that he was given too much information and thus a bill of particulars is needed to help wade through it. On the other hand, Defendant argues that he has inadequate information to mount his defense and thus a bill of particulars is needed to help prepare him. Putting aside the inconsistencies with this argument, Defendant's position also overlooks that the Government met with Defendant and presented a PowerPoint outlining the evidence against him for the charged crimes, dkt. no. 888 at 5 n.1, provided an index of the discovery produced, organized discovery by the "seizing and producing agency, by category or type of evidence, by individuals, and by H-2A petitions," re-produced items that contained an error, and "offered to assist defense counsel in reviewing the discovery, explained what was produced, and explained how each production was organized," dkt. no. 1182 at 2. Therefore, even in the face of a hefty amount of discovery, Defendant is not left to merely guess the facts upon which the Government bases its case.

## CONCLUSION

Defendant has not shown that the Magistrate Judge's denial of his motion for a bill of particulars is clearly erroneous or

contrary to law. Accordingly, the Magistrate Judge's Order, dkt. no. 1157, is **AFFIRMED**.

**SO ORDERED** this 25th day of November, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA