UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | INDICTMENT NUMBER: |
| ) | 5:21-CR-09 |
| BRETT DONAVAN BUSSEY,   ) | |
| ) | |
| Defendant.   ) | |

### DEFENDANT BRETT BUSSEY'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING HIS MOTION FOR RETURN OF SEIZED PROPERTY FROM HIS SUNTRUST ACCOUNT

Defendant Brett Bussey files this, his Objections pursuant to Federal Rule of Criminal Procedure 59(a), to the Magistrate Judge's Order Denying his Motion for Return of Seized Property from his SunTrust Account, (doc # 1184), and shows the Court the following:

1. **Introduction.**

Pursuant to Federal Rule of Criminal Procedure 59(a), a defendant may file objections to a magistrate judge's nondispositive order "within 14 days after being served with a copy of a written order." Fed. R. Crim. P. 59(a). "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.* "[A] ruling is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *United States v. Wimbley*, No. 11-cr-0019,

1

2011 WL 3204539, at *2 (S.D. Ala. July 27, 2011) (overruling magistrate's order) (quotation marks and citation omitted). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted). The clearly erroneous standard applies only to the magistrate's finding of fact. *Horn-Brichetto v. Smith*, 2019 WL 921454, at 19 (E.D. Tenn. Feb. 25, 2019). An Order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

### 2. Procedural History.

The government indicted Mr. Bussey and 23 other defendants on October 5, 2021. *See* Doc # 3. The prosecution charged the defendants in a 50-page indictment with alleged participation in a criminal organization engaging in international forced labor trafficking, mail fraud and money laundering from at least 2015 through October 2021. *Id.* at ¶¶ 1, 9.

On November 17, 2021, the government presented an Application for a Warrant to Seize Property Subject to Forfeiture under 18 U.S.C. § 981 to seize the contents of the Sun Trust Account of Mr. Bussey, account no.

xxxxxxxxxxx9535. A copy of the Seizure Affidavit is attached to Mr. Bussey's Motion for Return as Exhibit 1 under seal as doc # 640-1.

The government's approach to this forfeiture is troubling. They obtained a civil forfeiture warrant, but never began with the filing of a civil complaint. The warrant recites that the most recent bank account statement showed a balance of $11, 243.77, doc # 640-1, ¶ 145, but they seized the entire amount in the account - $23,593.60. Doc # 640, p. 3. But the only reference to any monies deposited into the account was for $8,850, doc # 640-1, ¶ 142. The Magistrate concludes, erroneously, that the investigation traced the proceeds of criminal activity. As discussed below, the government's investigation did not establish traceable proceeds.

The Affidavit cites *United States v. All Funds Presently on Deposit or Attempted to be Deposited in Any Accounts at American Express Bank*, 832 F.Supp. 542 (E.D.N.Y. 1993), alleging that 19 U.S.C. § 984 permits the seizure of monies held at the target location as long as the funds identified are believed to have been "acquired within the one-year fungibility limit in Section 984(b)." *Id.* at p. 5, ¶ 9.

The Affidavit then discusses the one-year statute of limitation contained in Section 984 contending that Congress intended the seizure of property, or the filing of a complaint to constitute the "action" to be

3

commenced within one year. *Id.* p. 5 - 6, ¶ 11. As discussed below, the Affidavit fails to inform this Court of persuasive authority that holds it is **not** the seizure of property that is the commencement of an action, but the filing of a civil forfeiture complaint. The Affidavit concludes this section by claiming that "the dates of the offenses giving rise to the seizure are within the one period." *Id.* p. 6, ¶ 12.

The Affidavit states that records were reviewed from February 10, 2018 through January 31, 2020 and from October 1, 2020 to March 31, 2021. *Id.* p. 49, ¶ 144. The affiant asserts that between October 12, 2018, and September 17, 2019, 8 payments were made to the U.S. Citizenship and Immigration Services totaling $3,680 for obtaining foreign workers' visas. *Id.* And, that there was approximately $68,012.21 deposited into the account, and approximately $69,409.62 withdrawn from the account. *Id.* The agent concludes that "some legitimate funds are in the account," however, she believes that Mr. Bussey knowingly commingled legitimate funds with funds subject to forfeiture. *Id.* p. 50, ¶ 146.

The affiant provides no indication as to which funds deposited into the account were subject to forfeiture, or which funds deposited into the account were not subject to forfeiture. The last bank statement reviewed before

seizure, March 31, 2021, showed a balance of $11,243.77. *Id.* p. 49, ¶ 145, but the government seized $23,593.60. Doc # 296, p. 1.

The affiant concludes that from her review of the bank records from Mr. Bussey's SunTrust account it "does appear that some legitimate funds are in the account. However, based on my training and experience and this entire investigation, I believe Defendant Brett Bussey knowingly comingled (sic) these legitimate funds with funds subject to forfeiture in this account." *Id.* p. 50, ¶ 146.

