UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 5:21-CR-09-20 |
| | ) | |
| BRETT DONAVAN BUSSEY | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT BUSSEY'S OBJECTIONS TO MAGISTRATE
ORDER ON MOTION FOR RETURN OF SEIZED PROPERTY**

On November 19, 2024, United States Magistrate Benjamin W. Cheesbro issued an Order ("Order") denying Defendant Bussey's Motion for Return of Seized Property From His SunTrust Account ("Motion"). Doc. 1184. After considering Defendant's Motion, doc. 640, the United States' Response in opposition, doc. 933, Defendant's Reply, doc. 942, and offering counsel an opportunity to present any additional argument or evidence related to the Motion, doc. 988, Judge Cheesbro denied the Motion. Doc. 1184. The Magistrate found that Defendant failed to show his property was unlawfully seized, is being unlawfully held by the United States, or that he is legally entitled to the property. *Id*. The Magistrate also found that the property is still, potentially, subject to civil forfeiture under § 981 as directly traceable proceeds from an offense and is subject to criminal forfeiture if Defendant is convicted of the relevant offenses in the Superseding Indictment. *Id*. Defendant filed objections to the Order, doc. 1191, and now asks this Court to reverse the rulings in the Order. Defendant reiterates his arguments that the seizure affidavit was authorized only under 18 U.S.C. § 984(a)(2) and because the United States did not commence an action within the meaning of 18 U.S.C. § 984, the seizure of the money

1

was unlawful and should be returned pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Doc. 1191. Defendant also argues that the investigation and affidavit did not establish traceable proceeds. *Id*. The United States maintains its position that regardless of whether a civil complaint was filed within a year of the offense, the seizure was pursuant to a federal search warrant based on probable cause to believe that the property in the SunTrust account are proceeds or used to facilitate violations of 18 U.S.C. §§ 1341, 1349, and 1956. Doc. 933. The warrant established the requisite nexus between the charged offenses and the assets to sufficiently establish the forfeitability of the account. *Id*. For the reasons articulated by Judge Cheesbro in the thorough and well-reasoned Order, as well as those in the Government's initial response, doc. 933, Defendant's objections, doc. 1191, should be overruled and the Order should be adopted in its entirety.

                                          Respectfully submitted,

                                          JILL E. STEINBERG
                                          UNITED STATES ATTORNEY

                                          ***/s/ Tania D. Groover***
                                          Tania D. Groover
                                          Assistant United States Attorney
                                          Georgia Bar No. 127947

                                          ***/s/ E. Greg Gilluly, Jr.***
                                          E. Greg Gilluly, Jr.
                                          Assistant United States Attorney
                                          Tennessee Bar No. 019397

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 201-2552
Facsimile: (912) 652-4388
E-mail: tania.groover@usdoj.gov; and
       greg.gilluly@usdoj.gov