# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

UNITED STATES OF AMERICA,

v.

BRETT DONOVAN BUSSEY,

Defendant.

5:21-CR-9-20

## ORDER

Defendant Brett Donovan Bussey appeals the Magistrate Judge's Order denying his motion for return of seized property from his SunTrust account, entered November 19, 2024.[1] Dkt. No. 1191; see also Dkt. Nos. 640, 1184. For the reasons stated below, the Court **AFFIRMS** the Magistrate Judge's Order denying Defendant's motion for return of seized property.

## LEGAL AUTHORITY

Federal Rule of Criminal Procedure 59(a) allows a party to file objections to a Magistrate Judge's order on nondispositive matters "within 14 days after being served with a copy of a written

---

[1] Defendant is charged in the superseding indictment with Count One: Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349; Counts Two through Five: Mail Fraud, in violation of 18 U.S.C. § 1341; Count Six: Conspiracy to Engage in Forced Labor, in violation of 18 U.S.C. § 1594(b); Count Thirty-Three: Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h); and Count Thirty-Four: Tampering with a Witness, in violation of 18 U.S.C. § 1512. Dkt. No. 1012.

order or after the oral order is stated on the record." Fed. R. Crim. P. 59(a). The district court "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Id. "This is a deferential standard of review." United States v. Wimbley, No. 11-0019-WS, 2011 WL 3204539, at *2 (S.D. Ala. July 27, 2011).

For the purposes of Rule 59, "'a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" United State v. Wilson, No. 12-00293-KD-N, 2013 WL 820726, at *1 (S.D. Ala. Mar. 5, 2013) (quoting Wimbley, 2011 WL 3204539, at *2 (internal quotations omitted)); see also United States v. Gypsum Co., 333 U.S. 364, 395 (1948) (applying the same standard in the context of the Federal Rules of Civil Procedure). The Magistrate Judge's ruling is contrary to law if he "'has misinterpreted or misapplied the applicable law.'" Wilson, 2013 WL 820726, at *1 (quoting Wimbley, 2011 WL 3204539, at *2).

## DISCUSSION

Federal Rule of Criminal Procedure Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's

return." Fed. R. Crim. P. 41(g).[2] When a motion for return of property is made while criminal proceedings are still pending, the movant has the burden to show that he is entitled to the return of the property. United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999);[3] see also United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987) (same); United States v. Oduu, 564 F. App'x 127, 130 (5th Cir. 2014) (quoting Chambers, 192 F.3d at 377). In the present case, placement of the burden is not dispositive. Given the nature and strength of the evidence brought forth in this case,

---

[2] Until 2002, Rule 41(g) was classified as Rule 41(e). Because no substantive changes were made to the rule after the reclassification, case law interpreting Rule 41(e) also applies to the new Rule 41(g). United States v. Garza, 486 F. App'x 782, 784 n.3 (11th Cir. 2012).

[3] In United States v. Young, the defendant challenged the fact that the district court relied on Chambers, instead of Eleventh Circuit precedent, for the proposition that while criminal proceedings are pending the movant bears the burden of showing he is entitled to the seized property. No. 1:07-cr-114, 2008 WL 11383978, at *5 n.3 (N.D. Ga. July 1, 2008). The district court rejected this argument and stated that "while no Eleventh Circuit case has directly so stated, [United States v.]Potes Ramirez cited Chambers for the converse proposition, namely that the burden is on the government to show that the defendant is not entitled to the seized property *after* criminal proceedings end. Id. (emphasis in original); see also United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001). Thus, just "[a]s the Eleventh Circuit did in Potes Ramirez," and the Northern District of Georgia did in Young, the Court "finds Chambers persuasive on the burden of proof in actions under Federal Rule of Criminal Procedure 41." Young, 2008 WL 11383978, at *5 n.3.

3

the Government would prevail even if the burden were to be borne by it.

"[A] Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." United States v. Garcon, 406 F. App'x 366, 369 (11th Cir. 2010) (quoting United States v. Pierre, 494 F.3d 75, 87 (1st Cir. 2007)).

**I.    The Magistrate Judge's Finding That Forfeiture Is Allowed Under 18 U.S.C. § 981 Is Not Clearly Erroneous.**

Defendant claims that the Magistrate Judge erred in concluding that 18 U.S.C. § 981 could support the Government's seizure of funds. Dkt. No. 1191 at 6. Defendant's position is that his property was seized under 18 U.S.C. § 984 and the Government did not act within the requisite time limit, so the forfeiture was improper. Id. at 8. As the Magistrate Judge found, and as explained below, Defendant's reliance on section 984 is misplaced.

