# In the United States District Court for the Southern District of Georgia Waycross Division

UNITED STATES OF AMERICA,

v.

BRETT DONAVAN BUSSEY,

Defendant.

CASE NO.: 5:21-cr-9-20

## ORDER

Defendant Brett Bussey moves to suppress evidence from an August 2019 search warrant directed at Microsoft. Dkt. No. 637. The Magistrate Judge issued a Report and Recommendation, recommending that the Court deny Bussey's Motion. Dkt. No. 1218. Bussey filed Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 1237. After conducting an independent and de novo review of the entire record in this matter, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Bussey's Objections.

## BACKGROUND

The Government alleges in this case that a Transnational Criminal Organization ("TCO") illegally used the H-2A visa program for non-immigrant workers. The Government alleges that TCO members used the program to "smuggle foreign nationals . . . [and] make

money by exploiting these foreign workers and then laundering the illegal proceeds." Dkt. No. 1012 at 2.

On August 14, 2019, the Government applied for a search warrant. Dkt. No. 884-1. The warrant application sought information associated with six email accounts, including one belonging to Bussey. Dkt. No. 884-2 at 2. The application concerned potential violations of 18 U.S.C. §§ 371, 1001, 1343, and 1546 (the "Target Offenses"). Id. at 5. The Government provided an affidavit in support of its application. Dkt. No. 637-1. The Court issued the warrant. Dkt. No. 884-4.

In his Motion to Suppress, Bussey argues that the affidavit supporting the warrant application contained a series of misrepresentations and omissions. Dkt. No. 637 at 5. Without these misrepresentations and omissions, argues Bussey, the affidavit did not support probable cause to approve the application. Id. at 13-14. Bussey argues these misrepresentations and omissions were reckless, and he requests a Franks hearing.

The Magistrate Judge issued a Report and Recommendation, recommending that the Court deny Bussey's Motion to Suppress and his request for a Franks hearing for several reasons. Dkt. No. 1218. The Magistrate Judge concludes that, even if the alleged misrepresentations and omissions Bussey cited were removed, the affidavit would still support a finding of probable cause. Id. at 18-20. The Magistrate Judge examines each of the purported

2

misrepresentations and omissions. The Magistrate Judge concludes that Bussey did not make a substantial showing that any of the alleged misrepresentations or omissions undermined probable cause. Id. at 20-29.

In his Objections, Bussey argues that the Magistrate Judge errs in two ways. First, Bussey argues that the Magistrate Judge incorrectly concludes that the unchallenged portions of the affidavit supported probable cause to authorize the warrant. Dkt. No. 1237 at 4. Specifically, Bussey argues that the unchallenged portions of the affidavit constitute unsupported conclusory statements that cannot be used to establish probable cause. Id. at 4-8. Next, Bussey argues that, contrary to the Magistrate Judge's recommendation, the affidavit's misrepresentations and omissions did, in fact, undermine probable cause. Id. at 8-19.

## DISCUSSION

### I. The Affidavit's Unchallenged Portions

In his Objections, Bussey challenges the Magistrate Judge's conclusion that even if all challenged portions of the affidavit were removed, the affidavit's unchallenged portions still established probable cause. Bussey cites Franks v. Delaware for the proposition that "a warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent

3

evaluation of the matter." 438 U.S. 154, 165. (1978). Bussey argues that the unchallenged portions of the affidavit fail to meet this standard because they are "conclusory allegations" that do not establish probable cause. Dkt. No. 1237 at 6. As Bussey characterizes it, the affiant stated: (1) that he (the affiant) believed there was probable cause that Bussey committed the Target Offenses; (2) three of Bussey's petitions contained fraudulent information; (3) Bussey's petitions exhibited deficiencies that were similar to deficiencies in other Target Subjects' petitions; and (4) the State Department rejected 833 visas associated with Bussey's petitions due to inaccurate or incomplete information.

An affidavit supporting a search warrant "must contain sufficient information to conclude that a fair probability existed that seizable evidence would be found in the place sought to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). The issuing judge's task is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). In addition, "the duty of a reviewing court is simply to ensure that the magistrate [judge] had a substantial basis for concluding that probable cause existed." Id. at 238-39 (citation and punctuation omitted).

4

After reviewing the record, the Court concurs with the Magistrate Judge's conclusion that the affidavit's unchallenged portions established probable cause. The portions of the affidavit Bussey cites are not mere conclusions, unsupported by any evidence. Those portions constitute sworn allegations that contributed to a finding of probable cause. The affiant provided a detailed recitation of facts, supported by a variety of sources. As to Bussey, the affiant stated, "[A]gents determined that Brett Bussey submitted three petitions with fraudulent information. In addition, DOS has refused 833 visas associated with Brett Bussey's Petitions because of inaccurate or incomplete information." Dkt. No. 637-1 ¶ 90. The affiant explained that agents "attempted to verify information in the labor certification application, Petitions and supporting documentation." Id. ¶ 89. These are specific factual circumstances, not unsupported conclusions.

Bussey argues separately that the Department of State's refusal of visas is not an indication of fraud and that links between Bussey and other Target Subjects are not sufficient to warrant probable cause. Bussey's visa refusal argument is largely repetitive of arguments he makes in his brief supporting the Motion to Suppress. See Dkt. No. 637 at 10. The Court concurs with the Magistrate Judge's analysis of these arguments. A history of visa refusals and prior applications flagged for fraud support probable cause for issuing a search warrant.

Regarding similarities between Bussey's applications and other Target Subjects' applications, Bussey challenges the Magistrate Judge's analysis and argues that the affidavit established "no connection" between Bussey and the other Target Subjects. Dkt. No. 1237 at 7. Bussey's argument is unconvincing. The Magistrate Judge did not rely on specific connections between Bussey and those Target Subjects. Rather, the Magistrate Judge concludes that the existence of "almost identical types of deficiencies" in each Target Subject's applications and Bussey's applications supported probable cause. The Court concurs. The affiant explained, in detail, that the applications of 14 other Target Subjects, contained deficiencies that were remarkably similar to Bussey's applications. Dkt. No. 637-1 ¶¶ 40-144. These factual allegations indicate a pattern of fraud across the applications. See Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996).

Finally, Bussey argues that the remaining unchallenged factual allegations do not support probable cause. Bussey focuses on the following allegations: Bussey submitted the ETA 9142 described in the affidavit, Bussey used his email account to submit the application, and the application listed 224 Meadow Road as a place of employment, even though the owner of 224 Meadow Road never requested any workers. Bussey argues that "[t]hose facts standing alone do not support a finding that there is a fair probability

6

that evidence of a crime will be found on Bussey's email." Dkt. No. 1237 at 8. As explained above, these are not the only undisputed facts supporting probable cause. Moreover, these specific factual allegations strongly support probable cause, as the allegations demonstrate that Bussey used his email account to submit a potentially fraudulent application. Ultimately, the unchallenged, specific factual allegations in the affidavit provided a substantial basis to find probable cause to authorize a search warrant for Bussey's emails. Therefore, I overrule Bussey's objections to this portion of the Magistrate Judge's Report and Recommendation.

## II. Alleged Misrepresentations and Omissions

In his Motion, Bussey identifies several purported misrepresentations and omissions that he argues undermine probable cause. Bussey argues that the Magistrate Judge errs by concluding that these misrepresentations and omissions did not materially impact probable cause. The Court will address each of Bussey's challenges of error in turn.

### A. The ETA 9142 Certification

The affidavit included a description of Form ETA 9142, which is a temporary employment certification submitted to the Department of Labor. Dkt. No. 637-1 ¶¶ 16-18. The affiant stated that both employers and their agents sign the ETA 9142 under penalty of perjury. Id. ¶ 18. The affiant explained that Bussey,

7

as an agent, submitted an ETA 9142 electronically on January 28, 2019. Id. ¶ 91. Bussey argues in his Motion that this is a misrepresentation and that an agent does not sign under penalty of perjury. Dkt. No. 637 at 6.

The Magistrate Judge agrees with Bussey that the affiant's statement was a misrepresentation. Dkt. No. 1218 at 21. An agent does not sign an ETA 9142 under penalty of perjury, while an employer does. Id. However, the Magistrate Judge also concludes that this misrepresentation did not undermine a finding of probable cause. While an agent's certification for an ETA 9142 does not include a penalty of perjury clause, the agent still certifies the ETA 9142 and faces criminal penalties if he knowingly provides false information. Id. at 21-22. Therefore, the Magistrate Judge states that Bussey's signature on a potentially fraudulent ETA 9142 contributed to probable cause, regardless of whether the signature was under penalty of perjury. Id.

In his Objections, Bussey argues that the Magistrate Judge fails to address the differences between Form ETA 9142A-Appendix, which contains the penalty of perjury clause, and Form ETA 9142A, which does not. Dkt. No. 1237 at 9-10. Bussey argues that this is significant because an employer uses Appendix A of Form ETA 9142A to certify an application. Id. Bussey also argues that an employer's certification in Appendix A is three pages long, is greatly detailed, and states that the employer takes "full

8

responsibility for the accuracy of any representations made by my agent or attorney." Id. In contrast, the agent's certification is only one paragraph. Id. at 9. Bussey argues that, when taken together, these "facts and omissions would defeat a showing of probable cause." Id.

Bussey's argument that the Magistrate Judge does not distinguish between the ETA 9142 and the Appendix is unconvincing. The Magistrate Judge accurately cites the certifications that both the employer and the agent sign. The fact that these certifications are found in the Appendix to Form ETA 9142A, rather than on From ETA 9142A itself, changes nothing about any material facts. Bussey, as an agent, signed the ETA 9142A Appendix and subjected himself to potential criminal prosecution if he knowingly furnished false information. Bussey's signature on the application, while not under penalty of perjury, is still meaningful and contributes to a finding of probable cause. For these reasons, I overrule Bussey's objections to this portion of the Magistrate Judge's Report and Recommendation.

**B.   The Address Listed on the ETA 9142**

The affidavit stated that the ETA 9142 that Bussey submitted listed 224 Meadow Road, Alma, Georgia, as a worksite. Dkt. No. 637-1 ¶ 91. The affidavit also stated that the ETA 9142 was accompanied by a letter signed by grower Cory Burnam, listing 224 Meadow Road as a work location. Id. The affidavit explained that

9

agents went to 224 Meadow Road to ask the owner if she had requested H-2A workers. The owner's husband stated that she had not. Id. ¶ 93.

The Magistrate Judge identifies four challenges that Bussey raises to the affiant's discussion of 224 Meadow Road. First, Bussey argues that the affidavit failed to explain that 224 Meadow Road was only one of 21 worksites listed on the ETA 9142. Second, Bussey argues that the affidavit failed to explain that the letter from Burnam included GPS coordinates that correspond to a location 0.3 miles away from 224 Meadow Road. Third, Bussey argues that the affidavit failed to disclose that Burnam's letter was signed by the employer and not by Bussey. Finally, Bussey argues that the affidavit failed to describe email and phone communications between Burnam and government agents, in which there was no mention of Bussey. The Magistrate Judge finds each of these arguments unconvincing. Dkt. No. 1218 at 22-26.

In his Objections, Bussey largely reiterates the same arguments he makes in his Motion. First, Bussey argues that the affidavit failed to explain that the ETA 9142 listed 21 worksites, not just 224 Meadow Road. Dkt. No. 1237 at 11-12. This Objection is not responsive to the Magistrate Judge's analysis. The Magistrate Judge explains that "[t]he alleged problems with the 224 Meadow Road site would still exist even if there were no problems with any other site." Dkt. No. 1218 at 23. Bussey's re-

10

urging of the same argument does not address the problems with the 224 Meadow Road worksite, and the Court concurs with the Magistrate Judge's analysis on this point. Regardless of how many other worksites were listed, agents investigated and identified a site listed on an application for H-2A workers but discovered that the owner of that site did not request any H-2A workers. This fact supports probable cause for the search warrant, and whether the application listed any other sites does not materially impact that conclusion.

Next, Bussey argues that the Magistrate Judge fails to appropriately address a discrepancy in the Burnam letter concerning the physical address of 224 Meadow Road.[1] Dkt. No. 1237 at 12-14. The Burnam letter that accompanied the ETA 9142 contained a list of worksite addresses. Those addresses were accompanied by GPS coordinates. Dkt. No. 637-4. Bussey argues, as he does in his Motion, that the GPS coordinates for "worksite 1" correspond to 246 Meadow Road, an address that apparently does not exist. Dkt. No. 1237 at 12-14. The Magistrate Judge addresses this argument and concludes that the GPS coordinates being slightly off from 224 Meadow Road does not undermine probable cause. Dkt. No. 1218 at 24-25. Bussey argues, however, that "inserting the

---

[1] Relatedly, Bussey disputes the affiant's characterization of the document as a "letter," but rather argues it is a "fully executed work contract." Dkt. No. 1237 at 12. The characterization of the document is immaterial to the probable cause analysis. As the affidavit refers to the document as a "letter," the Court will continue to do so.

11

GPS coordinates supplied by Burnam returned a non-existent street address, but whose pin location is directly across the street from 224 Meadow Road." Dkt. No. 1237 at 14. Bussey argues that the failure to explain the disparity between the GPS coordinates and the street address undermines probable cause. <u>Id.</u>

It is unclear from Bussey's argument what omission he believes the affiant made. In any case, the Magistrate Judge explains that Bussey "does not dispute that the physical 224 Meadow Road address was present on both Burnam's letter and Bussey's ETA 9142. The ETA 9142 and the letter expressly listed '224 Meadow Road' as a worksite." Dkt. No. 1218 at 24. Therefore, it was reasonable for agents to rely on the two instances of the 224 Meadow Road street address, rather than the GPS coordinates in Burnam's letter. Bussey has not addressed this point.

The Court concurs with the Magistrate Judge's analysis. 224 Meadow Road was listed on the ETA 9142 and on the Burnam letter, agents conducted a site visit at that address, and agents found no evidence that H-2A workers had ever been requested there. These facts support a finding of probable cause, and Bussey's GPS argument does not identify any material omission that would undermine probable cause.

Finally, Bussey contends that the Magistrate Judge improperly discounts Bussey's argument about the content of Burnam's letter and Burnam's contacts with government agents. Dkt. No. 637 at 9–

10. The Magistrate Judge concludes that none of the letter's content would have undermined probable cause if it had been described more fully in the affidavit. Dkt. No. 1218 at 25-26. Bussey objects, arguing that the letter is more accurately a "fully executed work contract" that both Burnam and the employer signed but Bussey did not. Dkt. No. 1237 at 15. Bussey also argues that investigators' case notes do not reflect any contact between Burnam and Bussey. Id.

Bussey's argument appears to be that if the affidavit explained that Burnam and the employer signed the letter but Bussey did not, there would be no probable cause. In addition, Bussey argues that if the affidavit mentioned that investigators' case notes do not indicate any mention of Bussey in their conversations with Burnam, there would be no probable cause.

Bussey's arguments are unconvincing. If Bussey's proposed changes to the affidavit were made, the affidavit would merely show that the employer signed the letter and that investigators had conversations with Burnam, in which Bussey was not mentioned. These alterations would not materially impact probable cause. Therefore, I overrule Bussey's objections to this portion of the Magistrate Judge's Report and Recommendation.

### C. Bussey's Notice of Deficiency Letter

The affidavit stated that Bussey received a Notice of Deficiency ("NOD") from the Department of Labor because the ETA

13

9142 he submitted "failed to provide proper documentation on the transportation of workers, failed to provide an original surety bond, and failed to provide a current hotel inspection where the workers would stay." Dkt. No. 637-1 ¶ 92. Bussey argues in his Motion that the affidavit should have explained that an NOD is "nothing illegal or unusual." Dkt. No. 637 at 10-11.

The Magistrate Judge explains that Bussey's argument is essentially a request for a more favorable characterization of the NOD process and one that does not materially affect probable cause. Dkt. No. 1218 at 27. The Magistrate Judge also explains that Bussey has not shown that NODs are "standard practice." Id.

In his Objections, Bussey argues that the affidavit erroneously suggested "that the sending of an NOD is a marker of fraud." Dkt. No. 1237 at 17. Bussey also argues that the Magistrate Judge errs in stating that Bussey does not "show that NODs are standard practice or how they are applied in practice." Id.

Bussey's Objections concerning the NOD are not convincing. The affidavit stated that Bussey received an NOD and that he sent documents back that were responsive to the NOD. These facts are undisputed. Bussey has not shown that the affiant was required to characterize NODs as standard practice, as such a characterization is not a material fact. As the Magistrate Judge explains, "[I]nnocent behavior frequently will provide the basis for a

14

showing of probable cause because such a showing only requires a probability or substantial chance of criminal activity, not an actual showing of such activity." Dkt. No. 1218 at 28 (quoting Gates v. Khokhar, 884 F.3d 1290, 1298 (11th Cir. 2018)). Bussey's arguments are grounded in his belief that receiving an NOD is not, in itself, an indicator of fraud. Bussey fails to address, however, that even seemingly innocent behavior can contribute to a finding of probable cause. Bussey's arguments do not demonstrate any material omissions regarding the NOD. Therefore, I overrule Bussey's objection to this portion of the Magistrate Judge's Report and Recommendation.

## CONCLUSION

After conducting an independent and de novo review of the entire record in this matter, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Bussey's Objections.

**SO ORDERED**, this 14 day of May, 2025.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA