UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | 5:21-CR-9-20 |
| BRETT DONAVAN BUSSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT BRETT BUSSEY'S RESPONSE TO THE GOVERNMENT'S COMBINED MOTION IN LIMINE

The government has filed a Combined Motion in Limine, doc # 1318, that appears not to be directed at Mr. Bussey, or the remaining defendants. Rather, it addresses broad issues, and except for argument number 4 below they don't seem relevant to this prosecution. Except as noted below, the Court should deny the motion, or delay ruling until the time when (and if) any actual issue arises.

## I. Introduction.

The government makes a number of general claims which counsel for the denial of the motion. *See Banks v. McIntosh Cnty., Georgia*, 2:16-CV-53, 2022 WL 2758609, at *12 (S.D. Ga. 2022)(observing that "[a] district court may deny a motion *in limine* when it 'lacks the necessary specificity with respect to the evidence to be excluded" (*quoting Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D.

1

Ala. 2001)). Nonetheless, Mr. Bussey endeavors to address the government's claims below.

Mr. Bussey was originally indicted almost 4 years ago, along with 23 others. Doc # 3. He was arraigned on November 18, 2021. Doc # 60. A trimmed down 42-page Superseding Indictment was returned in June 2024 which alleges that from 2015 to October 2021 8 defendants were members of a transnational criminal organization engaging in international forced labor trafficking, mail fraud and money laundering. *See* Doc. # 1012, ¶¶ 1 -9. The superseding indictment alleges that the Defendants mailed false Form 1-129s, Petitions for Nonimmigrant Workers, to the government for foreign workers to enter the United States and fraudulently caused the government to issue over 71,000 H2-A visas, and that the Defendants profited over $200,000,000 from the alleged trafficking. *Id*. at ¶¶ 9, 11. The government charged the defendants with one count of conspiracy to commit mail fraud, one count of conspiracy to engage in forced labor, one count of conspiracy to engage in money laundering, one count of tampering with a witness, six counts of mail fraud, and 25 counts of forced labor. *Id*. at ¶¶ 22-61.

Discovery proceeded apace in this case for more than a year after indictment. The government made the following discovery disclosures, that included multiple Title III intercepts for multiple phones:

# 1 - Discovery Disclosure on April 8, 2022 – Interviews, Petitions, SPLC documents, DOL documents, DOS documents, Financial Documents, HIS documents, Jail Phone calls, Interviews, Police Reports, GDOL Housing Documents, HIS discovery – Phone calls, text messages, synopsis, photographs, sealed pleadings, applications and warrants,

# 2 – Discovery Disclosure on July 11, 2022 – R & F Marketing documents,

# 3 – Discovery Disclosure on July 11, 2022 – DOS documents,

# 4 – Discovery Disclosure on July 11, 2022 – HSI documents, Vol. I,

# 5 – Discovery Disclosure on July 11, 2022 – HSI documents, Vol. II,

# 6 – Discovery Disclosure on Aug. 10, 2022 – HIS documents, Vol. III,

# 7 – Discovery Disclosure on Oct. 10, 2022 – seized documents,

# 8 – Discovery Disclosure on Oct. 10, 2022 – TIII, photographs, Petitions, Ga. Dept of Revenue Documents,

# 9 – Discovery Disclosure on Oct. 10, 2022 - Electronic devices from Defendants,

#10 – Discovery Disclosure on Oct.10, 2022 - Tax documents,

#11 – Discovery Disclosure on Oct. 10, 2022 – Audio Interviews, IMS case reports, ROI, MIO,

# 12 – Discovery Disclosure on Oct. 10, 2022 – DOS, HSI documents,

# 13 – Discovery Disclosure on Feb.21, 2023 – DOL documents, and

# 14 – Discovery Disclosure on Feb 1, 2023 – Interviews and translations. The government represented that the discovery also includes over 100 boxes of documents from searches and the seizure of more than 150 electronic devices. Doc # 424, p. 2.

Pretrial motions hearing occurred before the Magistrate in April 2024. Doc # 270.

## II. Argument and Citation to Authority

### 1. The English Language Transcripts Should be Excluded if Not Previously Disclosed to the Defense.

The government states in its motion in limine that many victims and defendants here speak Spanish and that discovery included recorded conversations in Spanish. Doc # 1318, p. 1. The government adds that it has begun identifying exhibits and preparing relevant transcripts for use at trial. *Id.* In a case that has been pending almost four years, the government then states that it will produce transcripts by October 27, 2025 and requests that the defense be given until November 10, 2025 to provide its own versions of disputed translations and transcripts. Doc 1318, p. 1-2.

After investigating this case for more than 2 years before indictment, doc # 651, p. 9 (the CS recorded Bussey on April 30, 2019), and after having this case under indictment for almost 4 years, the government's proposal violates Mr. Bussey's due process rights under the Fifth Amendment to the

United States Constitution by disclosing evidence to him long after it should have been disclosed. The government has already produced more than 15 terabytes of discovery. Doc # 549, p. 3. Included within that discovery was an entire subset, Discovery 14, that provided translations of interviews. *Id.* The defense will be impaired by the government providing Spanish to English transcripts 6 weeks before trial and long after they were supposed to provide discovery in this matter.

The government's own motion defeats its claim for the government contends that translations are substantive evidence that can be read into evidence and used by the jury during deliberations. Doc # 1318, p. 2.

The government should have disclosed long ago the translations it planned to use under Rule 16(a)(1)(E)(ii)(evidence that the government intends to use in its case in chief) and Local Rule 16B (a)(1)(evidence described in Federal Rule of Criminal Procedure 16(a)(1) ), and the failure to do so should result in excluding that evidence.

Federal Rule Crim Procedure 16(d)(2) provides that the district court has broad discretion in ruling when a party violates provisions of discovery from granting a continuance to prohibiting a party from use of the evidence, to entering an order that is just under the circumstances. Accord *United States v. Kubiak*, 704 F.2d 1545, 1551-52 (11th Cir. 1983)(the trial court may

order a continuance, order the party to permit the discovery, prohibit the party from introducing the evidence, or enter such other order it deems just); *United States v. Young*, 248 F.3d 260, 270 (4th Cir.), *cert. denied*, 533 U.S. 961 (2001)(defense counsel's failure to disclose audiotape of witness violated Rule 16 and warranted sanction of exclusion, where the government was prejudiced by inability to coordinate its case to account for the tape and contents were brought before jury by way of witness's testimony).

The government's late disclosure of English language transcripts not previously disclosed should be excluded.

This portion of the motion in limine should be denied.

### 2. **Evidence or Argument Relating to Potential Sentence.**

Defense counsel understands that he cannot introduce evidence or make arguments relating to the potential penalties that Mr. Bussey faces if a jury convicts him. But in other cases, without issue, counsel has argued that the defendant faces serious charges and that his liberty is at stake. That position is consistent with the law. *United States v. Williams*, 2017 WL 4310712, * 8 (N.D. Cal. September 28, 2017) (it is permissible for the defendant to argue that he faces charges with serious consequences). Making those statements in this case would be appropriate: it would not interject

issues of sentencing or urge the jury to consider issues of innocence or guilt on an improper basis.

### 3. Evidence or Argument Relating to Co-Defendant's Guilty Pleas and Sentencing.

This portion of the government's motion should be denied. The government broadly contends that the fact that co-defendants have pleaded guilty, the nature of the plea agreements, and their sentences have no relevance at trial. Doc # 1318, p. 3-4. The government cites no authority for that proposition, so this motion in limine should be denied. See LR 12.(e). The law is well-settled that "[p]erfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) ("We will not address this perfunctory and underdeveloped argument."). Accord *Michaels v. Sasser's Glass Works Inc.*, 662 F.Supp.3d 1223, 1243-44). And "a skeletal argument" won't do. *United States v. Esformes*, 60 F.4th 621, 635 (11th Cir. 2023).

In the next paragraph, the government cites *United States v. Miranda*, 593 F.2d 590, 594 (5th Cir. 1979), for the proposition that charges against individuals not on trial, are irrelevant and prejudicial. But, in *Miranda*, the government introduced a testifying co-defendant's guilty plea and improperly urged the jury to consider a co-defendant's convictions as proof

7

of the defendant's complicity based in part on evidence not in the record. The old Fifth Circuit, found reversible error when the prosecutor urged the jury to consider the co-conspirator's convictions by an earlier jury as substantive of guilt. *Id.* at 595. The facts of *Miranda* do not support the government's argument here.

This portion of the motion in limine should be denied.

### 4. <u>Reciprocal Discovery.</u>

Mr. Bussey is aware of his reciprocal discovery obligations, and he understands that discovery not previously disclosed is properly excluded. He has no objection to this portion of the government's motion in limine.

Mr. Bussey notes that the goose and gander rule is in effect and that the government's untimely disclosure of translation transcripts should result in their exclusion. *Nat'l Rag & Waste Co. v. United States*, 237 F.2d 846, 846 (5th Cir. 1956) (equality of sauce for goose and gander compels a denial of recovery to the government where it has failed in similar literal, punctilious compliance).

### 5. <u>Self-Authentication Documents.</u>

Again, this portion of the government's motion cites no authority for its exclusion argument related to self-authenticating evidence and should be deemed abandoned.

Counsel assumes that if the government has proper authentications, the evidence will be admitted. Counsel does not plan to lodge frivolous objections. This portion of this motion should be denied.

### III. Conclusion

Based on the reasons and authorities cited above, Mr. Bussey respectfully requests that except for division 4 above, the government's motion in limine be denied.

Respectfully submitted, this the 29th day of September, 2025.

                WITHERS LAW FIRM PC

                ***/s/ Thomas A. Withers, Esq.***
                Thomas A. Withers, Esq.
                Georgia Bar Number: 772250
                Attorney for Defendant Brett Donovan Bussey

8 E. Liberty St
Savannah, Ga. 31401
(912) 447-8400
Email: Twithers@witherslawfirmpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | 5:21-CR-9-20 |
| BRETT DONAVAN BUSSEY, | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

This the 29th day of September, 2025.

                                WITHERS LAW FIRM PC

                                ***/s/ Thomas A. Withers, Esq.***
                                Thomas A. Withers, Esq.
                                Georgia Bar Number: 772250
                                Attorney for Defendant Brett Donovan Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: Twithers@witherslawfirmpc.com