## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.: 5:21-CR-09-20** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BRETT DONOVAN BUSSEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>DEFENDANT'S REQUESTS TO CHARGE</u>

Mr. Bussey files his Requests to Charge consistent with this Court's Criminal

Trial Management Order, doc # 1266, as modified by doc # 1279. Unless otherwise

noted, all requests to charge incorporate the Eleventh Circuit Pattern Instructions

(Criminal), September 2025, accessible at this link:

www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCriminalPatternJuryI
nstructionsRevisedSEP2025.pdf

Mr. Bussey has modified the pattern instructions where necessary to reflect the

allegations in the indictment and has indicated such modification consistent with

the Court's Criminal Trial Management Order.

       This 8th day of October, 2025.

               WITHERS LAW FIRM PC

               ***/s/ Thomas A. Withers, Esq.***
               Thomas A. Withers, Esq.
               Georgia Bar Number: 772250

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: Twithers@witherslawfirmpc.com

2

# TABLE OF CONTENTS

**PRELIMINARY INSTRUCTIONS**

Defendant's Request to Charge No. 1. **P1 Criminal Cases**

**BASIC INSTRUCTIONS**

Defendant's Request to Charge No. 2 **B1 Face Page - Introduction**

Defendant's Request to Charge No. 3 **B2.1 The Duty to Follow Instructions and the Presumption of Innocence**

Defendant's Request to Charge No. 4 **B2.2 The Duty to Follow Instructions and the Presumption of Innocence When a Defendant Does Not Testify**

Defendant's Request to Charge No. 5 **B3 Definition of "Reasonable Doubt"**

Defendant's Request to Charge No. 6 **B4 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

Defendant's Request to Charge No. 7 **B5 Credibility of Witnesses**

Defendant's Request to Charge No. 8 **B6.1 Impeachment of Witnesses because of Inconsistent Statements**

Defendant's Request to Charge No. 9 **B6.2 Impeachment of Witnesses because of Inconsistent Statements or Felony Conviction**

Defendant's Request to Charge No. 10      **B6.3 Impeachment of Witnesses because of Inconsistent Statements (Defendant with no Felony Conviction Testifies)**

Defendant's Request to Charge No. 11 **B7 Expert Witness**

Defendant's Request to Charge No. 12 **B8 Introduction to Offense Instructions**

Defendant's Request to Charge No. 13 **B8.1 Conjunctively Charged Counts**

Defendant's Request to Charge No. 14 **B9.1A Knowingly; Willfully - General**

Defendant's Request to Charge No. 15 **B9.2 On or About a Particular Date**

Defendant's Request to Charge No. 16 **B10.2 Caution: Punishment (Single Defendant, Multiple Counts)**

Defendant's Request to Charge No. 17 **B10.4 Caution: Punishment (Multiple Defendants, Multiple Counts)**

Defendant's Request to Charge No. 18 **B11 Duty to Deliberate**

Defendant's Request to Charge No. 19 **B12 Verdict**

## SPECIAL INSTRUCTIONS

Defendant's Request to Charge No. 20 **S1.1 Testimony of Accomplice, Informer, or Witness with Immunity**

Defendant's Request to Charge No. 21 **S1.2 Testimony of Accomplice or Codefendant with Plea Agreement**

Defendant's Request to Charge No. 22 **S3 Identification Testimony**

Defendant's Request to Charge No. 23 **S7 Aiding and Abetting; Agency 18 U.S.C. § 2**

Defendant's Request to Charge No. 24 **S9 Good-Faith Defense to Willfulness (as under the Internal Revenue Code)**

Defendant's Request to Charge No. 25 **S12 Character Evidence**

Defendant's Request to Charge No. 26 **S17 Good-Faith Defense**

Defendant's Request to Charge No. 27 **S2.1 Confession or Statement of a Single Defendant**

Defendant's Request to Charge No. 28 **S5 Note-taking**

## OFFENSE INSTRUCTIONS

Defendant's Request to Charge No. 29 **O54 Conspiracy to Commit [Mail] Fraud 18 U.S.C. § 1349**

Defendant's Request to Charge No. 30 **O50.1 Mail Fraud 18 U.S.C. § 1341**

Defendant's Request to Charge No. 31 **Conspiracy to Engage in Forced Labor 18 U.S.C. 1594(b)**

Defendant's Request to Charge No. 32  **O74.5 Money Laundering Conspiracy 18 U.S.C. § 1956(h)**

Defendant's Request to Charge No. 33 **O74.1 Money Laundering: Promoting Unlawful Activity 18 U.S.C. § 1956(a)(1)(A)(i)**

Defendant's Request to Charge No. 34 **O74.3 Money Laundering: International Transportation of Monetary Instruments 18 U.S.C. § 1956(a)(2)(A)**

Defendant's Request to Charge No. 35 **O59.2 Tampering with a Witness 18 U.S.C. § 1512(b)(1)**

## TRIAL INSTRUCTIONS

Defendant's Request to Charge No. 36 **T2 Witness's Prior Statement or Testimony Explanatory Instruction**

Defendant's Request to Charge No. 37 **T3 Explanatory Instruction - Transcript of Tape Recorded Conversation**

Defendant's Request to Charge No. 38 **T4 Explanatory Instruction Role of the Interpreter**

Defendant's Request to Charge No. 39 **T6 Forfeiture Proceedings (To be given before supplemental evidentiary proceedings or supplemental arguments of counsel)**

## Defendant's Request to Charge No. 1

### P1
### Preliminary Instructions – Criminal Cases

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial, I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or

disbelieve either kind, and should give every piece of evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

Certain things are not evidence and must not be considered. I will list them for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

7

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

Rules for criminal cases:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove [his/her] innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

<u>Conduct of the jury:</u>

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help ensure a just and fair trial. I will now give you those instructions:

    1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, encrypted-communication apps, or social-networking websites and apps. You may not use any similar social-media technology, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are

doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accordance with your oath and promise, I know you will do so.

<u>Taking notes</u>:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your

memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

<u>Separate consideration for each defendant</u>:

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to a particular defendant and disregard any evidence admitted solely against some other defendant[s]. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant[s].

<u>Course of the trial</u>:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if [he/she] wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

## <u>Defendant's Request to Charge No. 2</u>

**B1**
**Face Page - Introduction**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA

           CASE NO. 5:21-CR-09

-vs-

Brett Donovan Bussey,

<u>COURT'S INSTRUCTIONS</u>
<u>TO THE JURY</u>

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

## Defendant's Request to Charge No. 3

### B2.1
### The Duty to Follow Instructions and the Presumption of Innocence

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## Defendant's Request to Charge No. 4

### B2.2
### The Duty to Follow Instructions and the Presumption of Innocence
### When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A defendant does not have to testify, and you cannot consider in any way the fact that the Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

16

## Defendant's Request to Charge No. 5

### B3
### Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## Defendant's Request to Charge No. 6

### B4
### Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Defendant's Request to Charge No. 7

### B5
### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## Defendant's Request to Charge No. 8

### B6.1
### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

## Defendant's Request to Charge No. 9

### B6.2
### Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement. But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

## Defendant's Request to Charge No. 10

### B6.3
### Impeachment of Witnesses Because of Inconsistent Statements
### (Defendant with No Felony Conviction Testifies)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail. A defendant has a right not to testify.

But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

## Defendant's Request to Charge No. 11

### B7
### Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**<u>Defendant's Request to Charge No. 12</u>**

**B8**
**Introduction to Offense Instructions**

The indictment charges 8 separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendant knowingly and willfully conspired to commit mail fraud, that is to execute and attempt to execute a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, by using the United States mail, for the purposes of executing such scheme and artifice.

But first note that the Defendant is not charged in Count One with committing a substantive offense – he is charged with <u>conspiring</u> to commit that offense.

Counts Two through Five charge the Defendant with what are called "substantive offenses," specifically mail fraud, by knowingly and willfully devising a scheme to defraud by means of false and fraudulent pretenses, representations, and promises, and that he used the U.S. mails for the purposes of executing that scheme to defraud.

Count Six charges the defendant with conspiracy to engage in forced labor to knowingly benefit, financially, or by receiving anything of value, from participation in a venture which had engaged in providing and obtaining labor and services by

unlawfully charging foreign workers to obtain H-2A visas and by unlawfully withholding identification documents, by means of the abuse and threatened abuse of law and legal process and by means of a scheme, plan, and pattern intended to cause foreign workers to believe that, if the foreign workers did not perform such labor and services, that the foreign workers or another person would suffer serious harm or physical restraint, knowing or in reckless disregard of the fact that the venture has engaged in providing or obtaining labor and services by such means.

Again, note that the Defendant is not charged in Count Six with committing a substantive offense – he is charged with conspiring to commit that offense.

Count Thirty Three charges the Defendant with money laundering conspiracy to knowingly and intentionally conspire with others (1) to conduct and attempt to conduct financial transactions affecting interstate commerce, with funds which were proceeds of a specified unlawful activity, that is mail fraud, in violation of Title 18, United States Code, Section 1341, and forced labor, in violation of Title 18, United States Code, Section 1589, and which the defendant knew to be the proceeds of some form of unlawful activity, and (2) to transport cash to a place in the United States from or through a place outside the United States.

Note once again, that the Defendant is not charged in Count Thirty Three with committing a substantive offense – he is charged with <u>conspiring</u> to commit that offense.

Count Thirty-Four charges the defendant with witness tampering by knowingly attempting to intimidate, corruptly persuade, and engage in misleading conduct towards a federal grand jury witness.

## Defendant's Request to Charge No. 13

### B8.1

### Conjunctively Charged Counts

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

## Defendant's Request to Charge No. 14

### B9.1A
### Knowingly; Willfully – General

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

## <u>Defendant's Request to Charge No. 15</u>

### B9.2
### On or About a Particular Date

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

## Defendant's Request to Charge No. 16

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts) (Modified)**

Each count of the indictment charges a separate crime. You must consider each *count* ~~crime~~ and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one *count* ~~crime~~, that must not affect your verdict for any other *count* ~~crime~~.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

*This Request has been modified so that the word "crime" in the first paragraph, is replaced with the word "count" which is in italicized above. As written the Charge presumes a defendant is guilty of a "crime."*

**<u>Defendant's Request to Charge No. 17</u>**

**B10.4**
**Caution: Punishment**
**(Multiple Defendants, Multiple Counts) (Modified)**

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each *count* ~~crime~~ and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty or not guilty of one *count* ~~crime~~, that must not affect your verdict for [any other count ~~crime~~ or] any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty or not guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

*This Request has been modified so that the word "crime" in the first paragraph, is replaced with the word "count" which is in italicized above. As written the Charge presumes a defendant is guilty of a "crime."*

31

## Defendant's Request to Charge No. 18

### B11
### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Defendant's Request to Charge No. 19

### B12
### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

## Defendant's Request to Charge No. 20

### S1.1
### Testimony of Accomplice, Informer, or Witness with Immunity

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

## Defendant's Request to Charge No. 21

### S1.2
### Testimony of Accomplice or Codefendant with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for [his] [her] testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

## Defendant's Request to Charge No. 22

**S3**
**Identification Testimony**

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

1. Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

2. How much time did the witness have to observe the person?

3. How close was the witness?

4. Did anything affect the witness's ability to see?

5. Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

## Defendant's Request to Charge No. 23

### S7
### Aiding and Abetting; Agency
### 18 U.S.C. § 2

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**<u>Defendant's Request to Charge No. 24</u>**

**S9**
**Good-Faith Defense to Willfulness (as under the Internal Revenue Code)**
**(Modified)**

Good-Faith is a complete defense to counts *one through five, and thirty-three in the indictment since good-faith on the part of the Defendant is inconsistent with willfulness, and willfulness is an essential part of counts one through five and thirty-three*. If the Defendant acted in good faith, sincerely believing himself to be exempt by the law *[from the withholding of income taxes]*, then the Defendant did not intentionally violate a known legal duty – that is, the Defendant did not act "willfully." The burden of proof is not on the Defendant to prove good-faith intent because the Defendant does not need to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged.

Intent and motive must not be confused. "Motive" is what prompts a person to act. It is why the person acts.

"Intent" refers to the state of mind with which the act is done.

If you find beyond a reasonable doubt that the Defendant specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the element of "willfulness" is satisfied.

*This charge is also modified to eliminate the last clause – "even if the Defendant believed that violating the law was [religiously, politically, or morally]*

*required or that ultimate good would result" as it does not fit the facts of this case. The italicized section conforms the jury instruction to the allegations in the indictment.*

*Note that count thirty-three does not charge the defendant acted willfully, however, it does charge him with acting intentionally. Doc # 1012, p. 33.*

## **Defendant's Request to Charge No. 25**

### **S12**
### **Character Evidence**

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

## Defendant's Request to Charge No. 26

### S17
### Good-Faith Defense (Modified)

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

*This charge is modified to eliminate the last paragraph which is inapplicable to the facts of this case.*

<u>**Defendant's Request to Charge No. 27**</u>

**S2.1**
**Confession or Statement of a Single Defendant**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

## <u>Defendant's Request to Charge No. 28</u>

### S5
### Note-taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**<u>Defendant's Request to Charge No. 29</u>**

**O54**
**Conspiracy to Commit Mail Fraud**
**18 U.S.C. § 1349**

It's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of mail fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, <u>or</u> that those who <u>were</u> members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud, as charged in the indictment; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

**Defendant's Request to Charge No. 30**

**O50.1**
**Mail Fraud**
**18 U.S.C. § 1341**

It's a Federal crime to [use the United States mail] [transmit something by private or commercial interstate carrier] in carrying out a scheme to defraud someone.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2) the false or fraudulent pretenses, representations, or promises were about a material fact;

(3) the Defendant intended to defraud someone; and

(4) the Defendant used [the United States Postal Service by mailing or by causing to be mailed] [a private or commercial interstate carrier by depositing or causing to be deposited with the carrier] something meant to help carry out the scheme to defraud.

~~[A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers items from one state to another. It doesn't matter whether the message or item actually moves from one state to another as long as the message or item is delivered to the carrier.]~~

47

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact, it is made with intent to defraud, and the speaker either knows it is untrue or makes it with reckless indifference to the truth. It may be false or fraudulent if it is made with the intent to defraud and is a half-truth or effectively conceals a material fact.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent use false or fraudulent pretenses, representations, or promises to cause loss or injury.  Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details about the precise nature and purpose of the scheme or that the material [mailed] [deposited with an interstate carrier] was itself false or fraudulent. It also does not have to prove that the use of

the mail [the interstate carrier] was intended as the specific or exclusive means carrying out the fraud, or that the Defendant did the actual [mailing] [depositing]. It doesn't even have to prove that anyone was actually defrauded.

To "cause" the mail [an interstate carrier] to be used is to do an act knowing that the use of the mail [the carrier] will usually follow in the ordinary course of business or where that use can reasonably be foreseen.

Each separate use of the mail [an interstate carrier] as part of the scheme to defraud is a separate crime.

*This instruction in modified by eliminating the interstate carrier language to conform to the allegations in the indictment.*

**Defendant's Request to Charge No. 31**

**Conspiracy to Engage in Forced Labor**

**18 U.S.C. § 1594(b) and § 1589(b)**

It's a Federal crime to conspire with another to knowingly benefit, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means.

18 U.S.C.A. § 1589 (b)

The government must prove each of the following elements beyond a reasonable doubt:

1)  First, that the defendant conspired with another to knowingly benefit financially, or receive anything of value, from participation in a venture.

2)  Second, that the defendant obtained the labor or services of another person – as alleged in the indictment - victim 65, victim 66, victim 2, victim 8, victim 9, victim 10, or victim 12.

3)  Third, that the defendant did so through one of the following prohibited means:

(a) through threats of force, physical restraint against, or threats of physical restraint to that person, or another person,

(b) serious harm or threats of serious harm to that person, or another person,

(c) the abuse or threatened abuse of law or legal process, or

(d) through a scheme, plan or pattern intended to cause the person to believe that serious harm to, or physical restraint against, that person or any other person would result if she did not perform the labor or services required of her; and

4) Fourth, that the defendant acted knowingly.

~~You do not need to agree unanimously on which of the 4 prohibited means the defendant committed.~~

Model Crim. Jury Instructions, 9th Cir. 24.28 (2025) for 18 U.S.C.A. § 1589 (a). *See United States v. Barai*, 55 F.4th 1245, 1249–53 (9th Cir. 2022) (affirming district court's use of substantially similar jury instruction).

*The Ninth Circuit Model Instruction has been modified to insert the conspiracy language from 18 U.S.C.A. § 1589 (b), the charged offense - that the defendant must have conspired with another to knowingly benefit, financially or by receiving anything of value, from participation in a venture.*

*The Ninth Circuit Model Instruction has also been modified to eliminate the last paragraph as indicated as it lessens the government burden of proof as to the prohibited means.*

**Defendant's Request to Charge No. 32**

**O74.5**
**Money Laundering Conspiracy**
**18 U.S.C. § 1956(h) (modified)**

It's a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section [1956 or 1957].

Describe the elements of the relevant provision of 18 U.S.C. §1956 money laundering ~~or 18 U.S.C. §1957 (transactions involving the proceeds of specified unlawful activity).]~~

*Insert Instructions O74.1 Promoting Unlawful Activity 18 U.S.C. § 1956(a)(1)(A)(i) and O74.3 Money Laundering: International Transportation of Monetary Instruments 18 U.S.C. § 1956(a)(2)(A) here.*

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful

plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956 ~~or 1957~~]; and

(2) the Defendant knew about the plan's unlawful purpose and voluntarily joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and voluntarily joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

*Modified to conform to the allegations in the indictment.*

## Defendant's Request to Charge No. 33

### O74.1
### Promoting Unlawful Activity
### 18 U.S.C. § 1956(a)(1)(A)(i)
### (modified to conform to the indictment)

*One of the objects of the money laundering conspiracy alleged in the indictment is to engage in a violation of 18 U.S.C. 1956 (a)(1)(A)(i).*

That statute provides that it is a Federal crime to knowingly engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly conducted or tried to conduct financial transactions;

(2) the Defendant knew that the money or property involved in the transaction were the proceeds of some kind of unlawful activity;

(3) money or property did come from an unlawful activity, specifically *[mail fraud in violation of 18 U.S.C. § 1341 and forced labor in violation of 18 U.S.C. § 1589;* and

(4) the Defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

~~or~~

~~[(4) the Defendant participated in the transaction to avoid a transaction-reporting requirement under state or Federal law.]~~

To "conduct a transaction" means to start or finish a transaction, or to participate in a transaction at any point.

A "transaction" means a purchase, sale, loan, promise, gift, transfer, delivery, or other disposition of money or property. A transaction with a financial institution also includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, use of a safe deposit box, or purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument.

A "financial transaction" means –

a transaction that in any way or to any degree affects interstate or foreign commerce by sending or moving money by wire or other means.

~~or~~

~~[a transaction that in any way or to any degree affects interstate or foreign commerce by involving one or more "monetary instruments." The phrase "monetary instruments" includes coins or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in a form that allows ownership to transfer on delivery.]~~

~~or~~

~~[a transaction that in any way or to any degree affects interstate or foreign commerce by involving the transfer of title to any real property, vehicle, vessel or aircraft.]~~

~~or~~

~~[a transaction involving the use of a financial institution that is involved in interstate or foreign commerce, or whose activities affect, interstate or foreign commerce in any way or degree. The phrase "financial institution" includes [give appropriate reference from 31 U.S.C. § 5312(a)(2) or the regulations thereunder]].~~

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States.

To know "that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that's a felony under state, Federal, or foreign law.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

*The phrase "specified unlawful activity" means mail fraud in violation of 18 U.S.C. § 1341 and conspiracy to commit forced labor in violation of 18 U.S.C. § 1589(b) as alleged in the indictment.*

~~[A "transaction reporting requirement" means a legal requirement that a domestic financial institution must report any transaction involving a payment, receipt, or transfer of United States coins or currency totaling more than $10,000.~~

But personal or cashier's checks, wire transfers, or transactions involving other monetary instruments do not have to be reported.]

[A "transaction-reporting requirement" means a legal requirement that a person who causes or attempts to cause the transportation, mailing, or shipment of currency [or [description of other reportable instruments from the indictment]] totaling more than $10,000 at one time from a place inside the United States to a place outside the United States or from a place outside the United States to a place inside the United States.]

[A "transaction reporting requirement" means a legal requirement that a person engaged in a trade or business who in the course of that trade or business receives currency totaling more than $10,000 in a single transaction or in two or more related transactions must file a report with the Internal Revenue Service.]

**Defendant's Request to Charge No. 34**

**O74.3**
**Money Laundering: International**
**Transportation of Monetary Instruments**
**18 U.S.C. § 1956(a)(2)(A) (modified)**

*One of the objects of the money laundering conspiracy alleged in the indictment is to engage in a violation of 18 U.S.C. 1956 (a)(2)(A).*

It's a Federal crime to knowingly engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) *the Defendant knowingly transported cash to a place in the United States from or through a place outside the United States*; and

(2) the Defendant acted with the intent to promote the carrying on of specified unlawful activity.

To "transport, transmit, or transfer" includes all means to carry, send, mail, ship, or move money. It includes any physical means of transferring or transporting funds, and also electronic transfer by wire or computer or other means.

It doesn't matter whether the monetary instrument or money involved in this case was derived from criminal activity. ~~It could be legitimately earned income [even money provided by a government agent in the course of an undercover operation].~~

A "monetary instrument" includes the coin or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in a form that allows ownership to transfer on delivery.

The term "specified unlawful activity" means *mail fraud in violation of 18 U.S.C. § 1341 and forced labor in violation of 18 U.S.C. § 1589* as alleged in the indictment.

The term "with the intent to promote the carrying on of specified unlawful activity" means that the Defendant must have [conducted] [attempted to conduct] the financial transaction for the purpose of making easier or helping to bring about the "specified unlawful activity" as just defined.

[To "attempt" an act means to intentionally take some substantial step toward accomplishing the act so that the act will occur unless something happens to interrupt or frustrate it.]

*Modified to conform to the allegations in the indictment.*

**<u>Defendant's Request to Charge No. 35</u>**

**O59.2**
**Tampering with a Witness**
**18 U.S.C. § 1512(b)(1) (Modified)**

It's a Federal crime to use intimidation, *corruptly persuades, or engages in misleading conduct toward another person* [use physical force] [threaten another person] with intent to influence, delay, and prevent the testimony of a witness in any proceeding in this Court.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the persons described in the indictment was *scheduled to be a witness in this before the federal grand jury*;

(2) the Defendant used intimidation, corruptly persuaded and engaged in misleading conduct toward those persons; and

(3) the Defendant acted knowingly and intended to influence, delay, and prevent the witness's testimony.

To "intimidate" someone is to intentionally say or do something that would cause an ordinary person to fear bodily harm. But the Government doesn't have to prove that the witness was actually frightened or that the Defendant's behavior was likely to cause terror, panic, or hysteria.

To act with intent to "influence" a witness's testimony means to try to get the witness to change or color or shade the witness's testimony in some way. But the

Government doesn't have to prove that the witness's testimony was actually changed in any way.

*Modified to conform to the allegations in the indictment.*

## Defendant's Request to Charge No. 36

### T2
### Witness's Prior Statement or Testimony
### Explanatory Instruction

Members of the Jury: If a witness is questioned about earlier statements or testimony the witness made, the questioning is permitted to aid you in evaluating the truth or accuracy of the witness's testimony at this trial.

A witness's earlier testimony or statements are not ordinarily offered or received as evidence of their truth or accuracy. They are pointed out to give you a comparison and to help you decide whether you believe the witness's testimony.

Whether those prior statements are consistent or inconsistent with the witness's trial testimony is entirely up to you.

I'll give you additional instructions at the end of the trial about a number of things you may consider to determine the credibility or believability of the witnesses and the weight to give their testimony.

**<u>Defendant's Request to Charge No. 37</u>**

**T3**
**Explanatory Instruction**
**Transcript of Conversation**

Members of the Jury: Exhibit _____ has been identified as a transcript [and partial translation from Spanish into English] of the oral conversation heard on the tape recording received in evidence as Exhibit _____. [The transcript also purports to identify the speakers engaged in the conversation.]

I've admitted the transcript for the limited purpose of helping you follow the content of the conversation as you listen to the tape recording [, particularly those portions spoken in Spanish,] [and also to help you identify the speakers.]

But you are specifically instructed that whether the transcript correctly reflects the content of the conversation [or the identities of the speakers] is entirely for you to decide based on your own evaluation of the testimony you have heard about the preparation of the transcript.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

**<u>Defendant's Request to Charge No. 38</u>**

**T4**
**Explanatory Instruction**
**Role of the Interpreter**

We seek a fair trial for all regardless of what language they speak. We are going to have an interpreter assist us through these proceedings, and you should know what [she] can do and what [she] cannot do. Basically, the interpreter is here only to help us communicate during the proceedings. [She] is not a party in the case, has no interest in the case, and will be completely neutral. Accordingly, [she] is not working for either party. The interpreter's sole responsibility is to enable us to communicate with each other.

Treat the interpreter of the witness's testimony as if the witness had spoken English and no interpreter was present. Do not allow the fact that testimony is given in a language other than English influence you in any way.

If any of you understand the language of the witness, disregard completely what the witness says in [her] language. Consider as evidence only what is provided by the interpreter in English. If you think an interpreter has made a mistake, you may bring it to the attention of the Court, but you should make your deliberations on the basis of the official interpretation.

**Defendant's Request to Charge No. 39**

**T6**
**Forfeiture Proceedings**
(To be given before supplemental
evidentiary proceedings or
supplemental arguments of counsel)
**(Modified)**

Members Of The Jury: Your verdict in this case doesn't complete your jury service as it would in most cases because there is another matter you must now consider.

You must decide whether the Defendant, Brett Bussey, should forfeit certain money or property to the United States as a part of the penalty for the crime charged in the indictment.

In a portion of the indictment not previously discussed or disclosed to you, it is alleged that the Defendant got certain money or property from committing the offense charged in *Counts two through five, and thirty three.* In view of your verdict finding the Defendant guilty of that *Count* _____, you must also decide whether the money or property should be forfeited to the United States.

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by the law for certain criminal offenses.

To decide whether money or property should be forfeited, you should consider all the evidence you have already heard plus any additional evidence that will be presented to you after these instructions.

A copy of the forfeiture allegations of the indictment will be given to you to consider during your supplemental deliberations. It describes in particular the money or property allegedly subject to forfeiture to the United States as follows:

> any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation, and any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of said violation(s), and any property traceable to such property.

Doc # 1012, p. 40.

To be entitled to the forfeiture of any of those items, the Government must have proved beyond a reasonable doubt:

> That the money to be forfeited constitutes the proceeds the Defendant obtained directly or indirectly as the result of the crime charged in Counts two through five and thirty-three of the indictment.

Upon a conviction of *count six*, the government alleges that the following money or property is allegedly subject to property:

> any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation, and any property, real or personal, that was involved in, used, or intended to be used to commit

or to facilitate the commission of said violation(s), and any property

traceable to such property.

Doc # 1012, p. 40.

To be entitled to the forfeiture of any of those items, the Government must

have proved beyond a reasonable doubt:

That the money to be forfeited constitutes the proceeds the Defendant
obtained directly or indirectly as the result of the crime charged in *Count six*
of the indictment.

A "preponderance of the evidence" simply means an amount of evidence that

is enough to persuade you that a claim or contention is more likely true than not true.

To be "derived" from something means that the money or property under

consideration must have been formed or developed out of the original source so as

to be directly descended from that source.

To be "traceable" to something means that the [money or] property under

consideration must have followed an ascertainable course or trail in successive

stages of development or progress from the original source.

To "facilitate" the commission of an offense means to aid, promote, advance,

or make easier, the commission of the act or acts constituting the offense. There must

be more than an incidental connection between the property and the offense for you

to find that the property facilitated, or was intended to facilitate, committing the

offense. But the property doesn't have to be essential to committing the offense, nor

does the property have to have been used exclusively to commit the offense or as the exclusive means of committing the offense. Property used to facilitate an offense can be in virtually any form.

While deliberating concerning the issue of forfeiture you must not reexamine your previous determination regarding the Defendant's guilt. But all the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations. The specific instructions I gave you earlier concerning Counts two through five, six, and thirty-three also continue to apply.

*Modified to conform to the allegations in the indictment.*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

UNITED STATES OF AMERICA  )      CASE NO.: 5:21-CR-09-20
                  )
     vs.              )
                  )
BRETT DONOVAN BUSSEY,    )
                  )
     Defendant.       )

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties here in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 8th day of October, 2025.

WITHERS LAW FIRM PC

*/s/ Thomas A. Withers, Esq.*
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Defendant Brett D. Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: Twithers@witherslawfirmpc.com