Mr. Bussey filed a Motion for Return of Seized Property from his SunTrust Account. Doc # 640. The government opposed the motion. Doc # 933. Mr. Bussey filed a Reply. Doc # 942.

In denying the Motion for Return, the Magistrate concluded that the warrant authorized seizure of funds directly traceable to substantive offenses and was therefore subject to forfeiture under Section 981. Doc # 1184, p. 6. And the Magistrate erroneously concluded that the warrant authorized seizure under 21 U.S.C. § 853. *Id.* at p. 6-7.

### 3. The Magistrate's Order is Clearly Erroneous and Contrary to Law.

Respectfully, the Magistrate erroneously concludes that the Agent Linemann's affidavit sought a warrant to seize funds directly traceable to substantive offenses. *Id.* at p. 6. The Magistrate states that the Linemann

5

Affidavit at p. 8 plainly contends that the SunTrust funds were traceable to mail fraud and wire fraud setting forth the legal basis for seizing directly traceable property. *Id.* The Magistrate misreads the Affidavit. There was approximately $68,012.21 deposited into the account, and approximately $69,409.62 withdrawn from the account. The agent concludes that "some legitimate funds are in the account," however, she believes that Mr. Bussey knowingly commingled legitimate funds with funds subject to forfeiture. Doc # 640-1, p. 50, ¶ 146. At paragraph 8, the Agent simply sets forth the various bases for seizing property. The government's application for the warrant was under 18 U.S.C. § 981. Doc # 640-1, p. 1. And the affidavit concludes that the property is subject to forfeiture under § 981 and § 984. Doc # 640-1, p. 667, ¶ 145. The Magistrate erred in his reading of the Affidavit and the statutory text in concluding that Section 981 would provide the government a path to seizure of traceable funds.

      The Affidavit invoked two civil forfeiture statutes to justify the seizures: 18 U.S.C. § 981, and 18 U.S.C. § 984. *Id.* p. 4-5, ¶¶ 7 – 11. Civil forfeiture action is an *in rem* proceeding brought by the government as plaintiff asserting that "all right, title, and interest in [the defendant] property" has vested in "the United States upon commission of the act giving rise to forfeiture." 18 U.S.C. § 981(f). The suit is brought not against a person or

corporation, but against defendant property that allegedly has been involved in criminal activity. "It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient." *Various Items of Pers. Prop. v. United States*, 282 U.S. 577, 581 (1931). The government's forfeiture filing is not a civil forfeiture action and as such, § 984(b) has no application to the criminal forfeiture allegations against Mr. Bussey in the indictment.

**4. The Three Bases For Forfeiture.**

Sections 981 and 984 provide three statutory bases for forfeiture of property:

(1) Property that is "involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960," 18 U.S.C. § 981(a)(1)(A);

(2) Property that is "traceable" to such property, 18 U.S.C. § 981(a)(1)(A); or

(3) As to funds on deposit in a financial institution, "identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section." 18 U.S.C. § 984(a)(2).

In this case, the government's seizure affidavit traveled under the third basis, under 18 U.S.C. § 984(a)(2). Yet section 984(b) provides that "[n]o action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense." The one-year limitation of section 984(b) is triggered not by the seizure of the funds, but by the commencement of a civil complaint for forfeiture.

1. **Funds On Deposit In A Financial Institution Are Substitute Fungible Property.**

Congress enacted section 984 as a substitute property provision designed to avoid the "zeroed out" loophole in the "lowest intermediate balance" method of forfeiture and to avoid the onerous tracing requirements that are often impossible in a digital, financial world. Funds deposited into an account at a financial institution are fungible property and section 984 allows for the forfeiture of substitute of fungible property. Section 984(a)(1) states that "[i]n any forfeiture action *in rem* in which the subject property is cash [or] . . . funds deposited in an account in a financial institution," the government is not required "to identify the specific property involved in the offense that is the basis for the forfeiture." 18 U.S.C. § 981(a)(1)(A). In other words, the Government need not identify the exact dollars that were deposited into the account. Rather, section 984(a)(2) provides that: "Except

8

as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section." Therefore, the government can substitute the tainted funds with identical property found in the same place as the property involved in the offense that is the basis of the forfeiture. Respectfully, the Magistrate erred in concluding the monies discussed in the Affidavit were traceable.

### 2. The Government Did Not File a Complaint Within One Year and the Seized Funds Should be Returned.

In *United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 159 (3rd. Cir. 2003), the court encountered whether the government's forfeiture complaint was untimely under section 984. The government argued that because it had seized funds within one year of the criminal activity, it could avail itself of the one-year look back provision of section 984. After examining the interaction between section 984 and section 981, the court noted that section 984 was designed to permit the government to seize funds involved in money laundering that had been commingled with untainted monies. *Id.* at 158. The Third Circuit held that section 984, by its plain and unambiguous language, requires the filing of a complaint within one year of the offense. *Id.* at 161.

The Court noted that interpretation of the statute was not open to debate since the statute was unambiguous. "[w]here a time limitation for **instituting civil proceedings** is concerned" - as it is here - the word "commence" means the filing of a civil action. *Id.* at 159, *citing*, *McNeil v. United States*, 508 U.S. 106, 112 (1993). (Emphasis supplied).

The Third Circuit looked to the statute's language, noting that where the statute's language is plain, "'the sole function of the courts is to enforce it according to its terms.'" *Id. citing Caminetti v. United States*, 242 U.S. 470, 485 (1917). The court then stated that "in order to forfeit property that is not directly traceable to the offense under Section 984, the government must file a complaint within one year of the date of the offense." *Id.* at 161.

Similarly, in *United States v. Currency, $300,000 Seized From Bryant Bank Account Number XXX-XX-XXXX*, 2013 WL 1498972, *5 (N.D. Ala. April 9, 2013), the district court addressed whether an action is commenced under the statute at the time of seizure, or the time of the filing of a complaint. In that case, the court found that the correct approach was the one articulated by the Third Circuit above. The district court looked to the basic rules of statutory construction as established by controlling Eleventh Circuit precedent, which requires courts to presume that the legislature means what it says. *Id.* The plain language of section 984 provides that "no

10

action pursuant to this section to forfeit property not directly traceable to the offense . . . may be commenced more than 1 year from the date of the offense." And, like the Third Circuit, the court found that the term commenced has an unambiguous meaning – the filing of a civil action. *Id.* at *6. *Accord, United States v. $303,581.82 in United States Currency Seized From Wells Fargo Account # [Redacted] 0434 in the Name of Murray Auto Sales*, 2010 WL 1657154 (D. Utah April 22, 2010).

The affiant repeatedly invokes Section 984 in her Affidavit by claiming that there were "comingled" legitimate funds with funds subject to forfeiture in order to claim the funds are fungible. *Id.* at p. 39, ¶ 106; p. 43, ¶ 118; p. 50, ¶ 146; p. 54, ¶ 156; p. 57, ¶ 168; p. 60, ¶ 179 (target subjects); p. 64, ¶ 179 (target subjects);[1] p. 65, ¶ 184 (target subjects); p. 67, ¶ 190. The Magistrate's conclusion that Agent Linemann obtained a warrant for funds directly traceable to substantive offenses was clear error. Doc # 1184, p. 6.

Mr. Bussey's Objections to the Magistrate Judge's Order Denying his Motion for Return of Seized SunTrust Property should therefore be granted.

### 3. The Warrant Was Not a Criminal Forfeiture Warrant.

The Magistrate points to one reference in the 68 page affidavit where Agent Linemann stated that the application was under 21 U.S.C. § 853(f) to

---

[1] Starting on page 61 of the Affidavit, paragraphs numbered 172 – 179 are duplicated, although the content of the paragraphs is different.

11

conclude the warrant was a criminal forfeiture warrant. Doc # 1184, p. 6. The Magistrate erroneously concludes that the warrant and seizure were based on civil and criminal forfeiture authority. *Id.* at 7.

That conclusion reads out of paragraphs 9 through 11 of the Affidavit and the Application showing the warrant was sought under the authority of Section 981.

Finally, the Magistrate errs in concluding Mr. Bussey has not established that he is entitled to lawful possession of the SunTrust property. No civil forfeiture action was commenced within one year of the date of the offense; therefore, the government is in wrongful possession of Mr. Bussey's property as the one-year statute of limitations bars the seizure.

The Magistrate and the government segue between the civil and criminal forfeiture. The government never began a civil forfeiture action, so they are illegally in possession of Mr. Bussey's SunTrust bank account monies. That is the illegality here that permits this Court to Order the return of his property.[2]

---

[2] A court may order the government to return unlawfully seized monies. *United States v. Mann*, 140 F.Supp. 3d 513, 535 (E.D. N.C. 2015).

WHEREFORE, based on all the reasons and authorities cited above, Mr. Bussey respectfully requests that this Court overrule the Order Denying his Motion for Return of Seized Property from his SunTrust Account.

This 3rd day of December, 2024.

/s/Thomas A. Withers, Esq.
Attorney Bar Number: 772250
Attorney for Defendant Brett Bussey

Withers Law Firm P.C.
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: twithers@witherslawfirmpc.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that I have on this day served all the parties here in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 3rd day of December, 2024.

*/s/Thomas A. Withers, Esq.*
Attorney Bar Number: 772250
Attorney for Defendant Brett Bussey

Withers Law Firm P.C.
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: twithers@witherslawfirmpc.com