Section 984 provides for forfeiture of fungible property as long as the action is commenced within one year from the date of the offense. 18 U.S.C. § 984(a)-(b). Section 984 does not require the property to be traceable to a substantive offense if the government acts within the one-year time limit.[4] Both the Defendant

---

[4] The one-year timeframe under § 984 is significant because the alternative statute, § 981, has a five-year statute of limitations. 19 U.S.C. § 1621.

4

and the Government agree that courts are split as to when this one-year period "commences." See United States v. Currency, 300,000 Seized from Bryant Bank Account No. XXX-XX-XXXX, No. 12-cv-2431, 2013 WL 1498972, *4 (N.D. Ala. Apr. 9, 2013) ("What constitutes a 'commencement' under Section 984 is apparently an issue of first impression in the Eleventh Circuit." (alterations adopted)); United States v. Funds in the amount of $193,773, No. 11-cv-2062, 2011 WL 6181424, at *2–3 (M.D. Fla. Dec. 13, 2011) ("Thus, the parties' arguments with respect to the one-year time limit present a difficult and unsettled issue for the Court's consideration."). Compare United States v. $8,221,877.16 in United States Currency, 330 F.3d 141, 157–61 (3rd Cir. 2003) ("[S]ection 984, by its plain and unambiguous language, requires the filing of a complaint within one year of the offense.") with United States v. Funds Representing Proceeds of Drug Trafficking, 52 F. Supp. 2d 1160, 1166 (C.D. Cal. 1999) ("[E]ither the filing of the complaint or the seizure 'commence' the action for purposes of section 984."). Regardless, the resolution of when the one-year period commences does not change the analysis here because the Government prevails and the Magistrate Judge's Order is affirmed on another ground.

Importantly, even in situations where § 984 is applicable, the Government is not required to use it as the basis for forfeiture when another provision of law also supports forfeiture.

See 18 U.S.C. § 984(d); United States v. $255,427.15 in Currency, 841 F. Supp. 2d 1343, 1347–48 (S.D. Ga. 2012) ("However, the Government does not need to rely on § 984 at this time. Where the Government can meet the requirements of 18 U.S.C. § 981, it may proceed on that basis." (citation and quotation omitted)); United States v. Funds in the amount of $193,773, No. 11-cv-2062, 2011 WL 6181424, *at 2–3 (M.D. Fla. Dec. 13, 2011) (finding that the one-year limitation period in § 984 did not preclude forfeiture because the complaint contained another valid basis for forfeiture action); United States v. Contents in Account No. 059-644190-69, 253 F. Supp. 2d 789, 794 (D. Vt. 2003) (Section 984(d) "enhances rather than replaces and limits the government's forfeiture powers. . . . where the government can establish property is traceable to an offense giving rise to forfeiture, it is free to proceed under any other provision of law, whether or not the property is fungible."); United States v. Contents of Four Bank Accts. Located in Bank of Dadeville, 330 F. Supp. 2d 1299, 1304 n.6 (M.D. Ala. 2004) (collecting cases and stating that prior to the enactment of subsection (d), courts were split as to whether the government could seize fungible property under § 981). Thus, regardless of § 984, the Government's forfeiture may be valid if the property forfeited can be reached via § 981.

Defendant contends that section 981 provides just two bases for forfeiture: (1) property can be forfeited if it is involved in

6

a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957, or 1960, or (2) property that is traceable to property used in one of these offenses can be forfeited. 18 U.S.C. § 981(A)(1)(a); Dkt. No. 1191 at 7. Defendant's position is partly accurate, but it ignores the remainder of the statute. Indeed, Defendant's argument fails to include or address the statutory language that provides the actual basis that applies to this case. Section 981 states "Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of [specific statutes] or any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." 18 U.S.C. § 981(a)(1)(C). "Specified unlawful activity" includes offenses listed in 18 U.S.C. § 1961(1). 18 U.S.C. § 1956(c)(7). Section 1961(1) includes the offense of mail fraud, in violation of 18 U.S.C § 1341, and money laundering, in violation of 18 U.S.C. § 1956, both of which Defendant is charged with in this case. 18 U.S.C. § 1961(1). Thus, civil forfeiture was available for Defendant's mail fraud, conspiracy to commit mail fraud, and money laundering conspiracy charges. See United States v. Masilotti, 495 F. App'x 975, 976 (11th Cir. 2012).

Defendant also takes issue with the Magistrate Judge's conclusion that the funds in Defendant's SunTrust account were traceable to the substantive offenses of mail fraud or money

7

laundering and thus subject to forfeiture under § 981. But the Magistrate Judge's finding is supported by the affidavit.

Agent Linemann's affidavit outlines how the funds in Defendant's account were traceable to the substantive offenses here. See Dkt. No. 640-1. For instance, intercepted conversations reveal communications between Defendant and his alleged co-conspirators about the H-2A scheme and payments for visa petitions that Defendant filed for others. Dkt. No. 640-1 ¶¶ 137–40. Additionally, the affidavit contains information from confidential sources stating that they made payments to Defendant for visas to work under AR Zapote Harvesting and Defendant deposited checks into his account from AR Harvesting. Id. ¶¶ 141–42. Agent Linemann also states that bank records show that Defendant deposited funds into the SunTrust account from the U.S. Citizenship and Immigration Services for obtaining foreign workers' visas. Id. ¶ 144.

Furthermore, both case law and the affidavit support the conclusion that the SunTrust funds are subject to forfeiture even though the account contained some legitimate funds. Even though "the pooling or commingling of tainted and untainted funds would not by itself render the entirety of an account subject to forfeiture, if the government establishes that the defendant did so to facilitate or 'disguise' his illegal scheme, then forfeiture is acceptable." United States v. Seher, 562 F.3d 1344, 1368 (11th Cir. 2009) (internal quotation and citation omitted); United

States v. 15603 85th Ave. N, 933 F.2d 976, 981 (11th Cir. 1991) (discussing forfeiture under a different statute but stating "[w]e have never held that as to a wrongdoer only the funds traceable to illegal activities may be forfeited"); United States v. Kivanc, 714 F.3d 782, 794 (4th Cir. 2013) ("Consequently, when legitimate funds are commingled with property involved in money laundering or purchased with criminally derived proceeds, the entire property, including the legitimate funds, is subject to forfeiture." (citing 15603 85th Ave. N., 933 F.2d at 981)); United States v. McGauley, 279 F.3d 62, 76–77 (1st Cir. 2002) (affirming jury instructions stating that legitimate funds that are commingled with illegitimate funds can be subject to forfeiture if the commingling is done to hide the illegitimate funds); United States v. Baker, 227 F.3d 955, 970 n.4 (7th Cir. 2000) ("We note, however, that even legitimate funds that are commingled with illegitimate funds can be forfeited if the legitimate funds were somehow involved in the offense, such as by helping to conceal the illegal funds."); United States v. Bornfield, 145 F.3d 1123, 1135 (10th Cir. 1998)("However, forfeiture of legitimate and illegitimate funds commingled in an account is proper as long as the government demonstrates that the defendant pooled the funds to facilitate, i.e., disguise the nature and source of, his scheme." (citations omitted)); United States v. Tencer, 107 F.3d 1120, 1135 (5th Cir. 1997) ("[F]orfeiture of legitimate and illegitimate funds

9

commingled in accounts was proper as long as the government demonstrated that the defendant had pooled the funds to disguise the nature and source of his scheme."); United States v. Abihiskek Krishnan's Real and Personal Property, 469 F. Supp. 3d 481, 496 (E.D.N.C. 2020) ("With respect to forfeiture under § 981(a)(1)(A), when legitimate funds are commingled with property involved in money laundering or purchased with criminally derived proceeds, the entire property, including the legitimate funds, is subject to forfeiture." (quotation and citation omitted)).

Here, Agent Linemann acknowledged that the SunTrust account contained some legitimate funds, but she concluded that Defendant had "knowingly comingled these legitimate funds." Id. ¶ 146. For instance, Agent Linemann shows that Defendant knowingly comingled the funds to carry out the offense because the criminal organization laundered its illegal proceeds from its operation through bank accounts, casinos, and purchases of vehicles or land. Dkt. No. 640-1 ¶¶ 75, 82. Thus, case law from both the Eleventh Circuit and our sister circuits, as well as the facts alleged in the affidavit, support that even the legitimate funds in Defendant's account could be subject to forfeiture.

In sum, the Court holds that the Magistrate Judge's conclusion that § 981 provides a valid basis for the forfeiture of Defendant's bank account is not clearly erroneous. As explained above, and discussed by the Magistrate Judge, regardless of the time limits

imposed by § 984, § 981 can support the Government's forfeiture of Defendant's bank account. Accordingly, the Court is not "left with the definite and firm conviction that a mistake has been committed." Wilson, 2013 WL 820726, at *1 (citation omitted). Nor is the Magistrate Judge's decision contrary to law as evidenced by case law from this Circuit and several of our sister circuits. Instead, the law supports the Magistrate Judge's conclusion that even the legitimate funds housed in Defendant's account could be subject to forfeiture under § 981. Id. Accordingly, Defendant's motion to recoup his seized property based on 18 U.S.C. §§ 981 and 984 is **DENIED**.

### II. The warrant of seizure for Defendant's funds is supported by criminal and civil forfeiture authority.

Next, Defendant argues that the Magistrate Judge erred in concluding that the warrant of seizure for Defendant's property was based on both civil and criminal forfeiture. Dkt. No. 1191 at 12. To support this, Defendant points out that while one paragraph of the affidavit states that forfeiture was pursuant to criminal forfeiture authority, dkt. no. 640-1 ¶¶ 6–7, several paragraphs of the warrant state it was sought pursuant to civil forfeiture authority, id. ¶¶ 7–12, 191. This argument overlooks that "civil and criminal forfeiture statutes were intended to be largely coterminous." United States v. Day, 524 F.3d 1361, 1376 (D.C. Cir. 2008). In other words, there is a degree of interplay between

11

criminal and civil forfeiture such that both procedures can be followed simultaneously. See, e.g., United States v. Liquidators of Eur. Fed. Credit Bank, 630 F.3d 1139, 1152 (9th Cir. 2011) ("The forfeiture statutes generally allow the government to pursue both civil forfeiture and criminal forfeiture at the same time. Importantly, those statutes permit the government to seek a stay of the civil forfeiture proceedings while the government conducts a criminal prosecution or investigation.").

Title 28, United States Code, section 2461(c), which is cited in the indictment, dkt. no. 3 at 46, "makes 'criminal forfeiture available in every case that the criminal forfeiture statute does not reach but for which civil forfeiture is legally authorized.'" United States v. Padron, 527 F.3d 1156, 1161–62 (11th Cir. 2008); see also Masilotti, 495 F. App'x at 976 (stating the same but noting that the criminal forfeiture statute is 18 U.S.C. § 982). Thus, because § 981 authorizes civil forfeiture for Defendant's mail fraud, conspiracy to commit mail fraud, and money laundering conspiracy charges, criminal forfeiture is also authorized. Masilotti, 495 F. App'x at 976; see also United States v. Wall, 285 F. App'x 675, 685 (11th Cir. 2008) (assessing the "interplay between 28 U.S.C. § 2461 and 18 U.S.C. § 981" and concluding that both criminal and civil forfeiture were permissible for mail fraud because § 981 authorizes civil forfeiture for mail fraud, and

12

§ 2461 authorizes criminal forfeiture when civil forfeiture is permitted).

For criminal forfeiture, the Government may request a warrant authorizing the seizure of property under 21 U.S.C. § 853(f). The court can issue a warrant of seizure if "there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that an order under subsection (e) may not be sufficient to assure the availability of the property for forfeiture." 21 U.S.C. § 853(f). Subsection (e) allows the court to issue a restraining order or an injunction, or to "take any other action to preserve the availability" of property subject to forfeiture under § 853.

Here, the Government submitted an affidavit from Agent Linemann stating that the warrant application was made pursuant to § 853(f). Dkt. No. 640-1 ¶ 6. The affidavit also says that an order under § 853(e) "may not be sufficient to assure the availability of the property for forfeiture." Id. The Court must give "great deference" to the Magistrate Judge's determination of probable cause. United States v. Mar-Jac Poultry, Inc., 756 F. App'x 856, 860 (11th Cir. 2018) (citing Illinois v. Gates, 462 U.S. 213, 236 (1983)). Moreover, the Magistrate Judge's probable cause assessment "is conclusive in the absence of arbitrariness." West Point-Pepperell, Inc. v. Donovan, 689 F.2d 950, 959 (11th Cir. 1982). Given the "readily transferable nature of the property"

13

(money) "and the size and seriousness of the alleged conspiracy" (which involved large sums of money and two dozen defendants), "this Court cannot conclude that there was no probable cause to believe that a seizure warrant was necessary to secure the property for trial." United States v. Martin, 460 F. Supp. 2d 669, 677 (D. Md. 2006). Accordingly, the warrant of seizure is properly based on criminal forfeiture authority.

At bottom, the Magistrate Judge's conclusion that the seizure warrant is based on both criminal and civil authority is not clearly erroneous nor contrary to law. That the warrant is based on civil forfeiture authority does not preclude it from also being rooted in criminal forfeiture authority. In fact, 18 U.S.C. § 981 authorizes civil forfeiture for Defendant's charged offenses of mail fraud, conspiracy to commit mail fraud, and money laundering conspiracy, while 28 U.S.C. § 2461(c) and 21 U.S.C. § 853 permit criminal forfeiture for these offenses. Thus, Defendant's argument that the warrant did not have criminal forfeiture authority is incorrect.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the Magistrate Judge's Order denying Defendant's motion for return of seized property. Dkt. No. 1191; see also Dkt. Nos. 640, 1184.

**SO ORDERED** this 27th day of December, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA